The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>HENRY ROSENAU<br><br>Defendant. | NO. CR06-157 MJP<br><br>JOINT MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DATE<br><br>**NOTED: June 3, 2011** |

The Defendant, Henry Rosenau, by and through his attorney of record, Craig Platt, and the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney for said District, files this Joint Motion to Continue Trial Date and Pretrial Motions Date. As set forth below, the parties respectfully request that trial date be continued to a date in November 2011, convenient for the Court, and that the pretrial motions be continued to September 12, 2011, or as set by the Court. There have been no previous requests for a continuance in this matter.

1

**JOINT MOTION TO CONTINUE
ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

**FACTS**

The Defendant, Henry Rosenau, is currently charged in a Superseding Indictment, filed September 17, 2008, with three counts: Count 1 of Conspiracy to Import Marijuana (1,000 Kilograms or more) in violation of Title 21, United States Code, Sections 952, 960(a)(1), 960(b)(1)(G), and 963; Count 2 of Conspiracy to Distribute Marijuana (1,000 Kilograms or more) in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846; and Count 3 of Possession of Marijuana with Intent to Distribute (100 Kilograms or more) in violation of Title 21, United Sates Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

Mr. Rosenau contested extradition from Canada on this matter from September 2008 until April 2011.  On April 25, 2011, when he had exhausted his remedies in British Columbia and the Canadian Supreme Court ruled, he turned himself in to the Canadian authorities.  He was transported to Seattle for his Initial Appearance on April 28, 2011.  Neither the government nor defendant had prior notice that his Extradition would be ordered at that time.  His matter had been pending in the Canadian Supreme Court for some time.

Defense counsel was appointed at the initial appearance and had no prior knowledge of the defendant, the related cases, or the facts and circumstances underlying this case.

Mr. Rosenau was released upon entry of an Appearance Bond at his Detention Hearing on May 4, 2011, and his adjustment on release, to date, has been positive.  He is currently supervised by Julie Busic from Pre-Trial Services, in conjunction with local Canadian authorities, and is residing at his residence in Qesnel, British Columbia, which is located nearly

2

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

500 miles north of Seattle.   The ten hour drive between Quesnel and Seattle is an impediment to easy access for the defense counsel.  The defendant and his counsel will manage; however, the time and distance between the two does increase the time necessary to build an attorney-client relationship and for discussion and examination of the evidence.

The government has filed a Notice of Related Cases which lists several cases and twelve other defendants related to this matter. (The Court has not yet notified counsel if the case will be reassigned).  The government notes that it has identified a large number of suspected participants who allegedly conducted a large scale and long term smuggling operation involving the transportation of allegedly substantial quantities of marijuana from British Columbia to the United States and that it anticipates some of the listed, related defendants, as well as witnesses from those cases, will be called by the government at this trial.  Those cases all date from 2005 to 2007.  The government is working diligently to review those files and locate the witnesses but many have moved, have served their prison terms and been released, or have left the United States.

This is a complex case involving dozens of events and witnesses which occurred in 2004 and 2005. The length of time involved in locating, interviewing, and then determining the current relevance of each event and witness is significantly greater than in the usual cases before the Court.  Further, the Government's investigation did not cease in 2005 or even in 2008 at the time of the Superseding Indictment.  Therefore, the defense finds that the government intends to offer more testimony and evidence than was known at the time of the Extradition Request.

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

1   The Discovery in this case is substantial and the provision of discovery to the Defendant

2   is ongoing.  The Defendant diligently requested discovery, beginning with his Initial Appearance

3   on April 28, 2011, and again at his Detention Hearing on May 4, 2011.  The Government has

4   responded to these requests by providing a significant amount of discovery, including over 1,000

5   pages of discovery to date. The parties have held two Discovery Conferences already, on May 13

6   and on May 18, during which the government has provided the 1,000 pages of discovery and six

7   other discs containing many hours of surveillance footage and investigative recordings.

8

9   In addition to meeting twice, counsel for the parties have exchanged several

10   emails discussing ongoing discovery, potential witnesses and additional future Discovery

11   meetings.   The government and its agents continue to review archived files, as the files arrive,

12   for related materials, including *Brady* and *Giglio* materials.  Related defendants and witnesses

13   proffered, testified, or made statements in other investigations and the government is attempting

14   to obtain and provide every one of the reports or transcripts. This takes time and is not complete

15   even though the agents are being diligent.

16   The investigation of this and the multiple related cases involves several governmental

17   agencies in both the United States and Canada.  Therefore, additional discovery is being located

18   and obtained from these numerous agencies and provided to the defense on a 'rolling basis.'

