The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HENRY C. ROSENAU,<br><br>　　　　　　　　Defendant. | NO. CR06-157MJP<br><br>GOVERNMENT'S MOTION FOR AUTHORIZATION OF WITNESS DEPOSITION<br><br>Noted: August 19, 2011<br>No oral argument requested |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney for said District, moves this Court for an order granting leave to take depositions of essential witnesses in Canada.

I.    **Background**

In 2004 through 2006, federal ICE agents conducted a vigorous and targeted investigation of drug and money smuggling along the Canadian -United States border in the Western United States.  They found significant smuggling by air, primarily by the use of helicopters.  Several federal criminal cases arose from these investigations, including *United States v. Miraback*, CR05-5704, *United States v. Birgis Brooks*, CR05-176, *United States v. Schouten & Fews*, CR05-406,  *United States v. Whelpley*, CR05-407, *United States v. Alexander Swanson*, CR05-408, *United States v. Timothy Smith*, CR06-052, *United States v. David Mendoza*, CR06-466,  *United States v. Renner et al*, CR07-331,

GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*United States v. Clay Roueche et al*, CR07-344, and cases from the Eastern District of Washington, *United States v. Joseph Curry* and *United States v. Dustin Haugen*, as did this case against Mr. Rosenau.

In 2006, Henry Rosenau was indicted in this district for conduct prior to and up through September 21, 2005. A Canadian citizen, Mr. Rosenau resided in Canada at all times during and after the charging period. A Superseding Indictment was returned on September 17, 2008, charging the defendant with Conspiracy to Import more than 1,000 kilograms of Marijuana - Count 1, Conspiracy to Distribute more than 1,000 kilograms of Marijuana - Count 2, and Possession with Intent to Distribute more than 100 kilograms of Marijuana - Count 3.

Following the Superseding Indictment, the United States requested his extradition through the appropriate diplomatic channels. Mr. Rosenau's extradition was ordered on December 15, 2009, but was stayed during the pendency of his appeal. On April 28, 2011, the Government of Canada finally granted the extradition and surrendered Mr. Rosenau to the United States.

Mr. Rosenau first appeared in this District on April 28, 2011, has been on pretrial release to his British Columbia home since May 4, 2011, and trial is set for November 7, 2011.

Not surprisingly, some of the government's witnesses are in Canada. None have been detained as material witnesses. This motion is in regards to one of the Canadian witnesses.

**II.    Law Relevant to the Motion and Argument**

The Court may authorize depositions of witnesses in Canada. Federal Rule of Criminal Procedure 15 set forth the procedure for taking depositions of witnesses under certain circumstances. Rule 15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition, any designated book, paper, document, record, recording, or data.

GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

And the deposition may be used as evidence at a trial in accordance with Federal Rules of Evidence. See Rule 15(f).

Rule 15(b) sets out the Notice requirements a deposing party must give; subsection (c)(2) provides that an out-of-custody defendant has the right to be present unless he voluntarily absents himself. If the government tenders a defendant's costs to attend and he fails, he waives the right to appear and any objection to the use of the deposition. Subsection (d) directs the government to pay reasonable travel and subsistence costs for the defendant and his attorney. Subsection (e) addresses the manner of taking the deposition.

Whether the court grants the motion to depose witnesses in a criminal matter is discretionary. *United States v. Omene,* 143 F. 3d 1167, 1170 (9th Cir. 1998). The court noted:

> Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial. *Omene*, at 1170.

In the case at bar, the government moves for the deposition of a witness who was a criminal cohort of the defendant during 2004 and 2005. This Canadian witness, Kip John Whelpley, entered a guilty plea, was sentenced and completed his term of imprisonment while Mr. Rosenau's extradition appeal was pending. Upon release from federal custody, Mr. Whelpley returned to Canada. He has no legal standing in, or interest in returning to, the United States. Mr. Whelpley testified before a Federal Grand Jury before his deportation and the parties know that his testimony is relevant and material to this case.

The undersigned has been in contact with Mr. Whelpley's local attorney, Bruce Erickson, who represents that Mr. Whelpley is willing and available to be deposed so long as the deposition takes place in Canada.

The government moves for an Order directing the deposition of Mr. Whelpley in Canada. The defendant is out of custody, living in Canada and should be able to attend without difficulty. The government will absorb the reasonable travel expenses for the

GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  defendant, his federal criminal attorney, the witness and his attorney to attend the deposition
2  as well as the costs of the deposition itself.  Additionally, the taking of the deposition should
3  not affect the trial date of November 7, 2011.
4      The government believes the date, time and place of the deposition may be worked out
5  between the parties once the deposition is authorized.
6      DATED this 11th day of August, 2011.

7  Respectfully submitted,

8  JENNY A. DURKAN
9  United States Attorney

11  s/ Susan M. Roe
12  SUSAN M. ROE
    Assistant United States Attorney
13  WSBA #13000
    United States Attorney's Office
14  700 Stewart, Suite 5220
    Seattle, Washington  98101-1271
15  Telephone: (206) 553-1077
16  Fax: (206) 553-4440
    E-mail: Susan.Roe@usdoj.gov

GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on 8/11/11, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

*s/Rachel Lynch*
RACHEL LYNCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4214
FAX:   (206) 553-0755
E-mail: rachel.lynch@usdoj.gov

GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 5
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970