The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY C. ROSENAU<br><br>    Defendant. | NO. CR06-157MJP<br><br>BRIEF IN OPPOSITION TO GOVERNMENT'S MOTION FOR AUTHORIZATION OF WITNESS DEPOSITION<br><br>Noted: August 19, 2011<br><br>**ORAL ARGUMENT REQUESTED** |

The DEFENDANT, by and though his counsel of record, CRAIG PLATT, hereby files this brief in opposition to the Government's motion for authorization of witness deposition.

## I.   BACKGROUND

The Government filed a motion for authorization of witness deposition on August 11, 2011.  The Government cites Federal Rule of Criminal Procedure 15 and *United States v. Omene* in support of the position that the District Court should grant leave to take the deposition of one witness, Kip John Whelpley (hereinafter "Whelpley"), in Canada.  Pl. Mot. Dep. 2-3.  The Defense objects to the Government's motion.

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 1
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

## II. INTRODUCTION

Federal Rule of Criminal Procedure 15 requires a showing of "exceptional circumstances" before the court may grant a motion for authorization of witness deposition. The moving party bears the burden of showing the existence of exceptional circumstances. The Government has failed to show the existence of exceptional circumstances that justify a deposition of Whelpley. Moreover, countervailing factors and compelling Constitutional concerns exist which make the deposition unjust to the nonmoving party. The District Court must deny the Government's motion for authorization of witness deposition.

## III. LAW AND ARGUMENT

**a. No Exceptional Circumstances**

In criminal cases depositions are proper only in the *very limited circumstances* prescribed by Federal Rule of Criminal Procedure 15. *United States v. Rich*, 580 F.2d 929, 934 (9th Cir. 1978)(emphasis added). The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Kelley*, 36 F.2d 1118 (D.C. Cir. 1994)(citing *United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1110 (1988)); *accord United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993).

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of *exceptional circumstances* and in the interest of justice. Fed. R. Crim. P. 15(a)(1)(emphasis added). Whether to grant or deny a motion to depose a proposed witness in a criminal matter is discretionary. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998)(citing *Furlow v. United States,* 644 F.2d 764, 767

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

(9th Cir.1981). The District Court should consider the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied. *Omene*, 143 F.3d at 1170 (citing *United States v. Farfan-Carreon,* 935 F.2d 678, 679 (5th Cir.1991)).

The exceptional circumstances requirement necessitates more than a mere claim that a potential witness lives in another jurisdiction and claims no interest in returning. *See United States v. Sines*, 761 F.2d 1434 (9th Cir. 1985)(exceptional circumstances where deponent would likely be incarcerated in Thailand for a significant number of years and would not be permitted to leave that country to testify against the defendant); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981)(District Court for the Eastern District of Washington finding exceptional circumstances where deponent was in Missouri, under VA disability, and ill); *see, e.g.*, *United States v. Shmyr*, No. 91-10138, 1992 WL 98539, at *1 (9th Cir. May 8, 1992)(District Court granted Government's motion to depose witness suffering from cancer and dying); *compare United States v. Puchi*, 441 F.2d 697 (9th Cir. 1971)(denial of motion to take deposition of witness was not abuse of discretion where judge granted witness safe passage from Mexico to United States and back for purpose of testifying and witness's refusal to attend trial was due to his fear of prosecution if he returned to United States).

The Government claims Whelpley is living in Canada and has no legal standing in, or interest in returning to the United States. Pl. Mot. Dep. 3. The Government states no particular circumstance of Whelpley that supports a need to preserve his testimony. The Government has failed to meet its burden and has shown no exceptional circumstances justifying a deposition pursuant to Federal Rule of Criminal Procedure 15. The Government's motion for authorization of witness deposition must be denied.

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 3
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

**b. Countervailing Factors**

The Eleventh Circuit adopted a test used to determine whether a court should grant a Rule 15 motion. The test considers three factors: (1) the witness is likely to be unavailable at trial; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).

"In all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court and Ninth Circuit have "emphasized the policy favoring expansive witness cross-examination *in criminal trials*." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007)(quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000))(emphasis added). The Confrontation Clause includes the right of *effective* cross-examination. *Larson*, 495 F.3d at 1102(emphasis added). Effective cross-examination is critical to a fair trial because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id.* at 1102 (quoting *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110 (1974)). Full disclosure of all relevant information concerning adverse witnesses' past record and activities through cross-examination and otherwise is indisputably in the interests of justice. *Lo*, 231 F.3d at 482 (citing *United States v. Brooke,* 4 F.3d 1480, 1489 (9th Cir.1993)). "[J]urors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [the Government witness'] testimony." *Larson*, 495 F.3d at 1102 (quoting *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111). The *use of depositions in criminal cases is not favored*

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

because the factfinder does not have an opportunity to observe the witness' demeanor. *United States v. Milian-Rodriguez,* 828 F.2d 679, 686 (11th Cir. 1987)(emphasis added).

Here, countervailing factors and profound Constitutional concerns exist that justify the denial of the Government's motion for authorization of deposition. The Government's case depends heavily on the testimony of Whelpley. When the Government first applied for Extradition of Mr. Rosenau, they informed the Canadian courts that the testimony of two brothers (the Mirabacks) would prove that Mr. Rosenau was part of a conspiracy to import and distribute marijuana. Thereafter, the Government withdrew from this position. The Government is now heavily relying on Whelpley as the key witness against Mr. Rosenau.

Whelpley's presence in Canada renders him beyond sanctions for perjury. Authorization of the deposition will diminish the Government's incentive to procure Whelpley's attendance at trial. Whelpley's attendance at trial is critical and indisputably in the interests of justice—the jury must have an opportunity to weigh Whelpley's credibility, observe his demeanor, and make an informed judgment. The Government must not be afforded a position to present its case based primarily on a witness the jury cannot observe. *See Crawford v. Washington,* 541 U.S. 36, 44-45, 124 S.Ct. 1354, 1360 (2004)(noting the abusive trial of Sir Walter Raleigh where out of court allegations of an alleged accomplice were read to the jury and led to Raleigh's death sentence).

The Government's motion represents an effort to remove Whelpley from the eyes of the jury. The Constitution and policy favoring expansive witness cross-examination at trial must be favored. Profound countervailing factors exist which make the deposition of Whelpley unjust.

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 5
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

The District Court has a constitutional justification to deny the Government's motion for authorization of witness deposition.

## IV.   CONCLUSION

The Government bears the burden of showing that exceptional circumstances necessitate preservation of testimony through deposition. The Government has failed to meet this burden. No exceptional circumstances exist to justify the deposition of Whelpley pursuant to Federal Rule of Criminal Procedure 15. Countervailing factors exist that render a deposition unjust. The policy favoring expansive cross-examination at trial and the Constitution support a denial of the Government's motion.

DATED this 18th day of August, 2011.

        Respectfully submitted,
        PLATT & BUESCHER

        *s/Craig Platt*_____
        Craig Platt
        Attorney for Defendant
        WSBA #12396
        P.O. Box 727
        Coupeville, Washington 98239-0727
        Telephone: (360) 678-6777
        Fax: (360) 678-0323
        Email: craig@plattbuescher.com

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 6
CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 8/18/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

>*s/Craig Platt*_____
>Craig Platt
>Attorney for Defendant
>WSBA #12396
>P.O. Box 727
>Coupeville, Washington 98239-0727
>Telephone: (360) 678-6777
>Fax: (360) 678-0323
>Email: craig@plattbuescher.com

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 7
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323