The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

              Plaintiff,

    v.

HENRY ROSENAU

              Defendant.

No. CR06-157MJP

MOTION TO CONTINUE
FILING DEADLINE OR IN
THE ALTERNATIVE TO COMPEL
PRODUCTION OF DISCOVERY
AND DECLARATION IN SUPPORT

Noted on Motion Calendar:
September 16, 2011

       The Defendant, Henry Rosenau, by and through his counsel of record, Craig Platt, moves this Court to enter an Order extending time within which to file pretrial motions pursuant to Fed. R. Crim P. 45(b) or, in the alternative, moves this Court to enter an Order granting Discovery pursuant to Fed. R. Crim P. 16, Local Rule 16.  In support of this request, counsel for the defendant states, under penalty of perjury, as follows:

1.  The current deadline for filing pre-trial motions is set for September 6, 2011.

2.  The Discovery provided by the Government to the defendant in this case is extensive and complex.

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

3. There is no assertion that the production of this Discovery by the Government has been in any way dilatory, nor that the parties are not working cooperatively with respect to the exchange of Discovery.  Rather, the production of Discovery is ongoing in nature and its exchange is not yet complete.

4. Until the exchange of discovery is completed it is impossible to determine which pre trial motions must be litigated, including a possible Motion to Compel Production of Discovery, and to prepare those motions accordingly.

5. It is only because of the ongoing and extensive nature of the discovery production required in this case that any discovery matters have not been resolved, and it is only to this extent that the exchange of Discovery remains in dispute.  CrR 16(i).  Nevertheless the Discovery issue is not yet resolved.

6. To date the defense has received the following Discovery from the Government: approximately 1,128 pages of documentation, photos and notes; 12 discs containing videos of many hours of surveillance and investigative recordings; physical evidence which has been made available for viewing and photographing on at least two occasions.

7. Defense counsel has met with AUSA Susan Roe on several occasions to review and discuss the production of Discovery, including May 13, May 18, May 26, July 13 and August 25, 2011.

8. During these Discovery Conferences, including a meeting in Blaine in which Mr. Daniel Fortmann also participated, the parties have reviewed extensive discovery together, including documents, photographs, digital storage materials, and physical evidence.

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

9.  The conclusion of both parties following these meetings has always been and continues to be that additional Discovery is being sought by the Government and will be produced as it is obtained.

10. The investigation of this matter involves dozens of witnesses and events, which occurred during 2004 and 2005.

11. The length of time involved in locating, interviewing and then determining the current relevance of each event and witness is significantly greater than that involved in typical cases before the Court.

12. The Government's investigation has been ongoing.  It has continued beyond the date the Superseding Indictment was filed on September 17, 2008.

13. The Government has indicated on several occasions that the provision of Discovery to the defendant is continuing.  The government and its agents continue to review archived files for possible evidence.  It appears that this process is ongoing to this date.

14. The Federal Rules of Criminal procedure mandate that the Government must disclose to the defense certain information relating to its case and its investigation.  Moreover, under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Government must produce all evidence favorable to a defendant. Constitutional considerations mandate that the prosecution provide a defendant with all exculpatory evidence.  *See, e.g., Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997).  Pursuant to *Giglio v. United States*, 405 U.S. 1050 (1972), the Government has a duty to disclose to the defense all information casting a shadow on a Government informant-witness' credibility, including the witness' status as a paid informant, prior criminal convictions, drug or alcohol use, benefits received by the witness in exchange for cooperation, personal assets, and tax liability.  *See, e.g., United*

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

*States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir. 1993).  A defendant is also entitled to impeachment evidence regarding any government agent who testifies at trial.  *See United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991).   This duty requires the Government's attorneys to disclose all exculpatory evidence known to the police agencies that participated in the investigation of the case.  *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("individual prosecutor has duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *Banks v. Dredke*,  540 U.S. 668, 696 (2004) ("A rule . . . declaring that 'prosecutor may hide, defendant must seek' is not tenable in a system constitutionally bound to accord defendants due process"); *Tennison v. City and County of San Francisco*, 548 F.3d 1293, 1301 (9th Cir. 2008) (confirming that *Brady* violation occurs when the Government fails to turn over evidence that is "known only to the police investigators and not to the prosecutor").

15. This investigation has involved several governmental agencies in both the United States and Canada.  The Government has conceded that this matter arose out of a "joint investigation" conducted by agents of the United States Bureau of Immigration and Customs Enforcement (ICE) and the RMPC. Legal Statement of Douglas B. Whalley in Support of Request For Extradition of Henry C. Rosenau 2, ¶ 4.

16. Special Agent Miller testified that the RCMP was a very important part of the ICE investigation and that the RCMP does a "really good job in regards to gathering facts to help us."  Transcript of Grand Jury Proceedings, Testimony of Jesse Miller, 13.

17. In addition, it appears that several of the reports received from the RCMP are missing pages.  For example, an RCMP report that appears on Bates Page 98 of the Discovery, indicates that it is a twelve page report.  Only three pages of this report have been provided.

