The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STATE OF WASHINGTON,<br>Plaintiff,<br>v.<br>HENRY ROSENAU<br>Defendant. | No. CR06-157MJP<br>MOTION TO INVOKE RULE OF SPECIALTY<br>Noted on Motion Calendar: September 16, 2011 |
|---|---|

The defendant, through undersigned counsel, moves this Court to dismiss all charges or in the alternative suppress all evidence and statements concerning offenses for which the Canadian Government did not extradite Mr. Rosenau.

**FACTS AND DECLARATION OF COUNSEL**

I swear under penalty of perjury that the following is true to the best of my knowledge based on information and belief:

1. The Government applied for the extradition of Henry Rosenau pursuant to s. 29(1)(a) of the Extradition Act, S.C. 1999, c. 18.
2. The Government tendered the following evidence in support of extradition:
    a. A certified Record of the Case dated April 9, 2007 ("ROC")



PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

b. A certified Supplemental Record of the Case dated October 7, 2008 ("SROC"); and

c. A certified Second Supplemental Record of the Case dated February 5, 2009 ("SSROC")

3. Evidence contained in the ROC includes the following:

a. On September 21, 2005, RCMP officers in Canada observed a Robinson 44 helicopter flying southbound toward the US with hockey bags attached by a long line underneath. Approximately one half hour later they saw the same helicopter flying north, without the hockey bags. Approximately one half hour later, they observed it again flying south, with hockey bags attached underneath.

b. On September 21, 2005, at a time and place that corresponds with the evidence of the RCMP officers, a US immigrant agent observed a Robinson 44 helicopter enter the US, then lost visual contact. He later observed two vehicles depart the area where it appeared that the helicopter landed. He followed the vehicles, then turned over surveillance to another agent.

c. The second US agent stopped the two vehicles, and arrested the occupants identified as Zachary Miraback and Brayden Miraback. 1,128 pounds of suspected marijuana was seized.

d. The second US agent says that Zachary Miraback cooperated after his arrest, and purportedly identified a photograph of Henry C. Rosenau as pilot of the helicopter. Brayden Miraback also cooperated and purportedly identified the photograph of Henry C. Rosenau as the pilot.



PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

e. The first agent will testify that he never saw the tail number, just the color and make of the helicopter. In a footnote to the first paragraph of the ROC, it is said that "he later determined that it was the same helicopter (tail number C-FRKM) based on Zachary Miraback's identification from a photograph of the helicopter that Henry Rosenau flew."

f. The Mirabacks cooperated completely with the US agents and provided full statements relating to their involvement with the marijuana seized from their vehicles on September 21, 2005. They both knew Henry C. Rosenau personally and can identify his picture, which is Exhibit A to the ROC. They both saw him operating the helicopter. They provided details of their relationship with Rosenau and of the arrangements for the transportation of marijuana, by helicopter, across the border. Both identified a photograph of the helicopter that Henry C. Rosenau was operating on September 21, 2005.

g. Two RCMP officers would testify that they observed helicopter C-FRKM on September 21, 2005, that it flew toward Yale, British Columbia and that Henry C. Rosenau was operating the helicopter. One of the RCMP officers would testify that the tail numbers on the helicopter, C-FRKM, were covered with tape such that the "R" was made to look like a "B".

4. The Government withdrew from the ROC the evidence. Reasons for Judgment, 4 ¶7.

5. The Supreme Court of British Columbia, in its Reasons for Judgment supporting its Order of Committal, considered only the evidence in the SROC and SSROC. Reasons for Judgment, 8 ¶19, and 12, ¶44.



PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

DATED this 6th day of September, 2011.

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*_______________
Craig Platt
Attorney for Defendant
WSBA #12396

**LAW AND ARGUMENT**

"The doctrine of 'specialty' prohibits the requesting nation from prosecuting the extradited individual for any offense other than that for which the surrendering state agreed to extradite." *U.S. v. Andonian*, 29 F.3d 1432, 1435 (9th Cir. 1994)(citing *United States v. Van Cauwenberghe,* 827 F.2d 424, 428 (9th Cir.1987), *cert. denied,* 484 U.S. 1042, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988)). The doctrine is based on principles of international comity: to protect its own citizens in prosecutions abroad, the United States guarantees that it will honor limitations placed on prosecutions in the United States. *Andonian*, 29 F.3d at 1435(citing *United States v. Cuevas*, 847 F.2d 1417, 1426 (9th Cir.1988), *cert. denied,* 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989)).

Here, the Reasons for Judgment in support of the Order for Committal show that the Supreme Court for British Columbia did not consider evidence or information within the ROC. The Court on page 12, paragraph 44 of the Reasons for Judgment, the Court states, "I have considered only the evidence in the SROC and the SSROC…." Also on page 8, paragraph 19 of the Court's Reasons for Judgment the Court states, "It will, in my view, suffice to consider only the evidence in the SROC and SSROC. Therefore, Mr. Rosenau was not extradited for any



PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

offenses set forth within the ROC. As a result, pursuant to the rule of specialty, the Government is forbidden from prosecuting Mr. Rosenau for any purported offenses other than those contained within the within the SROC and SSROC.

## CONCLUSION

The rule of specialty prohibits the Government from prosecuting a defendant for an offense for which the defendant was not extradited. The Supreme Court of British Columbia did not consider the purported offenses set forth within the ROC when extraditing Mr. Rosenau. As a result, Mr. Rosenau may only be prosecuted for those offenses set forth within the SROC and the SSROC. All charges arising from offenses contained within the ROC must be dismissed and all evidence contained therein must be suppressed.

DATED this 6th day of September, 2011.

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*________________

Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

CERTIFICATE OF SERVICE

I hereby certify that on 9/6/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

*s/Craig Platt*________________

Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com



PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323