The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR06-157MJP |
|---|---|
| Plaintiff, | |
| v. | REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENSE MOTIONS |
| HENRY ROSENAU | |
| Defendant. | Noted: September 23, 2011 |

The defendant, through undersigned counsel, respectfully submits this reply brief in support of motion pursuant to CrR 12(c)(4).

I.   FAILURE TO COMPLY WITH CrR 12 TIMELINES

CrR 12(c)(1) provides that "the court shall set a date for the filing of pretrial motions. No motion may be filed subsequent to that date except upon leave of court for good cause shown." Fed. R. Crim. P. 12(c)(1). CrR 12(c)(3) reads "[e]ach party opposing the motion shall, within seven days after the filing of a motion and no later than one day before its noting date, file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

with any supporting material…the time for service and filing of the brief and any other materials to the motion may be extended by the court….." Fed. R. Crim. P. 12(c)(3).

On May 23, 2011, this Court set a motions deadline for September 6, 2011. Order to Continue Trial Date and Pretrial Motions Date, 3 (Document 20). The Government had more than three months to prepare for this deadline. The Defense timely filed its motions on September 6, 2011. The Government did not file motions.

Pursuant to CrR 12(c)(3), the deadline for the Government to file its response was September 13, 2011. The Government failed to file a response before this deadline. Instead, the Government filed a request for an extension of the filing deadline. Although the deadline passed, the Government nevertheless filed a Consolidated Response on September 20, 2011 at 1:16pm. This response was approximately one week after the CrR 12(c)(3) filing deadline. At this time, the Government had no permission from this Court to file a response after the filing deadline.

After the Government filed its late response, this Court filed an Order Granting Motion for Extension of Time to File Response. This Order was filed on September 20, 2011 at 3:05pm via Electronic Case Filing. This occurred about two hours after the Government filed its late Response.

The Order is shown to be filed on September 20, 2011 at 3:05pm, but was retroactively dated to September 19, 2011. As mentioned above, this order was filed after the Government filed its late Response on September 20, 2011 at 1:16pm.

Ultimately, the Government's Consolidated Response to Defense Motions was late and should not be considered.

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

II. JOINT VENTURE

An exception to the inapplicability of the exclusionary rule applies when "United States agents' participation in the investigation is so substantial that the action is a joint venture between United States and foreign officials." *United States. v. Barona*, 56 F.3d 1087, 1093 (9th Cir. 1995).

United States authorities have revealed substantial participation in the Canadian search conducted on September 21, 2005. Douglas B. Walley, Assistant United States Attorney, admitted that this case arose out of a joint investigation conducted by ICE and RCMP. Legal Statement in Support of Request for Extradition of Henry C. Rosenau, 2, ¶4 (Bates 28). Special Agent Jesse Miller, who likely had direct involvement, stated to a Grand Jury under oath, "[y]es, we were conducting an operation, obviously over there on the other side of the mountains along with the RCMP who were embedded up into the Pasayten Valley on the Canadian [sic] around in the mountain range…." Indictment, Grand Jury 05-1, Transcript of Grand Jury Proceedings Testimony of Jesse Miller, 4 (Bates 79). Special Agent Miller further explained in his testimony that, "[o]n the Canadian side after the third load and the helicopter went back north, we had already known basically where he was keeping this helicopter, so _we already had RCMP personnel at the hanger where they kept the helicopter_." *Id*., 7 (Bates 82).

Special Agent Miller's testimony further revealed finite details of the RCMP search indicative of U.S. involvement. Special Agent Miller was able to explain how RCMP contacted Rosenau as the helicopter was shutting down, how Rosenau was the sole person inside of the Helicopter, how the RCMP took his picture, how a bag within the helicopter had a couple of

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

satellite phones, night vision goggles, a GPS, plots on the GPS including one entitled "entrance," and that a .44 magnum handgun was found in the helicopter. *Id*. 7-8 (Bates 82-83).

