UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>HENRY C. ROSENAU,<br><br>        Defendant. | CASE NO. CR06-157MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |

This matter comes before the Court on Defendant's motion to suppress all evidence and statements obtained during the allegedly warrantless search and seizure conducted by the Royal Canadian Mounted Police ("RCMP") in Yale, British Columbia, on Sept. 21, 2001 (Dkt. No. 32). Having reviewed the motion, the Government's consolidated response (Dkt. No. 36), and all supporting papers, the Court DENIES Defendant's motion to suppress.

**Background**

On Sept. 21, 2005, Canadian authorities entered Defendant's leased property in Yale, British Columbia, and questioned him about a series of unauthorized helicopter trips into the United States. (Dkt. No. 32). Canadian authorities detained Defendant and searched a building

and a helicopter on the premises. (Id.). The operation was conducted as part of the Integrated Border Enforcement Teams, an inter-agency partnership composed of the RCMP, the Canada Border Services Agency, U.S. Customs and Border Protection, the U.S. Bureau of Immigration and Customs Enforcement ("ICE"), and the U.S. Coast Guard. (Id.).

Defendant alleges that ICE "had the RCMP personnel travel to certain properties located in Yale, Canada." (Dkt. No. 32, Platt Decl. at ¶ 11). He further alleges the RCMP entered the property after driving past a gate with a large sign that read "private property." (Id. at ¶ 13). He asserts that the RCMP never read him his Miranda rights, and proceeded to question him about alleged illegal helicopter journeys into the United States. (Id. at ¶¶ 17-18). He also alleges the RCMP officials conducted a warrantless search of his helicopter and his leased property. (Id. at ¶¶ 20-22). Defendant argues that the search and seizure was in violation of the Canadian Charter of Rights and Freedoms, and the Fourth Amendment by virtue of the joint venture doctrine. (Id.).

**Discussion**

Generally, neither the Fourth Amendment nor the judicially created exclusionary rule applies to searches conducted by foreign authorities in their own countries. See United States v. Rose, 570 F.2d 1358, 1361 (9th Cir. 1978). The Ninth Circuit, however, has recognized two very limited exceptions to the general rule that Fourth Amendment protections are inapplicable to actions of foreign agents conducted in foreign countries. The first is "if the circumstances of the foreign search and seizure are so extreme that they shock the judicial conscience." United States v. LaChapelle, 869 F.2d 488, 489 (9th Cir. 1989). The second applies when "United States agents' participation in the investigation is so substantial that the action is a joint venture between United States and foreign officials." United States v. Peterson, 812 F.2d 486, 490 (1987).

1       First, Defendant's assertion that the RCMP conducted a warrantless search of his property and his helicopter (Dkt. No. 32), even if true, cannot be said to shock the judicial conscience. This is an exacting standard, where exclusion is not based on Fourth Amendment jurisprudence, but rather on the recognition the Court may employ supervisory powers when "absolutely necessary to preserve the integrity of the criminal justice system." United States v. Barona, 56 F.3d 1087, 1091 (9th Cir. 1995). Defendant offers no facts indicating that his treatment by Canadian officials rises to the level requiring judicial intervention to protect the integrity of the criminal justice system.

      Second, the Court need not reach the issue of whether a joint venture existed, because the exclusionary rule applies only if it was objectively unreasonable for U.S. officers to rely on the assurances of their foreign counterparts. Peterson, 812 F.2d at 492. In Peterson, the Ninth Circuit directed courts to consider whether American law enforcement officers were in an advantageous position to judge whether the foreign search was lawful, and whether it serves the purpose of deterring unlawful behavior to hold U.S. agents strictly liable for the failings of their foreign associates. Id. Here, Defendant offers no facts indicating that it was objectively unreasonable for U.S. authorities to rely on the assurances of Canadian officers. Therefore, there is no basis for the Court to suppress evidence obtained by the Canadian authorities.

## Conclusion

      The Court finds that Defendant has made no showing that the conduct of Canadian authorities shocks the judicial conscience or that it was objectively unreasonable for U.S. officers to rely on the assurances of Canadian authorities. The Court therefore DENIES Defendant's motion to suppress.

      The clerk is ordered to provide copies of this order to all counsel.

1     Dated this 18th day of October, 2011.

*[signature]*
Marsha J. Pechman
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS- 4