UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>HENRY C. ROSENAU,<br><br>                Defendant. | CASE NO. CR06-157MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS |

This matter comes before the Court on Defendant's motion for a bill of particulars (Dkt. No. 31). Having reviewed the motion, the Government's consolidated response (Dkt. No. 36), and all related documents, the Court DENIES Defendant's motion.

The three purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable a defendant to plead his acquittal or conviction in bar of another prosecution for the same offense. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1990). To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is unnecessary. United States v. Giese, 597

F.2d 1170, 1180 (9th Cir. 1979). Full discovery also obviates the need for a bill of particulars. Id. (citing United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973)).

A bill of particulars is appropriate when an indictment does not apprise the defendant of the offense with which he was charged and of the overt acts which allegedly contributed to his participation in a conspiracy. Giese, 597 F.2d at 1180. However, a bill of particulars is not necessary when the government provides the accused with a large volume of information, including physical evidence, grand jury testimony, and memoranda which reveal the government's theory of the case. Id.

Here, the substantial discovery provided by the Government, including the indictment (Dkt. No. 1), the reports provided by U.S. Immigration and Customs Enforcement (Dkt. No. 36, Attachments A-B), and grand jury testimony (Dkt. No. 39), render a bill of particulars unnecessary. Defendant's motion for a bill of particulars is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of October, 2011.

Marsha J. Pechman
United States District Judge