UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY C. ROSENAU,

    Defendant.

Case No. CR06-157-MJP

**DETENTION ORDER**

Offenses charged:

    Conspiracy to Import Marijuana;
    Conspiracy to Distribute Marijuana; and
    Possession of Marijuana with Intent to Distribute.

Date of Detention Hearing: October 28, 2011.

The Court, having conducted a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged with drug offenses for which detention is presumed. Despite this,

DETENTION ORDER - 1

the Court fashioned an appearance bond and ordered defendant released on May 4, 2011. On July 24, 2011, defendant admitted he violated his appearance bond by possessing marijuana. The Court modified his appearance bond and allowed defendant to remain in the community. On October 26, 2011, a petition was filed alleging defendant violated his appearance bond by having indirect contact with a Kip Whelpey, a witness in his case, on October 20, 2011. On October 28, 2011, the Court conducted an evidentiary hearing on this allegation. Based on the evidence presented, the Court found defendant had indirect contact with Mr. Whelpey in violation of his conditions of release.

Mr. Whelpey is a witness the government intends to call against defendant. According to the government, Mr. Whelpey conspired with defendant to commit the drug offenses. Mr. Whelpley has already pled guilty and served his prison sentence. As part of his plea agreement, he agreed to appear as a witness at defendant's trial this year. However, earlier this year, a civil action was initiated in Canada. The named plaintiff is defendant and the action was brought against Mr. Whelpley, essentially for defamation and alleging Mr. Whelpley has lied about defendant's criminal conduct.

The Court need not decide the propriety of this Canadian lawsuit as that issue is not material to decide whether defendant had indirect contact with Mr. Whelpey, which is the violation before the Court. Instead, focusing on the evidence regarding whether defendant had indirect contact with the witness, the Court first finds, U.S. and Canadian counsel for defendant did not initiate the lawsuit and were not involved in contacting Mr. Whelpley. Hence, this is not a case where counsel was fulfilling his proper functions as a lawyer by investigating or contacting witnesses.

Second, in June 2011, defendant's pretrial supervising officer reviewed with defendant a

written list of witnesses that defendant was not to have contact with. That list included Mr. Whelpley. Defendant told his pretrial supervising officer he did not know any of the witnesses, a claim that is belied by the fact he had been involved in a lawsuit against Mr. Whelpley for many months.

Third, defendant is the named plaintiff in his Canadian lawsuit and the sole beneficiary. If he prevails, he will have succeeded in not only obtaining money damages against Mr. Whelpley but also succeeded in preventing Mr. Whelpley, a key government witness, from testifying against him. His direct interest as the sole beneficiary of his Canadian lawsuit evidences his indirect contact with Mr. Whelpley.

Fifth, defendant's claim the contact with Mr. Whelpley is the product of an uncontrollable non-lawyer named Paddy Roberts, is unpersuasive. Even if Mr. Roberts initiated the Canadian suit in January 2011, without consulting defendant, defendant has done nothing to reign Mr. Robert's in or direct him to have no contact with Mr. Whelpley. In fact, it appears defendant has succeeded, via Mr. Robert's actions, in obtaining an order directing Mr. Whelpley to pay money damages and prohibiting him from entering the United States. Defendant cannot have his cake and eat it too. He cannot be the sole beneficiary of a law suit against a key government witness and then turn around and claim no responsibility.

Based on the evidence presented, the Court concludes defendant violated the condition of release that he have no indirect contact with the witnesses in this case. The Court also concludes revocation and detention are appropriate at this point given the nature of the offense and the nature of the violation. The violation does not involve a technicality such as failing to submit a monthly report. Instead, the conduct involved in this case involves sophisticated actions to influence and prevent a witness in this case from appearing and testifying in this case.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of October, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge