1                                                   Chief Judge Marsha J. Pechman

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
|                 Plaintiff, | ) | CR06-157 MJP |
| v. | ) | |
| HENRY C. ROSENAU, | ) | [PROPOSED] ORDER CONTINUING TRIAL |
|                 Defendant. | ) | |

      This matter having come on before the undersigned Court on motion of the Government for a continuance of the trial date,

      Having considered the files and records herein, the Government's Motion and facts contained therein,

      and Title 18 United States Section 3161(h) which set forth periods of excludable time, including:

            (3)(A) Any period of delay  resulting from the absence of unavailability of
               . . . an essential witness.

                         .   .   .

            (7)(A) Any period of delay resulting from a continuance granted
               . . . or at the request of the attorney for the Government, if the judge
            granted such continuance on the basis of his findings that the ends of justice
            served by taking such action outweigh the best interest of the public and the
            defendant in a speedy trial.  No such period of delay resulting from a
            continuance granted by the court in accordance with this paragraph shall be
            excludable under this subsection unless the court sets forth, in the record of
            the case, either orally or in writing, its reasons for finding that the ends of
            justice served by the granting of such continuance outweigh the best
            interests of the public and the defendant in a speedy trial.

Proposed Order Continuing Trial
United States v. Rosenau - 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The Court further considered Title 18 USC § 3161, subsection (7)(B) listing non-exclusive factors which the Court may consider when determining whether to grant the requested continuance, including:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny . . . the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Another period of time appropriately excluded is:

> (8) Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined by section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

Now therefore, the Court finds:

Essential witnesses are unavailable to testify in the trial as currently scheduled. The unavailability of several essential government witnesses is sudden, unexpected, and the result of defendant's deliberate actions.

It is foreseeable that the essential witnesses will be made available within a reasonable time period, as set forth in Title 18, United States Code, Sections 3161(8) and 3292, through the use of additional official requests, including through employment of the Mutual Legal Assistance Treaty.

The Government, through the Office of International Affairs, Department of Justice; the United States Attorneys Office, Western District of Washington; the Homeland Security Investigations Office of Department of Homeland Security; and the Homeland Security Attache, United States Consulate, Vancouver, British Columbia,

Proposed Order Continuing Trial
United States v. Rosenau - 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Canada, made timely official requests to appropriate Canadian authorities with criminal
2  law enforcement responsibility.  Those official requests for testimony, records and
3  evidence appeared to be legally sufficient to produce the necessary testimony and
4  evidence until the defendant's actions of October 20, 2011 and October 25, 2011.  The
5  defendant's actions were undertaken solely to thwart the production of witnesses and
6  evidence.
7        Now, therefore, the Court grants the Government's Emergency Motion for a
8  Continuance of the Trial Date.  it is reasonable and necessary to continue the trial date in
9  this matter.  The ends of justice and the interests of the public are served by the requested
10  continuance.
11       The trial was scheduled for November 7, 2011.  The trial will be continued until
12  _____ and the time between November 7, 2011 and
13  _____ is excludable under the Speedy Trial Act.
14       Dated this _____ day of _____, 2011.

_____
MARSHA J. PECHMAN
Chief Judge, United States District Court

Proposed Order Continuing Trial
United States v. Rosenau - 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970