# Exhibit 1
# Notice of Application
# Rosenau v. Regina



File No. \_\_\_\_\_25902\_\_\_\_\_

Vancouver Registry

# SUPREME COURT OF BRITISH COLUMBIA

Re the *Mutual Legal Assistance in Criminal Matters Act*

and the *Canadian Charter of Rights and Freedoms*

### NOTICE OF APPLICATION

**REGINA**

Respondent

v.

**HENRY CARL ROSENAU**

Applicant

TAKE NOTICE that an application will be made by HENRY CARL ROSENAU to the Court on Wednesday, November 2, 2011 at the Law Courts at 800 Smithe Street, Vancouver, British Columbia at 10 AM for the following Orders:

1) a declaration that the Royal Canadian Mounted Police ("RCMP") violated the Applicant's section 7 and 8 *Charter* rights to be free from unreasonable search and seizure by entering without authority or warrant issued under the provisions of section 10-15 of the *Mutual Legal Assistance in Criminal Matters Act* or *Criminal Code* onto a property leased by the Applicant at 29605 Trans Canada Highway, near Yale, British Columbia ("said property") on September 21, 2005, and there searching the Petitioner's person, a helicopter, and a building on said property, and seizing objects found in the warrantless search;

2) a declaration that by detaining the Applicant and questioning of him for two hours at said property between approximately 9:15 AM and 11:30 AM on September 21, 2005, the RCMP violated the Applicant's section 7, 9 and 10(a) and (b) *Charter* rights, including the right to be informed promptly of the reasons for detention, the right to retain and instruct counsel without delay, and the right to be informed of those rights;

3) an order in the nature of mandamus directing the RCMP to return to the Applicant any and all property seized as a result of the warrantless searches;

4) an order in the nature of mandamus directing the RCMP officers who conducted the illicit search without warrant and the interrogation of the Applicant without Charter

warning, not to disclose to any foreign court or foreign prosecutorial authority any notes of any statement made by the Applicant in response to their questions that reasonably would have been excluded in Canadian proceedings pursuant to section 24(2) of the Charter;

5) an order in the nature of prohibition prohibiting the said officers of the RCMP from leaving Canada for the purposes of testifying in their official capacity, or at all, at a criminal court in the United States regarding Canadian evidence gathered in violation of sections 7 to 10 of the Charter and in the absence of a warrant or other due process governing search and seizure in such situations set out in sections 10 to 14 of the *Mutual Legal Assistance in Criminal Matters Act* ;

6) an order in the nature of prohibition prohibiting the sending abroad of evidence seized in violation of the Charter without following the due process of "Sending Abroad" outlined in sections 15 to 21 of the *Mutual Legal Assistance in Criminal Matters Act.*

IN SUPPORT OF THIS APPLICATION, THE APPLICANT RELIES UPON THE FOLLOWING EVIDENCE:

   a. The affidavit of Henry Carl Rosenau, sworn the 25th day of October, 2011
   b. The affidavit of Glen Stewart, sworn the 25th day of October, 2011.
   c. Such other affidavit evidence as may prove necessary.

This application is based upon sections 7, 8, 9, 10a, 10b, and 24 (1) of the *Canadian Charter of Rights and Freedoms*, sections 10 to 21 of the *Mutual Legal Assistance in Criminal Matters Act*, and Rule 4 of the *Criminal Court Rules of the Supreme Court of British Columbia*.

It is expected that two hours will be needed for this application.

Dated at Vancouver, British Columbia, this 25th day of October, 2011.

*[signature]*

Gary Botting

Counsel for the Applicant

2

Govt. Emergency Motion to Continue Trial
United States v. Rosenau, CR06157MJP - 19