Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HENRY ROSENAU, <br><br> Defendant. | NO. CR06-157MJP <br><br> GOVERNMENT'S RENEWED MOTION FOR AUTHORIZATION TO DEPOSE FOREIGN WITNESSES <br><br> Noted: November 2, 2011 <br> No oral argument requested |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, renews its previously denied motion for an order granting leave to take depositions of essential witnesses in Canada. The government incorporates by this reference the ***Background*** and ***Law Relevant to the Motion and Argument*** sections of the prior motion and adds the following.

***INTRODUCTION***

The government previously moved the Court for an Order allowing deposition of essential witnesses, specifically Kip Whelpley, located in Canada. Dkt # 27. The defense opposed the motion, arguing that the government had not made the requisite showing of the need for a deposition and saying, "No exceptional circumstances exist to justify the deposition of Whelpley pursuant to Federal Rule of Criminal Procedure 15. Countervailing

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau
CR06-157MJP - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

factors exist that render a deposition unjust." The defendant concluded by saying that the Court had "a constitutional justification to deny the Government's motion for authorization of witness deposition" and attacked the government's claim that Whelpley had no legal standing in, or interest in, returning to the United States. Dkt # 28. At that time, there was a Canadian Court Order prohibiting Whelpley from entering the United States and testifying about Henry Rosenau and allowing general, specific and punitive damages to be assessed should Whelpley testify about Rosenau. See Exh 1. *Order dated March 7, 2011, Rosenau v. Whelpley No. 14781, Supreme Court of British Columbia, Quesnel Registry*.

The Court, on September 7, 2011, denied the motion without prejudice and suggested the government supply more information on exceptional circumstances which could necessitate a deposition and on whether other, less costly methods such as Skype would might suffice. Dkt # 34.

Pursuant to the Court's Order, the government recontacted Bruce Erickson, Whelpley's counsel. After several discussion, Mr. Erickson related that Mr .Whelpley agreed to come to the United States to testify at trial. The parties continued their discussions about prepping the witness and arranging transportation to trial for Whelpley. Neither the government nor Mr. Erickson was aware that Rosenau had filed the civil defamation lawsuit, that he had obtained the default Order, or that Mr. Whelpley had received threatening emails from Paddy Roberts, also known as Padriag Mac Robeaird.

On October 20, 2011, Mr. Erickson left a voice mail message regarding emails he had received from his client. He forwarded those emails and related documents to the government on October 21, 2011. See Exh 2. *Emails and Documents. Page breaks have been added to ease email reading; the witness' email and home addresses have been redacted*.

According to testimony given in a October 28, 2011 Revocation Hearing heard by Magistrate Judge Tsuchida, defendant Rosenau, Canadian attorney Gary Botting and "paralegal" Paddy Roberts were aware of, or participated in preparing and filing of, the

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau
CR06-157MJP - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

lawsuit in January 2011.  American attorney Craig Platt learned of it in May, 2011 shortly after assuming representation of the defendant.[1]

Although this default Order appears vexatious and to be against public policy, it apparently stands.  In response to defense questioning at the October 28, 2011 revocation hearing, Canadian attorney Gary Botting testified that it was a valid and enforceable court order.  Neither can the U.S. government ask or encourage Mr. Whelpley to violate a court order nor can the U.S. government hold him harmless for any "damages" which may be assessed if he does testify, either here or in Canada.   The government cannot ask Mr. Whelpley to testify until that Order is vacated.

Assuming the Order is vacated, the government would move to depose Mr. Whelpley promptly in order to preserve his testimony for trial and to avoid further harassment and vexatious lawsuits from defendant Rosenau, Paddy Roberts or others.

It is anticipated that Mr. Whelpley's trial testimony will be lengthy as he is a central and knowledgeable fact witness in the government's case in chief.  Mr. Whelpley will testify that in  2004 and 2005, he knew of helicopter pilots in Canada who flew cross-border marijuana traffic into the United States and that he knew Henry Rosenau was one of them.  In the summer of 2004,  Rosenau personally delivered loads of marijuana to civilian witness Kip Whelpley.   Rosenau also visited the U.S. with Whelpley to scout loading spots, held Whelpley's earnings (in cash) during the 2004 summer, and flew another Canadian helicopter pilot into the U.S. to facilitate more helicopter smuggling.   Mr. Whelpley worked a second summer, in 2005, with  Rosenau off-loading marijuana shipments here in the U.S. until he

---

[1] PreTrial Services Officer Julie Busic testified that, on May 25, 2011, she had a telephone call from Mr. Platt inquiring about the effect of legal counsel serving papers in a civil proceeding regarding Extradition on third parties, who may be trial witnesses. He inquired whether it would be a violation of the term of release prohibiting contact with witnesses.  Ms. Busic testified that she noted her reply was that such service would not violated the terms given that it was related to a civil matter and done by legal counsel.  She also testified that, on June 20, 2011, she reviewed the list of possible witnesses with Rosenau. Rosenau said he did not recognize any of the names and hoped he wouldn't meet them inadvertently.  Kip Whelpley was on this list.

