<div style="text-align: center; margin-top: 30%;">

# Exhibit 1
# Order dated March 7, 2011
# Rosenau v. Whelpley

</div>



No 14781

Quesnel Registry

# IN THE SUPREME COURT OF BRITISH COLUMBIA

Between

**HENRY CARL ROSENAU**

Plaintiff

and

**KIP JOHN WHELPLEY**

Defendant

BEFORE A REGISTRAR

The Plaintiff having filed and served a Notice of Civil Claim and the Defendant Kip John Whelpley having failed to file and serve a Response to Civil Claim within the time allowed:

THIS COURT ORDERS THAT:

The Defendant pay to the Plaintiff general and punitive damages to be assessed.

The Defendant pay to the Plaintiff specific damages to be assessed

THIS COURT FURTHER ORDERS THAT Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America until further order of this Court, with the form of the Order to be approved by the Court on application.

THIS COURT FURTHER ORDERS THAT the Defendant pay to the Plaintiff Costs to be assessed.

Dated this 7th day of March, 2011

_____
District Registrar

# Exhibit 2
# Emails and Documents

On Mon, Jan 17, 2011 at 6:52 PM, Kip Whelpley

On 2011-01-17, at 6:07 PM, Padraig Mac Roibeaird wrote:

> I need an address for service for some civil court documents that are to be served on you. If you have a lawyer, please provide his or her address.
>
> If we do not receive a reply, we will commence to have the papers served on you at your work.
>
>
> Padraig.

2

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau, CR06157MJP - 10

Begin forwarded message:

**From:** Kip Whelpley
**Date:** January 18, 2011 9:23:47 AM PST
**To:** Padraig Mac Roibeaird <pmacroibeaird@gmail.com>
**Subject: Re: Address for service**

I will accept it by mail, and yes I have no desire to meet with anyone in person in regards to this matter... this may be a continued part of others lives sir but as far as im concerned.... This is my past and a crappy one at that... I prefer to leave it that way and have no involvement with any of it....Im in the process of creating a new life for myself that does not involve such people and events and would very much like to keep it that way if possible... Thank you for understanding this...
You and Mr Botting have my address please feel free to send me what you must but this will be the last email communication or response you will receive from me..

Respectfully

Kip

Begin forwarded message:

**From:** Padraig Mac Roibeaird <**pmacroibeaird@gmail.com**>
**Date:** January 17, 2011 11:21:27 PM PST
**To:** Kip Whelpley
**Subject: Re: Address for service**

Thank you.

I do understand your situation and your reluctance to meet people who might be a danger to you. I assure you that Mr. Rosenau, Mr. Botting, and myself are, and always will be, acting within the law in all of our dealings with you.

I know of some of the other people alleged to be involved in this mess and as far as I can tell, no one intends to do you any harm and that is more so now that I have let it be known that you have said you do not intend to return to the US. I stress the words "as far as I can tell" and would urge you to contact the RCMP immediately if you feel under threat.

Let me know if you will accept service by registered mail, and that will save you having to meet anyone.

Padraig

Begin forwarded message:

**From:** Padraig Mac Roibeaird <pmacroibeaird@gmail.com>
**Date:** February 7, 2011 11:10:14 PM PST
**To:** Kip Whelpley
**Subject: Notice of Civil Claim**

<u>**WITHOUT PREJUDICE**</u>

Hi Kip,

I see from Canada Post that the Notice of Civil Claim filed in the Quesnel Registry of the Supreme Court of BC has been served at the address you gave.

I firstly want to make it clear that Mr. Botting does not act in any way in this civil matter. He is Mr. Rosenau's counsel in the extradition process only.

I am assisting Mr. Rosenau as what has come to be called an "agent" in civil matters in the Supreme Court. Many people now use unpaid agents due to the extraordinary expense of lawyers and take the view that it is better to have a friend or other associate who may have a greater level of legal knowledge handle these matters, which are fairly straightforward, than to try and do it themselves. As an example, it was I who drafted the Notice of Civil Claim.

