The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY ROSENAU<br><br>　　　　Defendant. | No. CR06-157MJP<br><br>DEFENDANT'S RESPONSE TO EMERGENCY MOTION TO CONTINUE TRIAL PURSUANT TO CR 12(c)(9)<br><br>NOTED: Wednesday, November 2, 2011 at 9:30 a.m. |

　　COMES NOW, HENRY ROSENAU, by and through his counsel of record, Craig A. Platt, and hereby submits this Response to the government's Emergency Motion to Continue Trial Pursuant to CrR 12(c)(9).

**<u>INTRODUCTION</u>**

　　The government has failed to exercise due diligence with respect to determining the availability of its witnesses and foreign evidence. The government has ignored this Court, has not adequately conferred with its witnesses, has failed to obtain assurances from the Canadian authorities concerning the legality of its evidence, and is only now using formal process to obtain

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

evidence from Canada despite the Defense's consistent requests for all discovery including *Brady* and *Giglio* materials. The Defendant should not be further prejudiced and subject to indefinite incarceration due to the Government's lack of attention to this matter.

## **LAW AND ARGUMENT**

I.  **LACK OF DILIGENT PREPARATION**

The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in…bringing a defendant to trial. Fed. R. Crim. P. 48(b)(3). This Rule grants the trial court inherent power, derived from common law, to dismiss a case for want of prosecution, whether or not there has been a Sixth Amendment violation. *United States v. Simmons*, 536 F.2d 827, 832 (9th Cir. 1976).

The granting of a continuance lies within the sound discretion of the trial judge and will be reversed only upon a showing of a clear abuse of discretion. *United States v. Michelson*, 559 F.2d 567, 572 (9th Cir. 1977)(citing *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); *United States v. Harris*, 501 F.2d 1 (9th Cir. 1974); *Daut v. United States*, 405 F.2d 312 (9th Cir. 1968), cert. denied, 402 U.S. 945, 91 S.Ct. 1624, 29 L.Ed.2d 114 (1971); *Torres v. United States*, 270 F.2d 252 (9th Cir. 1959), cert. denied, 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960)). The factors which a judge shall consider in determining whether to grant a continuance under 18 USC §1361(h)(7)(A) include whether the failure to grant such a continuance in a case "would deny counsel…for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C §3161(h)(7)(B)(iv)(emphasis added). "No continuance under [18 U.S.C. §3161(h)(7)(A)] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation…." 18 U.S.C. §3161(h)(7)(C). When a continuance is sought to obtain witnesses, it must be shown who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained if the continuance is granted, and due diligence has been used to obtain their attendance on the day set for trial. *See United States v. Hoyos*, 573 F.2d 1111, 1114 (9th Cir.1978)(citing *Leino v. United States*, 338 F.2d 154, 156 (10th Cir. 1964); *Dearinger v. United States*, 468 F.2d 1032 (9th Cir. 1972); *United States v. Harris*, 436 F.2d 775 (9th Cir. 1970); *McConney v. United States*, 421 F.2d 248 (9th Cir. 1969),

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

cert. denied, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970); *Powell v. United States*, 420 F.2d 799 (9th Cir. 1969)).

   *a. Kip Whelpley*

On August 11, 2011 the government moved this court for the authorization for the deposition of Kip Whelpley. (*See* Dkt. No. 27). The government, in its Motion for Authorization of Witness Deposition, provided no compelling reasons for the deposition, but rather claimed that Mr. Whelpley had "no legal standing in, or interest in returning to, the United States." (Dkt. No. 27 at page 3). The Defense responded by pointing out that the government failed to meet its burden to show the existence of "exceptional circumstances" to warrant the deposition. (Dkt. No. 28). The government chose to file no reply. The government did not move to depose any other witnesses.

This Court denied the government's Motion for Authorization of Witness Deposition. (*See* Dkt. No. 34). However, this Court specified in its Order that the denial of the deposition was without prejudice and invited the government to "resubmit the request, accompanied by sufficient corroborating facts to satisfy the 'exceptional circumstances' requirement." (*Id*.) Furthermore, in the Order, this Court posed specific questions to the government including:

> Is the prospective deponent's refusal to travel to the United States to be deposed merely a personal preference? Are there any factors which prevent this witness from crossing the U.S. – Canadian border?

(*Id*.)

