The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY ROSENAU<br><br>　　　　Defendant. | No. CR06-157MJP<br><br>MOTION FOR REVOCATION<br>OF DETENTION ORDER<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTED: Wednesday, November 9th 2011<br>at 9:00am |

DEFENDANT ROSENAU, by and through his counsel of record, Craig A. Platt, respectfully submits this Motion for Revocation of Detention Order pursuant to Local Rule MJR 11 and 18 U.S.C. §3145(b). The Defendant respectfully moves this Court for an Order Revoking the Detention Order issued by Magistrate Judge Brian Tsuchida on October 28, 2011. This motion is based on the facts and law set forth below and the attached Redacted Affidavit of Padraig Mac Roibeaird (Def. Exs 1).

**I.　　INTRODUCTION**

Clear and convincing evidence is the standard that applies in a bond revocation hearing where it is alleged that a defendant violated the conditions of release. The government has not shown that Mr. Rosenau had any direct contact with witnesses. The government has not shown

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

Mr. Rosenau authorized, had knowledge of, or ratified the actions of another third party who attempted to make contact with Mr. Whelpley following imposition of release conditions. The government has not met its burden and has not satisfied the clear and convincing evidence standard.

Furthermore, even if it is assumed, in *arguendo*, that clear and convincing evidence of a violation could be found—the court, before entering an order of revocation and detention, must further find that there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by the conditions of release. Release conditions will assure Mr. Rosenau's future appearance as well as the safety of others. Mr. Rosenau has and will comply with all conditions of release.

## II.     FACTS RELEVANT TO MOTION

Padraig Mac Roibeaird (hereinafter Mr. Roberts) is the founder and chairman of the Progressive Nationalist Party of British Columbia. The Progressive Nationalist Party of British Columbia advocates the secession of British Columbia from Canada and the legalization of marijuana. Mr. Roberts is also actively involved in politics concerning the extradition process between Canada and the United States. Def. Exs 1 (*Redacted Affidavit of Padraig Mac Roibeaird* at ¶15). Therefore, Mr. Roberts has taken a personal interest in the legal proceedings concerning Mr. Rosenau.

Following the commencement of extradition proceedings in Canada related to this matter, Mr. Roberts assisted Mr. Rosenau in obtaining legal counsel. *Id*. at ¶11. Mr. Roberts introduced Mr. Rosenau to Mr. Douglas Jevning—a Canadian lawyer from Vancouver who provided Mr. Rosenau with legal representation concerning the Canadian extradition proceedings. *Id*. at ¶11. Following the decision of the British Columbia Court of Appeal decision concerning Mr. Rosenau's extradition, Mr. Roberts introduced Mr. Rosenau to Dr. Gary Botting. Dr. Gary Botting is one of Canada's leading authorities on extradition law. *Id*. at ¶12. After Dr. Botting began representing Mr. Rosenau, Mr. Roberts assisted Dr. Gary Botting in a "pro bono paralegal assistant type role." *Id*. at ¶12.

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

In the fall of 2010, Mr. Roberts came up with the idea that Mr. Whelpley was liable in Canada for the false and malicious prosecution of Mr. Rosenau. *Id*. at ¶30. Mr. Roberts contacted Dr. Botting about his "analysis," but Dr. Botting declined any involvement. *Id*. at ¶34. Therefore, Mr. Roberts took initiative to become Mr. Rosenau's "agent" in the civil matter. *See Id*. at ¶3, ¶44. Thereafter Mr. Roberts drafted a Notice of Civil Claim. *See* Dkt. No 51-1 at page 5; Def. Exs 1 (*Redacted Affidavit of Padraig Mac Roibeaird* at ¶7). Finally, on or about January 17, 2011, Mr. Roberts filed suit against Mr. Whelpley. *See* Dkt. No. 51 at page 4.

