The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>         v.<br><br>HENRY C. ROSENAU<br><br>                          Defendant. | NO. CR06-157MJP<br><br>RESPONSE TO GOVERNMENT'S MOTION FOR AUTHORIZATION OF WITNESS DEPOSITION |

The DEFENDANT, by and through his counsel of record, Craig A. Platt, hereby files this response to the Government's motion for authorization of witness deposition.

## I.      BACKGROUND

On August 11, 2011 the government moved this court for the authorization for the deposition of Kip Whelpley. (*See* Dkt. No. 27). The government, in its Motion for Authorization of Witness Deposition, provided no compelling reasons for the deposition, but rather claimed that Mr. Whelpley merely had "no legal standing in, or interest in returning to, the United States." (Dkt. No. 27 at page 3). The Defense responded by pointing out that the government failed to meet its burden to show the existence of "exceptional circumstances" to

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

warrant the deposition.[1]  (Dkt. No. 28).  The government chose to file no reply.  The government chose to not make further inquiries with respect to the availability of Whelpley or failed to adequately determine whether Whelpley was available to testify.  The government seemingly abandoned its initial attempt to depose Whelpley.

This Court denied the government's Motion for Authorization of Witness Deposition. (*See* Dkt. No. 34).  However, this Court specified in its Order that the denial of the deposition was without prejudice and invited the government to "resubmit the request, accompanied by sufficient corroborating facts to satisfy the 'exceptional circumstances' requirement."   (*Id*.) Furthermore, in the Order, this Court posed specific questions to the government including:

Is the prospective deponent's refusal to travel to the United States to be deposed merely a personal preference?  Are there any factors which prevent this witness from crossing the U.S. – Canadian border?

(*Id*.)

The government ignored these questions and chose to not follow up with its witness.  The Court posed the above questions to the government on September 7, 2011.  (*Id*.)  The Canadian Order enjoining Mr. Whelpley from traveling to the U.S. for the purposes of testifying against Mr. Rosenau has been in existence since March 7, 2011.  The government has since been in contact with Bruce Erickson, counsel for Mr. Whelpley.  Trial was set for November 7, 2011 on May 24, 2011.  Now, on October 31, 2011, the government renewed its motion for the deposition of Whelpley.

The government has admitted that "Mr. Whelpley's trial testimony will be lengthy as he is a central and knowledgeable fact witness in the government's case in chief."  (Dkt. No. 55).

---

[1] The government now claims that the Defense's position that the government failed to meet its burden to show the existence of exceptional circumstances to warrant the deposition of Kip Whelpley was somehow unjustified.  The Defense's maintains that its position was clear—the government did not meet its burden to show exceptional circumstances existed in its initial motion to depose Whelpley.

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Moreover, the government claims that "Mr. Whelpley is the only co-conspirator prosecuted in this District who continues to honor his cooperation agreement with the U.S. government." (*Id.*). Therefore Mr. Whelpley's testimony appears to be of central importance to the government's case.

The Defense maintains that countervailing factors exist which render the deposition unjust. The government's desire to depose Mr. Whelpley will circumvent the Sixth Amendment Confrontation Clause and result in unreliable and biased testimony to be taken outside of the presence of the jury.

## II.  LAW AND ARGUMENT

Whether to grant or deny a motion to depose a proposed witness in a criminal matter is discretionary. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998)(citing *Furlow v. United States*, 644 F.2d 764, 767 9th Cir. 1981)). The Eleventh Circuit adopted a test to determine whether a court should grant a Rule 15 motion. The test considers three factors: (1) the witness is likely to be unavailable at trial; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).

"In all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court and Ninth Circuit have "emphasized the policy favoring expansive witness cross-examination *in criminal trials*." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007)(quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000)(emphasis added). The Confrontation Clause includes the right of

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 3
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

effective cross examination. *Larson*, 495 F.3d at 1102(emphasis added). Effective cross examination is critical to a fair trial because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id*. at 1102 (quoting *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110 (1974)). Full disclosure of all relevant information concerning adverse witnesses' past record and activities through cross examination and otherwise is indisputably in the interests of justice. *Lo*, 231 F.3d at 482 (citing *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993)). "[J]urors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [the Government's witness'] testimony." *Larson*, 495 F.3d at 1102 (quoting *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111). The use of depositions in criminal cases is not favored because the factfinder does not have an opportunity to observe the witness' demeanor. *United States v. Milian-Rodriquez*, 828 F.2d 670, 686 (11th Cir. 1987)(emphasis added).

The Defense maintains that countervailing factors and profound Constitutional concerns exist that justify the denial of the Government's motion for authorization of deposition. The Government's case depends heavily on the testimony of Whelpley. Additionally, Whelpley's presence in Canada renders him beyond sanctions for perjury. Therefore, it is in the interests of justice that Mr. Whelpley's testimony be given at trial. The Government must not be afforded a position to present its case based primarily on a witness the jury cannot observe. *See Crawford v. Washington*, 541 U.S. 36, 44-45, 124 S.Ct. 1354, 1360 (2004)(noting the abusive trial of Sir Walter Raleigh where out of court allegations of an alleged accomplice were read to the jury and led to Raleigh's death sentence).

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Moreover, the government has claimed that the Canadian lawsuit is "vexatious" and against public policy. However, Whelpley did not challenge this Order and has apparently taken no steps to vacate the Order. If the Order truly is vexatious, against public policy, or without merit, as the government claims, Mr. Whelpley or another acting on his behalf should be able to have the Order vacated and attend trial thereafter.

### III. CONCLUSION

Countervailing circumstances exist that require Whelpley's attendance at trial. Mr. Whelpley appears to be the government's central witness. The government has moved to continue trial due in part to Whelpley's purported unavailability. Mr. Whelpley's attendance at trial is critical for both the government and the defense. The jury must be afforded the opportunity to observe his demeanor and evaluate his creditability. If the Canadian civil suit is truly without merit and Mr. Whelpley's purported allegations are not defamatory, Mr. Whelpley should ultimately be able to vacate the Order and attend trial. Considering the particular circumstances of this case, the court should exercise its discretion and deny the deposition in favor of live testimony before the jury and more reliable fact finding procedures.

DATED this 7th day of November, 2011.

Respectfully submitted,
PLATT & BUESCHER


s/Craig Platt_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 5
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

CERTIFICATE OF SERVICE

I hereby certify that on 11/7/2011, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the attorney(s)

of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the

defendant(s) that are non CM/ECF participants via telephax.

_s/Craig Platt_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 6
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323