UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR06-157MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEADING FOR STATUS |
| | ) | CONFERENCE OF |
| HENRY ROSENAU, | ) | NOVEMBER 9, 2011 |
| | ) | |
| Defendant. | ) | |

# Exhibit 1

VANCOUVER

NOV 04 2011

COURT OF APPEAL REGISTRY

NOTICE OF APPEAL

CA039459

Lower Court Registry Number: 19508
Lower Court Registry Location: Vancouver

## COURT OF APPEAL

### REGINA

Respondent

v.

### HENRY CARL ROSENAU

Appellant

Date of Judgment Appealed from: November 2, 2011
Justice: Mr. Justice Wilkinson, British Columbia Supreme Court

TAKE NOTICE that the Appellant appeals against the judgment of the Honourable Mr. Justice Wilkinson on grounds involving questions of law alone. The grounds for appeal are:

1. That the learned justice erred in law in his conclusion that he could not adjudicate on the Appellant's application for relief under section 24(1) of the *Canadian Charter of Rights and Freedoms* ("the Charter") in connection with an admittedly warrantless search and seizure made in violation of section 8 of the Charter and/or without reference to the search and seizure provisions of the *Mutual Legal Assistance in Criminal Matters Act* (*MLA Act*) and Treaty.

2. That the learned justice erred in law in ruling that he could not give orders in the nature of declaration, mandamus and prohibition to prevent the RCMP from disclosing to the United States evidence seized in contravention of section 8 of the Charter and/or seized without reference to due process as set out in the provisions of sections 10 to 16 of the *MLA Act* and Treaty.

3. That the learned justice erred in law in holding that he did not have jurisdiction to issue an order preventing officers of the RCMP from testifying against the appellant in a U.S. trial when the essence of their expected testimony is the introduction of Canadian evidence seized in contravention of the Charter and/or without reference to the clear search and seizure and sending provisions set out in sections 10 to 21 of the *MLA Act*.

4. That taken together, and severally, these errors of law amount to a refusal or failure of the learned justice to exercise his jurisdiction in the Appellant's Charter application, specifically with respect to abuse of process and search and seizure.

The relief sought is:

1. An order directing the learned justice to exercise his jurisdiction over the subject matter of search and seizure in conformity with sections 7 and 8 of the Charter, including whether actions of the RCMP near Yale, British Columbia on September 21, 2005 constituted violations of sections 7 and 8 of the Charter, and if so finding, whether the remedies and relief sought in the application, including those of section 24 of the Charter, should be granted as requested.

2. An order in the nature of mandamus compelling the learned justice to exercise his jurisdiction with respect to the violation of due process implicit in the RCMP sending evidence to a foreign country without reference to the search, seizure and sending provisions of the *Mutual Legal Assistance in Criminal Matters Act*.

3. An order directing that the learned justice was wrong in law to refuse Charter relief on the basis that this was a matter before the U.S. courts when the evidence has not yet been sent to the United States in any usable form, and the RCMP officers concerned have not yet testified with respect to their gathering of evidence in Canada.

4. An order of prohibition preventing the RCMP from disclosing or sharing or "sending" evidence from Canada to the United States without first following the procedures explicitly set out in the *Mutual Legal Assistance in Criminal Matters Act*, and until such time as the issues raised in this appeal are judicially settled.

The Appellants address for service is:

Dr. Gary Botting
Barrister and Solicitor
1088 Grover Avenue
Coquitlam, BC V3J 3G1

Tel: 778-355-6106
Fax: 778-355-0065

Dated this 4th day of ~~October~~ November, 2011

G.N.A. Botting
Counsel for Appellant

TO: The Registrar

And to:

The Attorney General of Canada
Federal Prosecutions Service
900 840 Howe Street
Vancouver, B.C.
V6Z 2S9

Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR06-157MJP |
| Plaintiff, | |
| v. | |
| HENRY ROSENAU, | |
| Defendant. | |

DECLARATION OF LES ROSE

I, Les Rose, hereby declare that I am legal counsel in the Legal Advisory Section, Royal Canadian Mounted Police - Criminal Operations, Department of Justice, in Vancouver, British Columbia, Canada. I make this declaration in my official capacity, at the request of the United States Attorney's Office, Western District of Washington, and in response to the United States Government's inquiry as to the effect on the availability of members of the Royal Canadian Mounted Police to testify in *United States v. Henry Carl Rosenau, CR06-157 MJP* in light of the November 4, 2011 filing of a Notice of Appeal in *Rosenau v. Regina*, CA039459. This Notice of Appeal appeals the decision of Mr. Justice Wilkinson entered on November 2, 2011, in British Columbia Supreme Court dismissing the plaintiff's petition in a matter also entitled *Rosenau v. Regina*.

1   For the past several days, the United States Government has been in contact
2   with me in my capacity as legal counsel. On October 28 and on October 31, 2011, I
3   sent Susan Roe, Assistant United States Attorney, letters stating my advice to the
4   Members of the Royal Canadian Mounted Police in regards to their testifying or
5   presenting evidence in the United States. When, on November 2, 2011, the initial
6   petition was dismissed I rescinded that advice and subsequently so notified the
7   Members and Ms. Roe.
8   However, in light of the Notice of Appeal filed on November 4, 2011, I hereby
9   incorporate those letters as my continuing advice and now must advise the United
10  States Government that those Members may only testify or present evidence pursuant
11  to a formal Mutual Legal Assistance Treaty.
12  Dated the _8th_ day of November, 2011.

LES ROSE
Counsel - Royal Canadian Mounted Police

DECLARATION OF LES ROSE
ROSENAU- 2