Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR06-157MJP |
| Plaintiff, | DEFENDANT'S RESPONSE TO STATUS REPORT REGARDING PROCESS OF GOVERNMENT'S MLAT REQUEST TO CANADA AND REQUEST FOR CONTINUANCE OF TRIAL DATE |
| v. | |
| HENRY ROSENAU, | |
| Defendant. | |

COMES NOW, HENRY ROSENAU, by and through his counsel of record, Craig A. Platt, and hereby respectfully submits this Response To Government's Status Report Regarding Process of Government's MLAT Request To Canada and Request for Continuance of Trial Date.

I.   <u>OBJECTION TO CONTINUANCE</u>

The Defense respectfully objects to any continuance of the currently scheduled trial date of March 19, 2012. The currently scheduled trial date was set in order to accommodate the Government's MLAT request. Further continuance will only serve to further prejudice the incarcerated Defendant.

RESPONSE TO STATUS REPORT REGARDING MLAT
AND REQUEST FOR CONTINUANCE/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

## II. OBJECTION TO PRODUCTION OF EVIDENCE IN VIOLATION OF PROCEDURES REQUIRED UNDER THE LAW OF THE REQUESTED STATE

The Government has indicated that, in order to proceed to trial, it is pursuing the production of evidence in the form of witness testimony and physical evidence currently located in British Columbia, Canada. The Government is attempting to produce such evidence pursuant to the Treaty Between the Government of Canada and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters (MLAT) *Treaty Doc. 100-14; 100th Cong., 2nd Sess. Exec. Rept. 100-28; 100th Cong, 2nd Sess. Exec. Rept 101-10; 101st Cong., 1st Sess. XXIV ILM No. 4, 7/85, 1092-1099.*

Pursuant to proper MLAT procedures, as outlined in Article V of the MLAT, the Requested State may deny assistance to the extent that the request is not made in conformity with the provisions of the treaty or execution of the request is contrary to its public interest.

Additionally, in British Columbia, MLAT procedures are addressed in the Mutual Legal Assistance in Criminal Matters Act, R.S.C. 1985, c. 30 (the "Act"). Section 15 of the Act reads, as follows:

> 15. (1) At the hearing to consider the execution of a warrant issued under section 12, after having considered any representations of the Minister, the competent authority, the person from whom a record or thing was seized in execution of the warrant and any person who claims to have an interest in the record or thing so seized, the judge who issued the warrant or another judge of the same court may
> (a) where the judge is not satisfied that the warrant was executed according to its terms and conditions or where the judge is satisfied that an order should not be made under paragraph (b), order that a record or thing seized in execution of the warrant be returned to
> (i)  the person from whom it was seized, if possession of it by that person is lawful, or
> (ii) the lawful owner or the person who is lawfully entitled to its possession, if the owner or that person is known and possession of the record or thing by the person from whom it was seized is unlawful;

Mutual Legal Assistance in Criminal Matters Act, Sec. 15, R.S.C. 1985, c. 30.

On July 5, 2002, the Supreme Court of British Columbia denied a request for assistance for records under the U.S. - Canadian Mutual Assistance in Criminal Matters Treaty due to a finding of abuse of process in connection with efforts to obtain records relevant to alleged tax

RESPONSE TO STATUS REPORT REGARDING MLAT
AND REQUEST FOR CONTINUANCE/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

offenses. *United States v. Schneider*, 2002 BCSC 1014, 2002 Carswell BC 1601, Docket: Vancouver BL0221.

The U.S. made the request pursuant to Section 15 of the Mutual Legal Assistance in Criminal Matters Act, R.S.C. 1985, c. 30 to obtain records and things seized by Royal Canadian Mounted Police, which were filed with the court, pursuant to Section 14 of the Act. The U.S. made the application, stating that it was investigating allegations that Mr. Schneider had committed fraud in violation of 18 U.S.C. Refusing to approve the "sending order", the court stated:

> The mutual legal assistance process in Canada is governed by the Act, which codifies into domestic law Canada's international obligations under its various treaties. In *R. v. Budd* (2000), 150 C.C.C. (3d) 108 (Ont. C.A.), the Ontario Court of Appeal considered the test for reviewing the sufficiency of a search warrant under the Act (which it held was the *R. v. Garofoli* [1990 CarswellOnt 119 (S.C.C.)] test) and the principles which govern at the s. 15 sending hearing. Rosenberg J.A., writing for the court, at pp. 121-122, said as follows:
>
> Thus, when the judge decides whether or not to send the seized materials to the requesting states at the hearing under s. 15 of the Act, the judge may consider the conduct of the Canadian authorities in obtaining the material used to support the information. It will be for the judge at the s. 15 hearing to decide whether an order should be made sending the material to the requesting states in view of the conduct of the Canadian authorities and the alleged Charter violations.

*Id*. at Para. 18.

Ultimately the court concluded that the sending order should not issue:

> In my opinion, if the legislative scheme created by the Act is frustrated by the conduct of the foreign state then the court cannot properly apply the provisions of the Act, and the foreign state should not have the benefit of the scheme.
> 56 I agree with respondent's counsel that in protecting the integrity of the legislative scheme the court should demonstrate its willingness to enforce and give effect to the protective mechanisms reflected in the statute, both for the protection of the Charter rights of its citizens, and to maintain respect for the court's own process. It follows then that such a demonstration can only be made implicitly by refusing to allow the legislative scheme to be abused by a party taking the benefit of those aspects that work to its advantage and circumventing others.
> 57 For these reasons, I am satisfied that a sending order should not be made….

RESPONSE TO STATUS REPORT REGARDING MLAT
AND REQUEST FOR CONTINUANCE/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

*Id*. at Para. 55-57.

In the present case, it appears that no "Sending Order Hearing" has been conducted by the courts in British Columbia. Further, Mr. Rosenau, as "the person from whom a record or thing was seized" has not been afforded an opportunity to be heard by the court in British Columbia, in violation of the provisions of the Mutual Legal Assistance in Criminal Matters Act, R.S.C. 1985, c. 30, which governs the application of MLAT provisions in the requested state.

The defense objects to the production of any evidence obtained from Canada, both in the form of witness testimony and physical evidence, in violation of the procedures required under the law of the requested state.

DATED this 16th day of February, 2012.

>Respectfully submitted,
>PLATT & BUESCHER
>
>
>*s/Craig Platt*_____
>Craig Platt
>Attorney for Defendant
>WSBA #12396
>P.O. Box 727
>Coupeville, Washington 98239-0727
>Telephone: (360) 678-6777
>Fax: (360) 678-0323
>Email: craig@plattbuescher.com

RESPONSE TO STATUS REPORT REGARDING MLAT
AND REQUEST FOR CONTINUANCE/ROSENAU-4
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

## CERTIFICATE OF SERVICE

I hereby certify that on 2/16/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the plaintiff.

*s/Craig Platt*_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

RESPONSE TO STATUS REPORT REGARDING MLAT
AND REQUEST FOR CONTINUANCE/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323