Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HENRY ROSENAU, <br><br> Defendant. | NO. CR06-157MJP <br><br> GOVERNMENT'S REPLY TO DEFENSE RESPONSE TO STATUS REPORT |

COMES NOW the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marc A. Perez and Susan M. Roe, Assistant United States Attorneys for said District, and files this Reply to the Defendant's Response to the Status Report of the Mutual Legal Assistance Treaty request in the above entitled case. The defendant opposes the requested trial continuance necessary for the MLAT processing on the basis that the Canadian Court has not yet issued a Sending Order and, further, because the defendant "has not been afforded an opportunity to be heard by the court in British Columbia." *Response*, page 4.   The defendant notes his objection to the production of Canadian evidence, in witness or other form.  The Court asked for this Government Reply, which is intended to more fully explain the process.

The Office of International Affairs, Department of Justice, was consulted and has advised the undersigned of the following.  OIA has been informed by the International Assistance Group, of Justice Canada, that this MLAT request has been approved by Justice

REPLY TO DEFENSE RESPONSE TO
STATUS REPORT/ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Canada.  That means, that United States' request for the assistance meets Justice Canada's criteria and law pursuant to the Treaty.  Having met the Canadian legal threshold, Justice Canada has sent out communications to the various agencies for their evidence, which includes official records and testimony.  In the case at bar, Justice Canada currently is gathering the material requested pursuant to the MLAT and acting on the requested civilian depositions.

The agencies contacted by Justice Canada will submit the records and testimony.  Once all requested evidence is assembled, a Canadian court will review the submissions in a "Sending Hearing."  Typically, that results in the Court issuing a Sending Order which decrees the requested evidence be turned over to the petitioning country.  Justice Canada, pursuant to the Sending Order, releases the evidence to the U.S. Department of Justice.

The Court may, however, review certain aspects of the evidence and determine not to release it to the petitioning foreign country.   This, apparently is what occurred in the Canadian case, *United States v. Schneider*, 2002 BCSC 1014, cited by the defendant.

OIA noted that how the Sending Hearing is conducted, whether a defendant appears, what is presented, and what will be sent is governed solely by Canadian authorities and that the United States has no role, whatsoever, in the matter.

Additionally, the Treaty is between countries and is designed for governments to determine how and what governments will share internationally.  The Treaty does not give other entities standing in an MLAT request.  "This Treaty is intended solely for mutual legal assistance between the Parties. The provisions of  this Treaty shall not give rise to a right on the part of a private party to obtain, suppress or exclude any evidence or to impede the execution of a request." *Exhibit 1,* MLAT Treaty, Article II, 4.   "The article specifically states that it is not intended to create rights in private parties either to gather evidence or secure other assistance or to suppress or exclude in civil or criminal proceedings evidence obtained under the Treaty." *Exhibit 2, Letter of Submittal, page 2, lines 6 - 10.*  It appears that, according to the terms of the Treaty, the defendant has no right " to be heard" at Sending Hearing.  Whether or not a Canadian court allows him to be heard is within the

REPLY TO DEFENSE RESPONSE TO
STATUS REPORT/ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Canadian court's power but the denial of such is not a basis for exclusion, in a United States
2  trial, of the evidence obtained pursuant to the MLAT.
3       Therefore, the government agrees that no Sending Order has been issued yet.  It is the
4  final step which is anticipated.  OIA has been assured that Justice Canada is moving forward
5  on this request, knowing the trial is pending.
6       Once a Sending Order is issued, presuming it allows the requested evidence including
7  depositions, the government will move promptly to arrange receipt of the evidence, to request
8  this Court's Order allowing the Canadian depositions, and to take the necessary steps for the
9  depositions (including obtaining country clearance).   It is hoped that this can still be
10  accomplished by late March.   Therefore, the government renews its request that the trial be
11  rescheduled for up to 30 days, in order to allow the Canadian legal process to proceed.
12       DATED this 22nd day of February, 2012.

13           Respectfully submitted,

14           JENNY A. DURKAN
15           United States Attorney

16

17           *s/Susan M. Roe*
          SUSAN M. ROE
18           Assistant United States Attorney
          United States Attorney's Office
19           700 Stewart Street, Suite 5220
          Seattle, WA 98101-1271
20           Telephone:   (206) 553-1077
          Fax:             (206) 553-0755
21           E-mail:         susan.roe@usdoj.gov

22
          *s/Marc A. Perez*
23           Marc A. Perez
          United States Attorney's Office
24           1201 Pacific Avenue
          Suite 700
25           Tacoma, Washington 98402
          Telephone: (253) 428-3822
26           Fax: (253) 428-3826
          Email: Marc.Perez@usdoj.gov
27

28

REPLY TO DEFENSE RESPONSE TO
STATUS REPORT/ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | CERTIFICATE OF SERVICE

2    I hereby certify that on February 22, 2012, I electronically filed the foregoing with the
3 Clerk of Court using the CM/ECF system which will send notification of such filing to the
4 attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s)
5 of record for the defendant(s) that are non CM/ECF participants via telefax.

7       s/*Ryan Hebert*
        Ryan Hebert
8       Legal Assistant
        United States Attorney's Office
9       700 Stewart Street, Suite 5220
        Seattle, Washington 98101
10      Phone: (206)553-4215
        FAX:   (206)553-0755
11      E-mail: Ryan.Hebert@usdoj.gov

REPLY TO DEFENSE RESPONSE TO
STATUS REPORT/ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970