Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR06-157MJP |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S **RENOTED** |
| | ) | MOTION FOR AUTHORIZATION |
| v. | ) | TO DEPOSE FOREIGN |
| | ) | WITNESSES |
| HENRY ROSENAU, | ) | |
| | ) | |
| Defendant. | ) | **NOTED:** March 16, 2012 |
| | ) | No oral argument requested |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, renotes its previously renewed motion for an order granting leave to take depositions of essential witnesses in Canada.  On November 9, 2011, the Government's motion for authorization to depose foreign witness was stricken but subject to renoting.  Dkt # 54.  The government renews its request for authorization to conduct witness depositions in Canada preparatory to this trial.

The government incorporates by this reference the two prior Motions filed in support of the depositions and adds the following.

***Status of MLAT Request for Canadian Evidence***

The Canadian Government has accepted the Mutual Legal Assistance Treaty request from the United States and is gathering Canadian evidence for use in

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*United States v. Rosenau*, CR06-157.  The Canadian government generally determines how the requested evidence comes to the United States and, pursuant to its direction, the MLAT contained a request to take depositions in Canada of two civilian witnesses who have significant information about the criminal conduct.  The witnesses are both co-conspirators who previously entered guilty pleas, served their U.S. prison terms, and returned to Canada.  One, Kip Whelpley, has been willing to return to the United States to testify but has been subject to legal impediments arranged by the defendant.  Even if the current impediment is removed, neither the Canadian government nor the United States government can assure this Court that there will be no new legal maneuvers instigated by the defendant, his agents and lawyers.  At this time, Justice Canada cannot guarantee that Mr. Whelpley will return to the United States to give his evidence.  The other witness, Zachary Miraback, has firmly indicated he will not voluntarily return to the United States to testify.  He is, of course, beyond this Court's subpoena power.

This office has been contacted by Crown Counsel to arrange depositions, in Canada, of the two witnesses.  Canada refuses to allow the defendant to personally attend the depositions in Canada, but will facilitate his participation by video-link.  That is, the depositions would take place in a Canadian courtroom.  The witness, counsel for the government, counsel for the defendant, and the case agent will be physically present.  The defendant will attend via video-conferencing and there will be private communication between the defendant and his lawyer as required.  The government will provide a court reporter/videographer who will preserve the testimony for future use.  The defendant may be clothed in civilian clothes.  This office has contacted Bureau of Prisons and the FDC regarding local arrangements.  Such arrangements have been previously approved by the courts and the depositions conducted successfully, such as in *United States v. Gianis*, WDWA, CR04-334.

### Law Relevant to the Motion and Argument

Federal Rule of Criminal Procedure 15 sets forth the procedure for taking depositions of witnesses under certain circumstances.  Rule 15(a)(1) provides:

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice.  If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition, any designated book, paper, document, record, recording, or data.

The deposition may be used as evidence at a trial in accordance with Federal Rules of Evidence.  *See* Rule 15(f).  Rule 15(e) addresses the manner of taking the deposition.

Whether the court grants the motion to depose witnesses in a criminal matter is discretionary, however the standard for allowing the deposition is whether doing so would further "the interests of justice."  There is no necessity that a witness be unavailable or that his testimony be essential.  In *United States v. Omene*, 143 F. 3d 1167, 1170 (9th Cir. 1998), the court noted:

 Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case.  Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial.  *Omene*, at 1170.

Courts have approved Rule 15 depositions even when the defendant is not physically present.  In *United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998), as here, the defendant was engaged in international drug smuggling.  Civilian witnesses, as here, were in Canada, beyond the subpoena power of the United States and unavailable for trial.  The *Medjuck* court affirmed the validity of the videotaped depositions and the use, at trial, of the videotaped testimony, over the defendant's objections.  *See*, *United States v. Gifford*, 892 F. 2d 263, 265 (3rd Cir. 1989); *United States v. Salim,* 855 F. 2d 944, 950 (2nd Cir. 1988).

***Facts Relevant to the Motion***

### *Re:  Kip Whelpley*

Mr. Whelpley has indicated his willingness to testify but currently is legally prevented from entering the United States to testify by a court order entered by default in *Rosenau v. Whelpley*, 14781 Quesnal Registry, Supreme Court of British Columbia.  The

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

undersigned has consulted with personnel at the Office of International Affairs and the Office of Foreign Litigation, Civil Division, at Main Justice, Washington, D.C., regarding the effectiveness of the order and possible remedies.  The Order does not, on its face, prevent the witness from testifying but does prevent him from doing so in the United States.  Therefore, the government asks that his testimony be taken by way of a deposition in Canada which would allow the testimony without violation of that order. Mr. Whelpley is willing to be deposed in Canada.

Moreover, assuming the Canadian Court issues a Sending Order which includes directing the deposition of Mr. Whelpley, he then will be complying with a Court Order when he appears and testifies.  This Court's authorization of the deposition will show respect for Canadian court orders, protect Mr. Whelpley, and obtain his necessary and probative testimony.