19   Since there are several related cases, dating back many years, with witnesses and attorneys in a

20   wide-spread geographic area, the Government is endeavoring to locate as much discovery as

21   possible given the age and complexity of the investigation.  It is anticipated that substantial

22   additional discovery exists, which is currently being identified and located by the Government.

23
24
25
26
27
28

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

As noted, there are many potential witnesses who must be interviewed in order to prepare this matter for trial. These witnesses are not all readily available, and even those that are available are spread out over a large geographic area. Particularly problematic is that several reside in British Columbia and some have their own counsel. These are necessary and essential witnesses who have specific, first-hand information about the defendant and the cross-border incidents. Only one, to date, has indicated he will voluntarily comply with a request to meet in Canada. The Government is working to obtain access to other Canadian witnesses as they are located. The Government plans to file motions for CrR 15 depositions for the Canadian witnesses, as needed. Before these depositions can be conducted it will be necessary for the defense to obtain full discovery, investigate the factual allegations, and prepare for examination. Some of the relevant documents are in Canada and/or are Canadian governmental records. It may be necessary to obtain those through an MLAT although the government is attempting to use faster, albeit official, channels at this time. The defendant has not yet identified Canadian records important to his defense, but it can be assumed that some records may be exculpable.

The Defendant, Henry Rosenau, faces significant criminal penalties if convicted of the alleged offences. For example, the Government argued at his Detention Hearing on May 4, 2011, that he faces a mandatory minimum sentence of ten years due to the quantity of marijuana (over 1,000 kilograms) alleged in the Superseding Indictment. Defense counsel would benefit from additional time to review the discovery materials, both in order to advise Mr. Rosenau regarding his case, and in order to conduct follow up investigations in preparation for trial.

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

**LAW**

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a trial shall commence within seventy days from the filing date of an indictment or from the date the defendant has appeared before the Court, whichever date last occurs.  See 18 U.S.C. §§ 3161(c)(1).   The Speedy Trial Act also provides that certain periods of delay are excludable time for purposes of the Speedy Trial Act.  See 18 U.S.C. § 3161(h). Section 3161(h) outlines periods of excludable time, including:

> (3)(A) Any period of delay resulting from the absence of unavailability of . . . an essential witness.

> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Subsection (7)(B), lists non-exclusive factors which the Court may consider when determining whether the grant the continuance.  Some of those non-exclusive factors are:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)  Whether the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for

6

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

1   pretrial proceedings or for the trial itself within the time limits
established by this section.

2   and

3

4   (iv)   Whether the failure to grant such a continuance in a case which,
taken as a whole, is not so unusual or so complex as to fall within

5   clause (ii), would deny the defendant reasonable time to obtain
counsel, would unreasonably deny the defendant or the

6   Government continuity of counsel, or would deny counsel for the
defendant or the attorney for the Government the reasonable time

7   necessary for effective preparation, taking into account the
exercise of due diligence.

8

9

10   Another period of excludable time is:

11   Any period of delay, not to exceed one year, ordered by a district court
upon an application of a party and a finding by a preponderance of the

12   evidence that an official request, as defined by section 3292 of this title,
has been made for evidence of any such offense and that it reasonably

13   appears, or reasonably appeared at the time the request was made, that
such evidence is, or was, in such foreign country.

14

15

16   18 U.S.C. § 3161(h)(9).  Section 3292 of Title 18 provides in pertinent part that an

17   "'official request' means a letter rogatory, a request under a treaty or convention, or any other

18   request for evidence made by a court of the United States or an authority of the United States

19   having criminal law enforcement responsibility, to a court or authority of a foreign country."

20   See 18 U.S.C. § 3292.

21

22   Complex issues of law are presented in this case.  First, there are comparative law

23   questions with respect to the coordinated investigation and prosecution of these charges across

24   national boundaries, including, but not limited to, the resolution of conflict of laws governing

25   search and seizure between the two countries, and the resolution of how U.S. Constitutional

26

27                                          7

28   **JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

1   protections apply to the actions of Canadian authorities, acting at the request of United States'

2   governmental agencies.  Similarly, there are potentially complex issues relating to the processing

3   of Mr. Rosenau's extradition over the past several years, including, but not limited to, the issues

4   of the Rule of Specialty and Abuse of Process in the extradition context. The government is

5   attempting to obtain foreign evidence from Canada through official channels and will resort to