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-4
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

Ms. Roe has continually stated that she is providing everything she currently has in her possession to the defense. Therefore, it appears that the Government will need to obtain this missing Discovery directly from the RCMP before it can be provided to the defendant.

18. The United States Government is usually not required to produce evidence that is in the possession of a foreign government. *See, e.g., United States v. Friedman*, 593 F.3d 109, 119-20 (9th Cir. 1979). However, this broad prohibition does not apply in cases involving a joint governmental operation, as in this case. *See, e.g., United States v. Hensel*, 699 F.2d 18, 25 (1st Cir. 1983); *United States v. Paternina-Vegara*, 749 F.2d 993, 998 (2d Cir. 1984). *See also United States v. Peterson*, 812 F.2d 486, 490 (9th Cir. 1987); *United States v. Juda*, 797 F.Supp. 774, 781-82 (N.D.Cal. 1992). Here, unlike most cases, this investigation stemmed from extraordinary cooperation between the United States and Canadian governments.

19. Discovery is still being located and obtained from various agencies and continues to be provided to the defendant on a "rolling basis." For example, U.S. Forest Service Agent Anne Minden has prepared investigative reports that the prosecutor has indicated will be provided to the defendant; however, those materials have yet to be received.

20. Furthermore, several of the photographs that were copied and provided to the defendant are not viewable. Ms. Roe has indicated that she will look into this issue and implied that viewable copies will be provided to the defendant, but this has not yet occurred.

21. Finally, given the extensive Discovery, the large number of potential witnesses (during one of the Discovery Conferences with defense counsel Ms. Roe indicated approximately 30 witnesses may be called by the Government to testify at trial) and given the extensive

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

temporal and geographic logistics involved in the investigation, it is also imperative that the Government provide a Witness List to the defense.

22. The review and analysis of Discovery that has been provided has been complicated and delayed by the geographical logistics involved with a defendant who resides a day's drive away from his attorney.  Although meetings with the defendant and his Canadian counsel have been conducted, both in person and via telephonic conferencing, the amount of time required to coordinate the arrangements to allow for everyone to participate, including travel time, is extensive.  This has made it difficult to thoroughly review discovery, especially since it is continuing to be provided over the course of time.

23. The Government has filed a CrR 15 Motion for Deposition in this case, which has not yet been resolved.  Whether this deposition takes place is a factor that impacts the review of Discovery and trial preparation.  Without knowing whether the Deposition will occur, it is difficult to determine which additional Discovery might prove necessary and relevant.

24. In addition, the Government has indicated that it may be necessary for them to obtain Canadian governmental records through an MLAT, some of which may be exculpable.

25. Mr. Rosenau faces a possible lengthy prison sentence if convicted of the crimes with which he is charged: Count 1 Conspiracy to Import Marijuana (1,000 Kilograms or more), Count 2 Conspiracy to Distribute Marijuana (1,000 Kilograms or more) and Count 3 Possession of Marijuana with Intent to Distribute (100 Kilograms of more).  The Government has indicated that if convicted, they will seek punishment in excess of the ten year mandatory minimum sentence which they have argued is applicable to this case.

26. It is imperative to allow for the meaningful exchange of Discovery to assist the defendant to prepare for trial.  This process has been complicated by the extensive nature of the

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-6
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

investigation, taking place in two countries over several years, by the extensive Discovery which has already been prepared and provided, by the ongoing nature of the production of Discovery, which continues to this day, and by the difficult logistics involved in coordinating Discovery review between defense counsel and the defendant, who are separated by a full day's drive.

For these reasons, we request an extension of the deadline for filing pre-trial motions, or, in the alternative, request that the following Discovery be compelled to be produced by the Government:

1. Full copies of all RCMP reports prepared in conjunction with the investigation of this case;

2.   Viewable copies of all photographs contained in the Discovery provided to the defendant to date, or to be provided;

3.  Copies of all reports prepared by Anne Minden, in conjunction with the investigation of this case;

4.  A Witness List of all witnesses the Government intends to call at trial;

5.  Any and all Interagency or Joint Operating Agreements in existence, relevant to the investigation conducted in this case.

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-7
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

DATED this 6th day of September, 2011.

Respectfully submitted,
PLATT & BUESCHER


s/Craig Platt
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-8
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 9/6/2011, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the attorney(s) of

record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the

defendant(s) that are non CM/ECF participants via telephax.


                                        *s/Craig Platt*_____
                                        Craig Platt
                                        Attorney for Defendant
                                        WSBA #12396
                                        P.O. Box 727
                                        Coupeville, Washington 98239-0727
                                        Telephone: (360) 678-6777
                                        Fax: (360) 678-0323
                                        Email: craig@plattbuescher.com

MOTION TO CONTINUE FILING DEADLINE OR
TO COMPEL DISCOVERY AND DECLARATION
IN SUPPORT/ROSENAU-9
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323