Special Agent Miller goes on to reveal the agency relationship between ICE and the RCMP and its rationale. When asked why the RCMP did not arrest Rosenau or why RCMP "bother[s] observing at all" Special Agent Miller testified that, "[t]hey're working with us, and they're a very important part, like you know, without their observations, it would be very hard for us to ID the pilot…" *Id*., 13 (Bates 88).  Thereafter, Special Agent Miller is asked whether the RCMP "often in these kinds of cases leave it to the U.S. to do the prosecutions?"  Special Agent Miller replies, "Yes, that's correct, because of the sentencing, it's a lot more strict down here." *Id*. (Bates 88)

Special Agent Miller provided this testimony on May 11, 2006.  This was shortly after the events giving rise to this matter.  The Government now, six years later, offers an affidavit of Peter Ostrovsky dated September 19, 2011 denying the existence of a joint operation.  Peter Ostrovsky claims, "I may have asked the RCMP Sergeant, now retired, if RCMP could discretely identify the pilot or get the license plates of cars connected to the helicopter, however we did not ask, and never contemplated that they would, conduct an in-person contact with Rosenau." Affidavit of Peter Ostrovsky, ¶16.  Peter Ostrovsky's recent claims are inconsistent with the testimony of Special Agent Miller and lack foundational validity.  Ostrovsky's claims demonstrate his lack of personal knowledge of the facts relevant to the determination of whether a joint venture operation existed in this case.

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-4
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

A joint venture existed in this matter, which informed the investigation and led directly to the search conducted by the RCMP at the direction of the American authorities. The protections of the Fourth and Fifth Amendments should therefore apply.

III.     EXTRADITION AND THE RULE OF SPECIALTY

The government is not required, under the auspices of specialty, to try a defendant on the same evidence that was presented to the surrendering state, so long as it satisfies the requirement that trial is for the <u>*same offenses arising out of the same allegations of fact*</u>. *United States v. Andonian*, 29 F.3d 1432, 1438 (9th Cir. 1994).

The Government does not understand the position of the Defense and does not recognize the dichotomy between an "offense" and a "crime." If it is assumed that one committed offense A and offense B in the United States, and thereafter the Canadian government extradites such an individual for offense B, the mere fact that offense A and offense B are the same *crime* does not give the United States Government the right to prosecute the individual for offense A under the Rule of Specialty.

Here, it is true Canada extradited Mr. Rosenau for Conspiracy to Import Marijuana, Conspiracy to Distribute Marijuana, and Possession of Marijuana as set forth in the Canadian Order of Surrender. However, the Supreme Court for British Columbia did not extradite Rosenau based on the allegations of fact contained the Record of the Case ("ROC") dated April 9, 2007. The ROC not considered by the Supreme Court for British Columbia concerned the events of September 21, 2005.

The Supreme Court for British Columbia, on page 12, paragraph 44 of the Reasons for Judgment, states, "I have considered only the evidence in the SROC and the SSROC…." Also

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

on page 8, paragraph 19 of the Court's Reasons for Judgment the Court states, "It will, in my view, suffice to consider only the evidence in the SROC and SSROC.

Mr. Rosenau was not extradited for any *offenses* arising out of allegations set forth within the ROC.  The offenses for which Mr. Rosenau was actually extradited, and for which he may only be tried, are contained within the Supplemental Record of the Case dated October 7, 2008 and the Second Supplemental Record of the Case dated February 5, 2009.

Mr. Rosenau should only be tried for the offenses for which he was actually extradited.

IV.   NEED FOR BILL OF PARTICULARS

The Defense maintains that a Bill of Particulars is required.  A Bill of Particulars is in the interests of judicial economy and justice will only be further served if the Court requires its production.

DATED this 23[th] day of September, 2011.

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-6
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 9/23/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

<pre>
                              s/Craig Platt_____
                              Craig Platt
                              Attorney for Defendant
                              WSBA #12396
                              P.O. Box 727
                              Coupeville, Washington 98239-0727
                              Telephone: (360) 678-6777
                              Fax: (360) 678-0323
                              Email: craig@plattbuescher.com
</pre>

REPLY TO GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENSE MOTIONS/ROSENAU-7
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323