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau
CR06-157MJP - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  was stopped by surveilling ICE agents on June 9, 2005 and his load of 485 pounds of
2  marijuana was seized. ICE did not reveal the ongoing investigation but released Whelpley
3  who returned to Canada. He continued to participate in the smuggling from the Canadian
4  side of the border.
5      Mr. Whelpley will testify that on August 4, 2005, he and defendant Rosenau were
6  involved in a 500 pound marijuana smuggle into the United States. Whelpley worked it on
7  the Canadian side of the border, and Rosenau flew it into the Methow Valley area. The three
8  men receiving the load, David Mendoza, Dan Zylstra and Jonathan Senecal, had a bit of back
9  luck that morning, having driven a truck into a ravine when attempted to meet the helicopter.
10 Once the received the load, the men hid the nine hockey bags of marijuana in the woods and
11 went to Winthrop to hire a tow truck. Surveilling ICE agents located the hidden load and
12 seized it with no notice to the smugglers. Canadian Jonathan Senecal had worked with
13 Whelpley on the June 9th load and both Senecal and Whelpley's involvement in the
14 conspiracy ended involuntarily after this second seizure.
15     Of special significance is that Mr. Whelpley is the only co-conspirator prosecuted in
16 this District who continues to honor his cooperation agreement with the U.S. government.
17 He can testify as to a more accurate number of smuggling trips made by the conspirators in
18 2004 and 2005, the location of the on-load sites in Canada, the timing and methods used in
19 Canada to prepare the helicopters and their loads for smuggling trips, the financial
20 arrangements per trip, the source of cash and of false documents, the use of and nicknames
21 use on the Blackberry devices among the co-conspirators, the relationship of the off-loaders
22 and the co-conspirators members in Canada, and the events surrounding his exit from the
23 conspiracy in June 2005.
24     It is likely that several items of evidence will be shown and offered, including
25 videotaped clips, during Mr. Whelpley's testimony. As such, his substance of his testimony
26 simply is not conducive to being conducted in other format other than in person
27     Therefore, the government renews its motion for a deposition of Mr. Whelpley in
28 Canada. The facts and circumstances surrounding the order, and the order itself, are

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau
CR06-157MJP - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   compelling reasons for the Court to grant a deposition of this witness.  Further, the
2   government moves this Court for an order assessing the costs associated with the deposition
3   to be paid by the defendant.  These costs will only be incurred as a result of the defendant's
4   harassment of a witness.  These are not usual and appropriate costs associated with the
5   government preparing or presenting its case and the taxpayers should not absorb the cost.
6          The government believes the date, time and place of the deposition may be determined
7   once the deposition is authorized.
8          DATED this 31st day of October, 2011.

                                                Respectfully submitted,

                                                JENNY A. DURKAN
                                                United States Attorney


                                                *s/Susan M. Roe*
                                                SUSAN M. ROE
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                700 Stewart Street, Suite 5220
                                                Seattle, WA 98101-1271
                                                Telephone:    (206) 553-1077
                                                Fax:          (206) 553-0755
                                                E-mail:       susan.roe@usdoj.gov

                                                 *s/Marc A. Perez*
                                                Marc A. Perez
                                                United States Attorney's Office
                                                1201 Pacific Avenue
                                                Suite 700
                                                Tacoma, Washington 98402
                                                Telephone: (253) 428-3822
                                                Fax: (253) 428-3826
                                                Email: Marc.Perez@usdoj.gov

```
 1                         CERTIFICATE OF SERVICE

 2       I hereby certify that on 10/31/11 I electronically filed the foregoing with the Clerk of the
     Court using the CM/ECF system which will send notification of such filing to the attorney(s)
 3   of record for the defendant(s).

 4
                                           s/Tove Rogers
 5                                         TOVE ROGERS
                                           Legal Assistant
 6                                         United States Attorney's Office
                                           700 Stewart Street, Suite 5220
 7                                         Seattle, Washington 98101-1271
                                           Phone: (206) 553-4214
 8                                         FAX:   (206) 553-0755
                                           E-mail: Tove.Rogers@usdoj.gov
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```