If you wish to engage such a person at this preliminary stage to save legal expenses in a matter that may well be resolved short of trial, or even to conduct your own case, I would be happy to deal with that person or yourself in doing basically the same things that counsel do when retained. I cannot give your agent or yourself legal advice, but I can provide you with clarification on matters related to the claim, and I can hear your side of the story if you choose to give it under the Without Prejudice qualification I attach to this email. Without Prejudice is a qualifier to anything written beneath those words in a written communication. It means that nothing thus said can ever be brought before a court and held against the party. There is not an equivalent term, other than "Off the record" for verbal communication, but you have my undertaking that anything that may be said by yourself or your agent will never be brought before a court and held to be proof of any fact or agreement. I would expect the same from yourself or your agent.

While the Notice may seem complex, and it is understood that you may not have knowledge one way or the other about some of the background facts, this claim centers on two factual issues. They are whether or not you identified a helicopter with the identification numbers C-FRKM as being a Robinson 44 helicopter that delivered seven 500-600 pound loads of marijuana to you in the summer of 2004, as the US prosecutor Roe says you did in her material before the court here. The other issue is her claim that she expects you to testify. We believe that expectation has no factual basis now that you are in Canada and under no legal obligation under Canadian law to return. Mr. Rosenau can easily prove that C-FRKM could not have ever been used for any such activity in 2004. I personally doubt that you ever said what Roe says you did, or in the alternative believe that the US authorities threatened and coerced you into signing a prepared admission and in those circumstances you felt compelled to go along with their lie. That would certainly be considered a mitigating factor if this matter were to be resolved at this early stage. The history of these sad adventures involving the exploitation of people such as yourselves is that virtually everyone cooperates and as is the saying in my Irish homeland, people develop such good memories that they can remember things that never even happened.

I do recall you saying that you did not then intend to return to the United States, in which case I expect you would not object to that part of the Relief Sought which is a court order prohibiting your return to

repeat this false allegation against Mr. Rosenau in a US court, which would be an act of extreme malice towards Mr. Rosenau.

Those are the only two issues in this matter and I am presently proceeding on the basis that you wish to make an honest resolution of this matter by addressing any falsehoods that appear in the American Supplemental Record of the case and which form the basis of Mr. Rosenau's claim. You may do so in your Response to Civil Claim, or prior to that by you or your agent corresponding with me.

Regards,

Padraig.

# *Robert M. Moffat*
BARRISTER AND SOLICITOR

2912 - 29th Street
Vernon, B.C., V1T 5A6
Phone:(250) 542-1312
Fax: (250) 542-2788
E-Mail: moffatvernon@shawcable.com

Our File:     W-11062

February 15, 2011

- 10 PAGES
**VIA FAX: (778) 355-0065**
Gary Botting and Associates
1088 Grover Avenue
Coquitlam, BC, V3J 3G1

VIA EMAIL: pmacroibeaird@gmail.com
**VIA FAX: (250) 567-5817**
Padraig Mac Roibeaird
Box 2577
Vanderhoof, BC, B0G 3A0

**Attention: Mr. Gary Botting**

Dear Sirs:

RE:   **Henry Rosenau v. Kip Whelpley**
      **BC Supreme Court Quesnel Registry Action # 14781**

1.   I am retained by Kip Whelpley. I understand that Gary Botting is counsel for Mr. Rosenau with respect to extradition proceedings to the US. I understand that Padraig Mac Roibeaird purports to be an agent for Mr. Rosenau with respect to civil proceedings.

2.   Enclosed for Mr. Botting are copies of e-mails between Mr. Roibeaird and Mr. Whelpley as follows:

   a.   January 8, 2011 from Mr. Roibeaird to Mr. Whelpley;

   b.   January 9, 2011 from Mr. Roibeaird to Mr. Whelpley;

   c.   January 18, 2011 from Mr. Whelpley to Mr. Roibeaird and from Mr. Roibeaird to Mr. Whelpley;

   d.   February 7, 2011 from Mr. Roibeaird to Mr. Whelpley.

3.   I also enclose a copy of the Notice of Civil Claim filed in the Quesnel registry January 31, 2011. This document was drafted by Mr. Roibeaird. In my respectful view Mr. Roibeaird may be practising law without a licence. That however is entirely incidental.