The government ignored these questions and chose to not follow up with its witness. The Court posed the above questions to the government on September 7, 2011. (*Id*.) The Canadian Order enjoining Mr. Whelpley from traveling to the U.S. for the purposes of testifying against Mr. Rosenau has been in existence since March 7, 2011. Trial was set for November 7, 2011 on May 24, 2011. Now, on October 31, 2011, a week before trial, the government seeks to continue trial due in part to the unavailability of Mr. Whelpley. The government has had ample time to make arrangements with its witness and Canadian authorities or file a new motion for deposition. The

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

government chose to ignore the Court's input contained in the order denying their request to depose Mr. Whelpley. The government has failed to exercise due diligence with respect to Kip Whelpley's attendance at trial or deposition.

### b. Foreign Evidence

On May 20, 2011, a joint motion to continue trial date and pretrial motions date was filed. (Dkt. No. 17). In this motion it was noted that the government was working to obtain access to Canadian witnesses, was planning to file CrR 15 motions to depose Canadian witnesses, and that relevant evidence was in Canada which may be necessary to obtain through an MLAT. *Id*. at page 5. Thereafter, on September 6, 2011, the Defense submitted a motion to Continue the Filing Deadline or to Compel Production of Discovery. (Dkt. No. 30). The government responded by claiming that no "*No Order Compelling Discovery or Extending Motion Deadline is Necessary at this Time*." (Dkt. No. 36 at page 7). The government claimed that "discovery has been provided and any additional discovery continues to be provided as it is received." (*Id*.) [1]

On September 6, 2011, the Defense submitted a motion to suppress contending that a joint venture existed in this matter and that all evidence seized by the RCMP on September 21, 2005 must be suppressed. (Dkt. No. 32). The government responded that "the search of the helicopter and property was not a joint venture, but was part of a Canadian investigation." (Dkt. No. 36 at page 5). However, no criminal charges have been filed against Mr. Rosenau in Canada. The government made this contention despite AUSA Douglas B. Whalley's Legal Statement in Support of Request for Extradition of Henry C. Rosenau wherein AUSA Whalley states, "[t]he case arose out of a joint investigation by the Royal Canadian Mounted Police (RCMP) and agents of the United States Bureau of Immigration and Customs Enforcement (ICE)." (Bates 28).

The government further contended that the RCMP activities on 21, 2005 was product of mere "routine information sharing." Dkt. No. 36 at page 5. However, now the government

---

[1] Despite the Defense's request for the good faith and timely production of discovery, the government has opted to wait and provide discovery to the Defense until shortly before trial. The Defense has only just received substantial discovery within the past few weeks including the most recent discovery provided to the Defense as of October 31, 2011. This is further evidence of the government's failure to exercise due diligence and properly provide the Defense with discovery in a timely fashion.

DEFENDANT'S RESPONSE TO EMERGENCY  
MOTION TO CONTINUE TRIAL/ROSENAU-4  
No. CR06-157MJP

PLATT & BUESCHER  
Attorneys at Law  
P.O. Box 727  
Coupeville, WA 98239  
Phone: (360) 678-6777  
Fax: (360) 678-0323

claims that it cannot proceed without this information. Additionally, the government further contended that "[i]f the U.S. agents reasonably relied on the foreign officer's representation regarding the legality of the search, the evidence is admissible in American Courts." (*Id.*) Now the legality of the search conducted by the RCMP is in question. The Government has not demonstrated that it obtained any assurances from Canadian Officials concerning the legality of the search. In fact, the government now contends it needs a continuance as Legal Counsel for the RCMP has advised the RCMP not to testify in the United States or produce the evidence at this time. (Dkt. No. 54 at page 6). Moreover, the government has revealed that it is only now using formal legal process through an MLAT in order to obtain evidence from the RCMP. (*Id.*)

## **CONCLUSION**

The government's motion for a continuance must be denied due to its failure to exercise due diligence. The government has had ample opportunity to make arrangements for the availability of their witnesses, use formal legal process through an MLAT, and to seek assurances from the Canadian government that the RCMP search conducted on September 21, 2005 was lawful.

The government now claims surprise. However, these issues have existed for a substantial period of time. But for the government's failure to exercise due diligence a continuance would not be necessary. Mr. Rosenau should not be confined indefinitely and witnesses and evidence must not be permitted to become further stale.

Respectfully submitted this 1st day of November, 2011.

PLATT & BUESCHER


*s/Craig Platt*_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 11/1/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

                                                *s/Craig Platt*_____
                                                Craig Platt
                                                Attorney for Defendant
                                                WSBA #12396
                                                P.O. Box 727
                                                Coupeville, Washington 98239-0727
                                                Telephone: (360) 678-6777
                                                Fax: (360) 678-0323
                                                Email: craig@plattbuescher.com

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-6
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

DEFENDANT'S RESPONSE TO EMERGENCY
MOTION TO CONTINUE TRIAL/ROSENAU-7
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323