On March 7, 2011, the Supreme Court of British Columbia in Quesnel, British Columbia issued an Order enjoining Mr. Whelpley from leaving Canada. Dkt. No. 51-1 at page 19. Thereafter, on March 9, 2011, Mr. Roberts emailed Kip Whelpley and notified Mr. Whelpley of the Order. In this email Mr. Roberts explains that this matter is of "great political importance" and that "it demonstrates the ends to which the US will go to secure, or blatantly manufacture, false statements in extradition proceedings, and how Canadian courts and the Canadian minister of justice simply rubber stamp every extradition request." Dkt. No 51-1 at page 14. Mr. Roberts further explains to Whelpley in this email that it is his "intention that the application include an Order that you appear before a court reporter to answer questions about the degree and method of coercion used against you and how you came to describe events in 2004 that could not possibly have happened. *Id*. at page 13. Prior to this email, Roberts revealed to Whelpley how he was the individual who drafted Notice of Civil Claim that initiated the civil suit against Whelpley and further went on to explain: "I personally doubt you ever said what [the AUSA] says you did, or in the alternative believe that the US authorities threatened and coerced you into signing a prepared admission and in those circumstances you felt compelled to go along with their lie. Dkt. No 51-1 at page 5.

On May 4, 2011, Mr. Rosenau was released from custody on the condition that he not have direct or indirect contact with any existing and/or future witnesses in this matter. (Dkt. No. 13). Following his release, Mr. Rosenau showed Mr. Roberts the no contact order and clearly stated to Mr. Roberts that he did not want any contact with Whelpley related to the civil proceedings. Def. Exs 1 (*Redacted Affidavit of Padraig Mac Roibeaird* at ¶46 ,¶49). Mr. Roberts was further instructed by Defense Counsel to not have any contact with Mr. Whelpley. *Id*. ¶51.

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

0

Mr. Roberts apparently made no further attempts to contact Mr. Whelpley until October 20, 2011. *See* Dkt. No. 51 at page 5.

Despite receiving clear instructions to make no further contact with Mr. Whelpley, Mr. Roberts chose to act without any actual or apparent authority and emailed Mr. Whelpley on October 20, 2011. Def. Exs 1 (*Redacted Affidavit of Padraig Mac Roibeaird* at ¶60, ¶63, ¶70. In his email, Mr. Roberts seeks acknowledgement of receipt of the Order issued by the Supreme Court of British Columbia and further informs Mr. Whelpley of the injunction against his entry into the United States. Dkt. No. 51-1 at page 17.

Mr. Rosenau never approved of or ratified the actions of Mr. Roberts on October 20, 2011. Mr. Roberts acted alone. Mr. Rosenau had no knowledge of Mr. Robert's actions on October 20, 2011. Mr. Roberts has used this case as an outlet to express his personal political convictions. Mr. Rosenau is now subject to confinement due to the independent actions of another.

Mr. Rosenau has been very cooperative and compliant with his Pre Trial Release Conditions. He has travelled hundreds of miles and appeared at every court hearing, every meeting with his Supervisor on Pre Trial Release, Julie Busic, and has even attended a meeting in Seattle with AUSA Roe, at her request. He has no prior criminal history of any kind whatsoever, and for sixty years has led an exemplary life, caring for his family, working hard as a truck driver and heavy equipment operator, and assisting his ailing elderly mother and step-father. In addition, his significant other, Veronica Shwartz, is dying from Stage 4 Cervical Cancer, and relies on Mr. Rosenau for assistance and support. Unfortunately, Mr. Rosenau's mother died yesterday. He would like to attend her funeral, and assist her disabled surviving husband, Mr. Rosenau's step-father.

### III.  LAW AND ARGUMENT

#### a. *No Clear and Convincing Evidence*

The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. "The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer…finds that there is— (A) probable cause to believe that the person has committed a…crime while on release; or (B) clear

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-4
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

and convincing evidence that the person has violated any other condition of release…" 18 U.S.C. §3148(b)(1).  This statute places the burden of proof on the government.  The government must show clear and convincing evidence of a violation of release conditions.

Clear and convincing evidence "is a heavier burden than the preponderance of the evidence standard."  *Murphy v. I.N.S.*, 54 F.3d 605, 610 (C.A.9,1995); *see also* Ninth Circuit Model Civil Jury Instructions 1.4 Burden of Proof—Clear and Convincing Evidence.  Clear and convincing evidence has been described as evidence that will place in the ultimate fact finder an abiding conviction that factual contentions are highly probable.  *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 2438 (1984).