Mr. Whelpley's anticipated testimony encompasses nearly all of Mr. Rosenau's charged criminal conduct in that he will testify regarding his work with Rosenau and others involved in smuggling contraband across the British Columbia-Washington State border during 2004 and 2005; that he accompanied Mr. Rosenau on trips; that he received multiple loads of marijuana from Mr. Rosenau; that Mr. Rosenau held his money; and that he continued to assist Mr. Rosenau in the smuggling operation in Canada even after his June 9, 2005, arrest in the United States.  Additionally, he will testify about the role of other co-conspirators, including Jonathan Senecal.  Lastly he will testify specifically as to some of the helicopters and locations involved in the smuggling.  Mr. Whelpley's testimony is relevant as he knew, worked with, and flew with Rosenau during the helicopter smuggling.  His testimony directly inculpates Rosenau.

### Re:  Zachary Miraback

Zachary Miraback signed and affirmed a Plea Agreement on November 28, 2005, admitting his smuggling activities, and provided sworn testimony to a federal grand jury on his drug smuggling and Rosenau's role as the pilot.  On May 9, 2006, Mr. Miraback agreed, in a signed court document and pursuant to his plea agreement, to cooperate fully

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

with law enforcement authorities investigation of narcotics trafficking and other crimes, to answer any and all questions concerning his knowledge of such criminal activity, and to testify fully and truthfully at any trials in this matter. All of his sworn statements were made with advice of legal counsel.

Mr. Miraback was a willing witness when in the United States and his anticipated testimony was submitted as part of the government's Record of the Case in the Rosenau Extradition request. After his return to Canada, Mr. Miraback became unresponsive to requests to contact or return to the United States to testify. In 2009, the United States supplemented the Record of the Case in the Rosenau Extradition request, acknowledging that Mr. Miraback was not then cooperating with the United States.

Mr. Miraback has been located in Canada, remains rather uncooperative with the United States, and is beyond the subpoena power of the Court. The United States moves to depose him in Canada so that his trial testimony may be obtained via a deposition, thereby allowing him to fulfill the requirements of his plea agreement and his criminal justice sentence. Mr. Miraback is expected to testify, as he did before a federal grand jury, regarding his activities on September 21, 2005, when he received 1,100 pounds of marijuana from Rosenau who made two flights that day into Washington State flying a Robinson helicopter, tail identifier C-FRKM. Mr. Miraback further is expected to testify regarding the transportation, with the help of his brother, of the 1,100 pounds of marijuana across Washington State until their arrest in Puyallup, Washington, where the marijuana was seized. He is expected to testify regarding the two cars he and his brother drove in tandem that day, a white van and a red Toyota Tundra, Colorado license 900 JLF, as they transported the marijuana. Further, Mr. Miraback is expected to testify regarding the prior loads of smuggled marijuana he had received.

### *CONCLUSION*

The government renotes its motion for a deposition of Mr. Whelpley and includes the motion for the deposition of Mr. Miraback. They are substantive and important fact witnesses in this trial. The facts and circumstances surrounding these particular

1  witnesses, as noted above, are compelling reasons for the Court to authorize depositions

2  of these two witnesses.

3        The government would absorb the costs associated with the deposition of Zachary

4  Miraback and will arrange for and pay the costs associated with the deposition of Kip

5  Whelpley.  However, the government moves this Court for an order assessing the costs

6  associated with Mr. Whelpley's deposition to the defendant.  These costs will only be

7  incurred as a result of his harassment of a witness.  These are not usual and appropriate

8  costs associated with the government preparing or presenting its case and the taxpayers

9  should not absorb the cost.

10        The Canadian government has suggested dates in late March for the depositions in

11  Canada.  The details would be finalized once the Sending Order issues and the

12  depositions are authorized, including modifying the dates if necessary.

13        DATED this 2nd day of March, 2012.

14                                              Respectfully submitted,

15                                              JENNY A. DURKAN
16                                              United States Attorney

17                                              *s/Susan M. Roe*
18                                              SUSAN M. ROE
                                                Assistant United States Attorney
19                                              United States Attorney's Office
                                                700 Stewart Street, Suite 5220
20                                              Seattle, WA 98101-1271
                                                Telephone:   (206) 553-1077
21                                              Fax:            (206) 553-0755
22                                              E-mail:        susan.roe@usdoj.gov

23                                               *s/Marc A. Perez*
                                                Marc A. Perez
24                                              United States Attorney's Office
                                                1201 Pacific Avenue, Suite 700
25                                              Tacoma, Washington 98402
26                                              Telephone:   (253) 428-3822
                                                Fax:            (253) 428-3826
27                                              Email:         Marc.Perez@usdoj.gov

28

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 6
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

s/ Kathleen M. McElroy
KATHLEEN M. McELROY
Paralegal Specialist
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:      206-553-0755
E-mail: Katie.McElroy@usdoj.gov

GOVERNMENT'S RENOTED MOTION FOR
WITNESS DEPOSITION/ ROSENAU- 7
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970