6   MLAT requests if necessary.  However, such requests take several months to process in Canada.

7   The parties believe that the necessary foreign evidence will not be available for several months.

8   Courts have granted requests to continue where the government has filed an MLAT request with

9   a foreign country.  See, e.g., United States v. Schlei, 122 F.3d 944, 984-86 (11th Cir. 1997)

10  (where government sought to depose witnesses in Japan, speedy trial clock was tolled pursuant

11  to 18 U.S.C § 3161(h)(9));  United States v. Wardrick, 141 F.3d 1161, 1998 WL 169223, at *7-8

12  (4th Cir. Apr. 13, 1998) (unpublished) (affirming five-month continuance of trial date pursuant

13  to 18 U.S.C. § 3161(h)(9) where government had sought to obtain evidence from Pakistan);

14  United States v. Maksimenko, No. Crim. 05-80187, 2005 WL 1038784, at *1 (E.D. Mich. April

15  26, 2005) (granting a five-month continuance of the trial date pursuant to 18 U.S.C. § 3161(h)(9)

16  due to government's MLAT request to the Ukraine); United States v. Serna, 630 F. Supp. 779,

17  783-84 (S.D.N.Y. 1986) (government was entitled to exclusion of time up to one year pursuant

18  to 18 U.S.C. § 3161(h)(9) to obtain wiretap evidence from Spain); cf. United States v. Messner,

19  197 F.3d 330 (9th Cir. 1999) (delay was unreasonable under the circumstances where trial was

20  continued five times, resulting in a delay of 21 months, of which a year was due to a continuance

21  granted pursuant to 18 U.S.C. § 3161(h)(7); in ruling, Court focused on delay attributable to

8

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

§ 3161(h)(7) and did not consider other portion of delay attributable, in part, from a request made pursuant to 18 U.S.C. § 3161(h)(9)).

**CONCLUSION**

The parties agree that (a) the failure to grant a continuance in this case will deny defense counsel the reasonable time necessary for the effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendants in a speedy trial; (c) the failure to grant a continuance in this proceeding will likely result in a miscarriage of justice; and, (d) the nature of the case is particularly complex and involves novel issues of fact and law, so that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial itself within the time limits established by and within the meaning of 18 U.S.C. Sec. 3161(h)(7)(A), (B)(i), (B)(ii), and (B)(iv).

Counsel has discussed the proposed continuance and speedy trial rights with Mr. Rosenau, and he is in agreement with this request for a continuance, and will execute a speedy trial waiver to December 1, 2011, which will be filed with the court.

Based on the foregoing, the Parties respectfully request that the Court find that the ends of justice served by continuing the trial date until at least November 2011 outweigh the best interests of the public and the Defendant in a speedy trial. It is further requested that the Court find, for the purpose of computing the time limitations imposed the Speedy Trial Act, that the period of delay until the new trial date is excludable pursuant to 18 U.S.C. Sections 3161(h)(7)(A), (B)(ii) and (B)(iv).

9

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323

Furthermore, as discussed above, the parties ask that the trial date be continued to a date in November 2011, and that the pre trial motions date be continued to mid-September 2011.

Respectfully submitted this 20th day of May, 2011

Dated:          5/20/11                          *s/ Craig Platt* (by e-mail authrozation)
                                                 CRAIG PLATT
                                                 Attorney for Henry Rosenau
                                                 P.O. Box 727
                                                 Coupeville, WA 98239
                                                 Telephone:  (360) 678.6777
                                                 Fax:  (360) 678.0323
                                                 E-mail:  craig@plattbuescher.com

Dated:          5/20/11                          *s/Susan Roe*
                                                 SUSAN ROE
                                                 Assistant United States Attorney
                                                 700 Stewart Street, Suite 5220
                                                 Seattle, WA 98101-1271
                                                 Telephone: (206) 553-1077
                                                 Fax:  (206) 553-0755
                                                 E-mail: Susan.Roe@usdoj.gov

10

**JOINT MOTION TO CONTINUE
ROSENAU NO. CR06-157 MJP**

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA 98239-0727
(360) 678-6777
Fax (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

_s/Rachel Lynch_
RACHEL LYNCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4214
FAX:   (206) 553-0755
E-mail: rachel.lynch@usdoj.gov

**JOINT MOTION TO CONTINUE**
**ROSENAU NO. CR06-157 MJP**

11

*PLATT & BUESCHER*
Attorneys at Law
180 NW Coveland
P.O. Box 727
Coupeville, WA  98239-0727
(360) 678-6777
Fax (360) 678-0323