.../2

Mr. Gary Botting
Padraig Mac Roibeaird
February 15, 2011
Page 2

4. In his e-mail January 8 Mr. Roibeaird makes it clear that if Mr. Whelpley does not confer with Mr. Botting and provide appropriate information to Mr. Botting that a civil claim will ensue. In this e-mail Mr. Roibeaird accuses Mr. Whelpley of giving false testimony.

5. By his January 18 e-mail Mr. Roibeaird makes a clear threat of harm or danger to Mr. Whelpley. Mr. Roibeaird also allies himself with Mr. Botting in his dealings with Mr. Whelpley.

6. In his e-mail February 7 Mr. Roibeaird offers to compromise the civil action by, *inter alia*, having Mr. Whelpley agree to recant evidence previously given.

7. The Notice of Civil Claim by itself is extortionary and an abuse of the court process.

8. The emails contain veiled but clear threats of harm to Mr. Whelpley and his family.

9. Taken as a whole the e-mails and the Notice of Civil Claim amount to an attempt to intimidate and to extort conduct from Mr. Whelpley. They are scandalous and vexatious within the meaning of Rule 9-5 of the Supreme Court Civil Rules. They probably amount to an abuse of the process of the court. They are also defamatory.

10. Would Mr. Botting please indicate by return fax that he will file a Notice of Discontinuance forthwith in the Quesnel registry and provide a copy to me.

11. In the alternative please do not take any default proceedings against Mr. Whelpley but provide me adequate written notice so that the appropriate Response and application under Rule 9-5 may be made.

12. If a court application is required we put you on notice that a copy of this letter will be filed and an order for special costs sought.

Yours very truly,

**ROBERT M. MOFFAT**
Per:

"Robert M. Moffat"

**ROBERT M. MOFFAT**

RMM/jas
Enclosure
cc:   Mr. Kip Whelpley
BOTTING-FAX-1

Begin forwarded message:

**From:** "Moffat Law Corporation" <<u>moffatvernon@shawcable.com</u>>
**Date:** February 24, 2011 10:48:27 AM PST
**To:** <<u>kip</u>
**Subject: Whelpley ats Rosenau - Discontinuance**

Mr. Kip Whelpley 1.  By fax February 17 Mr. Botting refuses to get involved in the civil action. I enclose a copy. Enclosed is my further letter to Mr. Botting and Mr. Mac Roibeaird dead lining a Notice of Discontinuance for February 25.

2.  If the action is not discontinued it is my advice that a court application should be made immediately to have the action dismissed. I can prepare the paper work, The cost of sending me to Quesnel is significant. Mr. Whelpley can attend at court in Quesnel on his own and speak to the matter.

3.  The cost of paperwork will be $1,500.

4.  Can you let me know what you would like to do?

Yours very truly
Robert M. Moffat

Notice of Confidentiality: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, re-transmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender immediately by return electronic transmission and then immediately delete this transmission, including all attachments, without copying, distributing or disclosing same.



# Gary Botting, Barrister

M.A., Ph.D (English), LL.B., LL.M., Ph.D. (Law)
1088 Grover Avenue, Coquitlam, B.C. V3J 3G1
Telephone: 778 355 6106; fax: 778 355 0065
www.garybotting.com  email: garybotting@shaw.ca

19 February 2011



Robert M. Moffat, Barrister and Solicitor
2912 29th Street
Vernon B.C. V1T 5A6

Dear Sir:

**Re Henry Rosenau v. Kip Whelpley, B.C. Supreme Court Quesnel Registry #14781**

Thank you for your letter of 18 February 2011. I repeat, I am counsel to Mr. Rosenau strictly with respect to the appeal of his committal for extradition to the Supreme Court of Canada. I said I have no instructions from Mr. Rosenau to file a Notice of Discontinuance on his behalf with respect to any civil action. This can in no way be construed as a "refusal to seek instructions."

My letter of the 17th was a response to your earlier letter to which you attached copies of several emails from Mr. MacRoibearird. The emails between Mr. MacRoibearird and your client were, as far as I know, entirely authored by themselves and I take no responsibility for their content, despite Mr. MacRoibearird having on occasion used my name – which led you to contact me in the first place. I thank you for your concern.