Here, following the imposition of release conditions, Mr. Rosenau was adamant about complying with the conditions of his release.  In fact, Mr. Rosenau initiated contact with Julie Busic to seek a clarification as to who the potential witnesses in the case were out of fear that he would make contact with a witness unwittingly.  Furthermore, Defense Counsel for Mr. Rosenau told Mr. Roberts to have no contact with Whelpley.  Finally, Mr. Rosenau personally explained to Mr. Roberts that he did not want any contact to be made with Whelpley concerning the civil suit.  Mr. Roberts has admitted that he acted alone.  Mr. Robert's political leanings and convictions were the driving force behind his independent actions.  Mr. Rosenau did not have indirect contact with Whelpley.  Mr. Roberts acted alone, against the express wishes and instructions of Mr. Rosenau and his attorneys.

Release conditions were placed on Mr. Rosenau on May 4, 2011.  The government has offered 7 exhibits in an attempt to show a violation of the release conditions (Dkt. No. 51-1). Exhibit 1 concerns emails sent by Mr. Roberts prior to May 4, 2011.  Exhibit 2 concerns Letters of Robert Moffat, Canadian Counsel for Kip Whelpley all dated prior to May 4, 2011.  Exhibit 3 concerns additional emails sent my Mr. Roberts prior to May 4, 2011.  The government has only offered a single email written after May 4, 2011.  This email was not written by Mr. Rosenau, was not authorized by Mr. Rosenau, and was not ratified by Mr. Rosenau.  The government has failed to meet its burden by producing clear and convincing evidence that Mr. Rosenau violated conditions of his release.

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

*b. Conditions Will Assure Appearance and Safety of Others*

In addition to finding clear and convincing evidence of a violation of a release conditions, the judicial officer must also find, "(A) based on the factors set forth in [18 U.S.C §3142(g)], that there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by the conditions of release." 18 U.S.C. §3148(b)(2).

The Defense maintains that the government has not shown that Mr. Rosenau has violated release conditions, and not shown that Mr. Rosenau is unlikely to abide by future conditions nor that no conditions will assure his presence and safety of others. To the contrary, Mr. Rosenau has been extremely cooperative while on release and has appeared at Court when required (e.g. most recently on 10/28/2011). Mr. Rosenau does not pose a danger to others. Mr. Rosenau has and will continue to abide by all conditions of his release. The government has been unable to show evidence to the contrary. Finally, detaining Mr. Rosenau will not prevent Mr. Roberts from continuing to act on his own initiative, without authorization from Mr. Rosenau. Mr. Roberts is beyond Mr. Rosenau's control.

### IV.    CONCLUSION

18 U.S.C. §3148 requires clear and convincing evidence of a violation of a release conditions before the defendant may be detained. Mr. Rosenau did not violate the conditions of his release. The government has not presented clear and convincing evidence of a violation. Mr. Roberts acted independently based on his own personal political zealotry.

Additionally, 18 U.S.C. §3148 requires the government to show that the defendant will likely violate conditions again or that no combination of conditions will assure future appearance or the safety of others. Mr. Rosenau has been compliant during his release and has abided by the conditions of his release. Mr. Rosenau is likely to abide by future conditions and does not pose a flight risk or danger to the community. The government has not shown Mr. Rosenau will violate future conditions and has not shown he poses a flight risk or danger to others.

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-6
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

Respectfully submitted this 4th day of November, 2011.

           PLATT & BUESCHER

           *s/Craig Platt*_____
           Craig Platt
           Attorney for Defendant
           WSBA #12396
           P.O. Box 727
           Coupeville, Washington 98239-0727
           Telephone: (360) 678-6777
           Fax: (360) 678-0323
           Email: craig@plattbuescher.com

## CERTIFICATE OF SERVICE

I hereby certify that on 11/4/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telephax.

           *s/Craig Platt*_____
           Craig Platt
           Attorney for Defendant
           WSBA #12396
           P.O. Box 727
           Coupeville, Washington 98239-0727
           Telephone: (360) 678-6777
           Fax: (360) 678-0323
           Email: craig@plattbuescher.com

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-7
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

MOTION FOR REVOCATION
OF DETENTION ORDER/ROSENAU-8
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323