Mr. MacRoibearird's conjecture as to what might help my client, as reflected in his emails, appears to be based on his familiarity with my application for leave to appeal to the Supreme Court of Canada. He is in no way acting within my purview; I have given neither him nor Mr. Rosenau any advice in this area whatsoever. My response to you, provided out of courtesy, was strictly with respect to Mr. MacRoibearird's use of my name in the emails. It seems to me that he has asked the same questions that I asked in the notice of appeal.

I do not "accept" that Mr. MacRoibeaird is "conducting civil proceedings". I have no knowledge of the nature of his role. In fact, I have yet to see the statement of claim filed by or on behalf of my client. Since I have had nothing to do with the civil proceeding, it follows that I have no "obligation" to obtain instructions from my client to discontinue it. I give advice; he gives instructions. I shall of course follow his instructions. However, I am not in a position to give advice one way or the other, since I have yet to read, let alone study, the statement of claim that you regard as so objectionable.

To date, I represent Mr. Rosenau strictly for his appeal of committal for extradition. I shall, however, convey your concerns and copies of our correspondence to Mr. Rosenau. He is able to determine his own course of action with respect to the civil proceeding – and give instructions.

Sincerely,

*[signature]*

Gary Botting, Barrister

# *Robert M. Moffat*
BARRISTER AND SOLICITOR

2912 - 29th Street
Vernon, B.C., V1T 5A6
Phone:(250) 542-1312
Fax: (250) 542-2788
E-Mail: moffatvernon@shawcable.com

Our File:   W-11062

February 22, 2011

-1 PAGE
**VIA FAX: (778) 355-0065**
Gary Botting and Associates
1088 Grover Avenue
Coquitlam, BC, V3J 3G1

VIA EMAIL: pmacroibeaird@gmail.com
**VIA FAX: (250) 567-5817**
Padraig Mac Roibeaird
Box 2577
Vanderhoof, BC, B0G 3A0

**Attention: Mr. Gary Botting**

Dear Sirs:

> RE:   **Henry Rosenau v. Kip Whelpley**
>         **BC Supreme Court Quesnel Registry Action # 14781**

1. By letter February 15 I asked Mr. Gary Botting to seek instructions to file a Notice of Discontinuance in this matter. By e-mail February 19 Mr. Botting says that he does not act for Mr. Rosenau but will convey my concerns to Mr. Rosenau.

2. By this letter I am asking that Mr. Mac Roibeaird reply to my e-mail of February 15, 2011 and confirm that Mr. Mac Roibeaird will file a Notice of Discontinuance forthwith in the civil action and will deliver a filed copy to me.

3. If I have not received a filed Notice of Discontinuance by the close of business on February 25, 2011 I will seek instructions to make a court application to have the action dismissed and to claim special costs not only against Mr. Rosenau but against Mr. Mac Roibeaird.

4. I will be filing copies of my correspondence with Mr. Mac Roibeaird in an Affidavit as part of the court application.

Yours very truly,

**ROBERT M. MOFFAT**
Per:
"Robert M. Moffat"
**ROBERT M. MOFFAT**

RMM/jas
cc:   Mr. Kip Whelpley
BOTTINGBOIDEAIRD-FAX-2

**From:** Bruce Erickson [mailto:brucederickson@hotmail.com]
**Sent:** Friday, October 21, 2011 10:34 AM
**To:** Roe, Susan (USAWAW); Perez, Marc (USAWAW)
**Cc:**
**Subject:** FW: emails and files in regards to canadian lawsuit

Susie and Marc,

I am forwarding to you two emails from Kip Whelpley regarding the Canadian lawsuit. \
Bruce

---

From: **kip**
Subject: emails and files in regards to canadian lawsuit
Date: Thu, 20 Oct 2011 17:10:42 -0700
To: **brucederickson@hotmail.com**

Begin forwarded message:

**From: Padraig Mac Roibeaird <pmacroibeaird@gmail.com>**
**Date: March 9, 2011 10:18:40 PM PST**
**To: Kip Whelpley**
**Subject: Rosenau v. Whelpley**

Kip,

I am in receipt of a letter addressed to Mr. Botting and copied to me from a person named Robert Moffat. In the letter, Mr. Moffat purports to be your lawyer and I do find that there is a lawyer in Vernon named Robert Moffat. Mr. Moffat does not say that he is instructed to receive service on your behalf and Mr. Rosenau has attended at the Supreme Court registry in Quesnel, where the action between you and he is filed and he has been told that there is no letter on file in the registry from either you or Mr. Moffat confirming that he is your counsel.

Neither you or Mr. Moffat filed a Notice of Response to Civil Claim within the time allowed. Accordingly, I am serving you with a copy of the default judgment approved by a Supreme Court justice in Quesnel on Monday, March 7th, 2011. As you can see, it provides general, punitive, and specific damages to be assessed, as well as an order that you be prohibited from leaving Canada for the purpose of going to the United States. If you weren't intending to go to the United States before, you now have a Supreme Court order prohibiting you from doing so in any case.

The Rules of Court provide that Mr. Rosenau may now make an *ex parte* application to the court to have the various damages assessed and to approve the form of the Order prohibiting you from returning to the United States until further order of the Court, which I expect will not be until Mr. Rosenau and his counsel are satisfied that you no longer will be a part of the false prosecution of Mr. Rosenau. *Ex parte* means that there is no requirement that you be provided with a notice of the application, or an opportunity to attend. However, Mr. Rosenau and I both remain sympathetic to the situation you must have found yourself in, compounded by your illness, and there is not a lack of understanding in that regard. It is my intention that the application include an Order that you appear for examination before a court reporter to answer questions as to the degree and method of coercion used against you and how you came to describe events in 2004 that could not possibly have happened. This examination will be used to determine the quantum of punitive damages, and to perhaps take other measures to ensure that neither

Govt. Renewed Motion for Witness Deposition
United States v. Rosenau, CR06157MJP - 20

you, or Ms. Roe engage in alternative means to procure false testimony from you in regard to the summer of 2004.

In the event that, as I expect, that examination produces the sympathetic view of your circumstances and demonstrates regret for what has happened, then I expect that certainly this sad affair will not have unfortunate financial hardship imposed upon you in addition to the other problems you have encountered. You will, of course, be prohibited from going to the United States for any reason, however, as you are probably aware, in normal circumstances you would not be allowed entry to the US at any rate.

What has happened to you, and what has happened to Mr. Rosenau, is of great political importance in this country in the light of how it demonstrates the ends to which the US will go to secure, or blatantly manufacture, false statements in extradition proceedings, and how Canadian courts and the Canadian minister of justice simply rubber stamp every extradition request. If you have an interest in speaking to the media on your treatment, Bob Keating, one of CBC's best radio and investigative reporters, would be very interested in hearing from you when this civil matter is concluded. With your permission, I will pass along your contact details to him, or I can provide you with his contacts.

I have taken exception to the tone of the person who either was Mr. Moffat, or was pretending to be Mr. Moffat (the stationary was just made up in a computer), and I am taking other steps as a result of his letter, or letters, I believe it was. I do not propose to engage him again on this matter and if I am forced to, I will take that as a demonstration of lack of remorse on your part and will not make inquiries as to the extenuating circumstances that might be relevant to the awards of damages. If you choose another counsel, I would be happy to hear what he or she has to say.

On a personal level, I have had a look at your Facebook page and the profile picture you currently have up. I have to say it gives me great cause for concern for how it portrays a grim world, a desperate sense of hopelessness, and the terrible resolution of that hopelessness. I hope you step back from that hopelessness and realize that it is hope and love that really exist where you now see that terrible picture. You are, from what I have heard, an intelligent person. You have many friends. I understand you have children of your own who undoubtedly love you. Do not despair over this civil matter. It is a natural resolution with an objective of an honest and just end.

When I was in my late teens, I fell into a bad situation that seemed hopeless. I received a letter from my father, who was far away. In it he said, "Remember, Pat, the greatest champions are those who come up off the canvas to win".

I hope to see that terrible picture gone by tomorrow.

Padraig



No 14781

Quesnel Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

Between

### HENRY CARL ROSENAU

Plaintiff

and

### KIP JOHN WHELPLEY

Defendant

**BEFORE A REGISTRAR**

The Plaintiff having filed and served a Notice of Civil Claim and the Defendant Kip John Whelpley having failed to file and serve a Response to Civil Claim within the time allowed:

**THIS COURT ORDERS THAT:**

The Defendant pay to the Plaintiff general and punitive damages to be assessed.

The Defendant pay to the Plaintiff specific damages to be assessed

THIS COURT FURTHER ORDERS THAT Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America until further order of this Court, with the form of the Order to be approved by the Court on application.

THIS COURT FURTHER ORDERS THAT the Defendant pay to the Plaintiff Costs to be assessed.

Dated this 7th day of March, 2011

_____
District Registrar

From: Bruce Erickson [mailto:brucederickson@hotmail.com]
Sent: Friday, October 21, 2011 10:36 AM
To: Roe, Susan (USAWAW); Perez, Marc (USAWAW)
Subject: FW: Can you please read and advise

---

Subject: Can you please read and advise
From: '
Date: Thu, 20 Oct 2011 15:25:09 -0700
To: brucederickson@hotmail.com

This has been some constant crap I've been dealing with up here. Please read and then give me a call.

Thanks.

Kip.

Begin forwarded message:

> From: Padraig Mac Roibeaird < pmacroibeaird@gmail.com >
> Date: 20 October, 2011 1:26:35 PM PDT
> To: Kip Whelpley
> Subject:Re: Address for service

"Mr. Whelpley,

Please confirm that this remains the correct address for service for documents in the civil matter between yourself and Mr. Henry Rosenau in the Supreme Court of British Columbia.

There is a document to be served which you may already have, but for which you have not acknowledged receipt of service. It is the order of the Court made March 7th, 2011 reflecting Default Judgment and four Orders made. Two orders are in respect of general and punitive damages to be assessed, and for specific damages. These Orders are not presently being pursued, but there is a further Order in the nature of a prohibition which reads as follows:

"THIS COURT FURTHER ORDERS THAT Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America until further order of this Court, with the form of the Order to be approved by the Court on application."

I have previously forwarded a copy of the Order of default judgment to you at this email and have had no response. The concern which now arises comes from information originating in the United States to the effect you may be considering defying the order of the Supreme Court of British Columbia and travelling to the United States in contravention of the Order.

I accept that this information may be provided falsely and maliciously by the US government, however it makes it necessary that I, as Mr. Rosenau's agent in this matter, either confirm your acknowledgment of receipt of the Order of March 7th, 2011 and your acknowledgment that you intend to abide by the terms of the Order, or that I take steps to serve the order on you and have independent confirmation of service in order that Mr. Rosenau may have legal recourse in the event you violate the terms of the Order.

I enclose again a scanned copy of the Order. Please acknowledge receipt of the Order here, and acknowledge your intent to comply with the terms of the prohibition section of the Order.

If I have not had acknowledgment by 9am tomorrow, Friday, October 21, 2011 I will forward the Order to the Sheriffs at Vernon courthouse and have them personally serve it on you. The fourth Order made by the Court is an order for costs, and the costs of service, if necessary, will be charged to you under this Order.

I can be contacted at this email if you intend to acknowledge service and compliance with the Order.

Regards


Padraig Mac Roibeaird



No 14791

Quesnel Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

Between

**HENRY CARL ROSENAU**

Plaintiff

and

**KIP JOHN WHELPLEY**

Defendant

BEFORE A REGISTRAR

The Plaintiff having filed and served a Notice of Civil Claim and the Defendant Kip John Whelpley having failed to file and serve a Response to Civil Claim within the time allowed:

THIS COURT ORDERS THAT:

The Defendant pay to the Plaintiff general and punitive damages to be assessed.

The Defendant pay to the Plaintiff specific damages to be assessed

THIS COURT FURTHER ORDERS THAT Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America until further order of this Court, with the form of the Order to be approved by the Court on application.

THIS COURT FURTHER ORDERS THAT the Defendant pay to the Plaintiff Costs to be assessed.

Dated this 7th day of March, 2011

District Registrar

3