1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50

Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

HENRY C. ROSENAU

                              Defendant.

NO. CR06-157MJP

BRIEF IN OPPOSITION TO
GOVERNMENT'S RENOTED MOTION
FOR AUTHORIZATION TO DEPOSE
FOREIGN WITNESSES AND
RESPONSE TO EMERGENCY
REQUEST FOR RULING REGARDING
PROCEDURE AT DEPOSITIONS

        The DEFENDANT, by and through his counsel of record, Craig A. Platt, hereby files this

Brief in Opposition to the Government's Renoted Motion for Authorization to Depose Foreign

Witnesses and Response to Emergency Request For Ruling Regarding Procedure at Depositions.

## BACKGROUND

        On March 2, 2012, the Government renoted its motion for the deposition of Kip

Whelpley and made a new request to depose Zachary Miraback.  The Government, once again,

cites Federal Rule of Criminal Procedure 15 and *United States v. Omene* in support of the

position that the District Court should authorize the deposition of Kip Whelpley (hereinafter

"Whelpley") and now Zachary Miraback (hereinafter "Miraback").  The Government further

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

requests that this Court issue an order assessing the costs associated with Whelpley's deposition to the defendant.

On March 6, 2012, the Government filed an Emergency Request for Ruling Regarding Procedure at Depositions.  The Government requests guidance on the appropriate parties.  The Government also claims "…defense counsel has not answered the question of whether he will attend in person or be with his client at the FDC during the deposition.  Rather than answering, he advised the government that Gary Botting continues to represent the defendant in Canadian matters." (Dkt. No. 80 at 2).  The Government further states, "[i]t is important that the parties clearly understand the role of Mr. Botting and of defense counsel, to insure no later claim of misrepresentation or ineffectiveness."  *Id*. at 3.  Finally, the Government asks that Dr. Botting be prohibited from representing Mr. Rosenau at or during the depositions.  *Id*.

## INTRODUCTION

The Government claims that "the standard for allowing depositions is whether doing so would further "the interests of justice."  (Dkt. No 79 at 3).  This is not the standard.  Rule 15(a) requires that the trial court find that *due to exceptional circumstances* it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial.  *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998)(emphasis added).  The Government has failed to demonstrate that exceptional circumstances justify the deposition of Zachary Miraback.

Furthermore, countervailing factors and profound constitutional concerns exist that weigh against the deposition of Whelpley.  The Defense respectfully requests that this Court follow the Supreme Court and Ninth Circuit policy favoring expansive witness cross-examination in criminal trials.  Additionally, this Court specifically continued this matter for a substantial period of time to permit the Government to obtain evidence located in Canada—the Government is confident that the MLAT will permit the production of Canadian evidence.  The Defense respectfully requests that the Government be prohibited from using the MLAT selectively to circumvent the Sixth Amendment and the policy favoring in court testimony before the eyes of the jury.

Moreover, the Defense respectfully requests that the Defendant be permitted to be confronted, face-to-face, with the witnesses against him if this Court authorizes witness

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50

depositions. *Crawford*'s return to the full historical context of the Sixth Amendment requires such confrontation.

Finally, the Defense objects to the Government's request for an order assessing the costs associated with Whelpley's deposition to the defendant. The Government would not have incurred additional costs associated with this matter but for the Government's undue delay concerning the MLAT and in seeking depositions.

## LAW AND ARGUMENT

## I.    THE GOVERNMENT'S MOTION TO DEPOSE ZACHARY MIRABACK AND KIP WHELPLEY SHOULD BE DENIED

### a.  No Exceptional Circumstances Exist to Justify the Deposition of Zachary Miraback

In criminal cases depositions are proper only in the *very limited circumstances* prescribed by Federal Rule of Criminal Procedure 15. *United States v. Rich*, 580 F.2d 929, 934 (9th Cir. 1978)(emphasis added). The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Kelley*, 36 F.2d 1118 (D.C. Cir. 1994)(citing *United States v. Ismaili*, 828 F.2d 152, 159 (3d Cir. 1987), cert. denied, 485 U.S. 935, 108 S.Ct. 1110 (1988)); *accord United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993).

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of *exceptional circumstances* and in the interests of justice. Fed. R. Crim. P. 15(a)(1)(emphasis added). Whether to grant or deny a motion to depose a proposed witness in a criminal matter is discretionary. *Omene*, at 1170(citing *Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981)). The District Court should consider the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied. *Omene*, 143 F.3d at 1170(citing *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

The exceptional circumstance requirement necessitates more than a mere claim that a potential witness lives in another jurisdiction and is "rather uncooperative." *See United States v. Sines*, 761 F.2d 1434 (9th Cir. 1985)(exceptional circumstances where deponent would likely be incarcerated in Thailand for a significant number of years and would not be permitted to leave

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

that county to testify against the defendant); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981)(District Court for the Eastern District of Washington finding exceptional circumstances where deponent was in Missouri, under VA disability, and ill); *see, e.g., United States v. Shmyr*, No. 91-10138, 1992 WL 98539, AT *1 (9th Cir. May 8, 1992)(District Court granted Government's motion to depose witness suffering from cancer and dying); *compare United States v. Puchi*, 441 F.2d 697 (9th Cir. 1971)(denial of motion to take deposition of witness was not abuse of discretion where judge granted witness safe passage from Mexico to the United States and back for purpose of testifying and witness's refusal to attend trial was due to his fear of prosecution if he returned to United States).

Moreover, the Supreme Court and Ninth Circuit have "emphasized the policy favoring expansive witness cross-examination *in criminal trials*." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007)(quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000)(emphasis added). The use of depositions in criminal cases is not favored because the factfinder does not have an opportunity to observe the witness' demeanor. *United States v. Milian-Rodriquez*, 828 F.2d 670, 686 (11th Cir. 1987).

Here the Government merely asserts that Miraback has been located in Canada and remains "rather uncooperative." (Dkt No. 79 at 5). The Government further states its desire that Miraback fulfill the requirements of his plea agreement. *Id*. However, the Government does not state that it has exhausted all means to secure Miraback's presence at trial. In fact, the Government does not claim it has made any efforts to seek Miraback's presence at trial, but simply claims that "Mr. Miraback became unresponsive to requests to contact or return to the United States to testify." *Id*. These circumstances are virtually identical to those concerning the Government's initial Motion for Authorization of Witness Deposition filed on 8/11/2011. There the Government claimed that Whelpley had "no legal standing in, or interest in returning to, the United States." (Dkt No. 27 at 3). This Court denied the above motion on 9/7/2011. (Dkt. No. 34). This Court reasoned that the party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" require the preservation of testimony through a deposition. (Dkt. No. 34 at 1). Further, this Court specifically asked the following questions upon denying the Government's motion:

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Is the prospective deponent's refusal to travel to the United States to be deposed merely a personal preference?  Are there any factors which prevent this witness from crossing the U.S. – Canadian border?

(Dkt No. 34 at 2).  The Government's most recent motion requesting the deposition of Miraback has left such questions unanswered.    The Government has failed to show exceptional circumstances that justify the deposition of Miraback.

The Government further speculates that Miraback will testify to certain events.  If the Government's claims are true—the government should have incentive to procure Miraback's presence at trial.  It is critical that the defense be permitted to cross-examine Miraback before the eyes of the jury. *See Crawford v. Washington*, 541 U.S. 36, 44-45, 124 S.Ct. 1354, 1360 (2004)(noting the abusive trial of Sir Walter Raleigh where out of court allegations of an alleged accomplice were read to the jury thereby leading to Raleigh's death sentence).  The factfinder must be properly afforded the opportunity to observe the Miraback's demeanor while testifying.  This is the favored approach.  *See Milian-Rodriquez*, at 686.  The truth will only become truly apparent through live testimony, in court, in the presence of the jury.  A mere video-recording of Miraback is inappropriate under these circumstances.

### b.  Countervailing Factors Disfavor the Deposition of Kip Whelpley

Whether to grant or deny a motion to depose a proposed witness in a criminal matter is discretionary. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998)(citing *Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981)).  The Eleventh Circuit adopted a test to determine whether a court should grant a Rule 15 motion.  The test considers three factors: (1) the witness is likely to be unavailable at trial; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party.  *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).

### i.    *Availability of Whelpley*

The Government claims that the Canadian Government has accepted the Mutual Legal Assistance Treaty request from the United States.  (Dkt. No. 79 at 1).  It has further stated that Kip Whelpley is willing to return to the United States to testify.  *Id*. at 2.  The Government speculates that "[e]ven if the current impediment is removed, neither the Canadian government

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 5
CR06-157MJP

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

or the United States government can assure this Court that there will be no new legal maneuvers instigated by the defendant…."  *Id.*  This claim is made despite the Government's stated confidence concerning the MLAT.  This court has continued this matter for a substantial period of time to specifically enable the Government to make such assurances.  The Defense respectfully requests that the MLAT not be used selectively by the Government only to disadvantage the Defense. [1]

### ii. *Countervailing Factors*

"In all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him." U.S. Const. amend. VI.  The Confrontation Clause includes the right of effective cross examination.  *Larson*, 495 F.3d at 1102.  Effective cross examination is critical to a fair trial because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id.* at 1102 (quoting *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110 (1974)).  Full disclosure of all relevant information concerning adverse witnesses' past record and activities through cross examination and otherwise is indisputably in the interests of justice.  *Lo*, 231 F.3d at 482 (citing *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993)).  "[J]urors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [a witness'] testimony."  *Larson*, 495 F.3d at 1102 (quoting *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111).  The use of depositions in criminal cases is not favored because the factfinder does not have an opportunity to observe the witness' demeanor.  *Milian-Rodriquez*, 828 F.2d 670, 686.  In an early case, the Supreme Court of the United States explained:

> The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

---

[1] A lawful and valid order has been issued by the Supreme Court of British Columbia in Quesnel in the matter of *Henry Rosenau v. Kip Whelpley*, Action #14581 which enjoins Whelpley's entrance into the United States for the purpose of testifying against the Defendant.  If a deposition was to take place in a Canadian courtroom—such would be an ad hoc extension of the U.S. District Court for the Western District of Washington.  Thus, a deposition of Whelpley will result in the AUSA being a party to Whelpley's violation of a valid Canadian Order thereby showing complete lack of respect for the Canadian legal system and possibly resulting in an abuse of process.

DEFENDANT'S BRIEF IN OPPOSITION
TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 6
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

*Mattox v. United States*, 156 U.S. 237, 242-243, 15 S.Ct. 337, 340 (1895).

The Defense maintains that countervailing factors and profound Constitutional concerns exist which justify the denial of the Government's motion for authorization of deposition. The Government's case depends heavily on the testimony of Whelpley. Additionally, Whelpley's presence in Canada renders him beyond sanctions for perjury. Therefore, it is in the interests of justice that Whelpley's testimony be given at trial. The finder of fact should be afforded the opportunity to observe Whelpley's demeanor and judge his credibility.

## II.   THE DEFENDANT HAS A RIGHT TO BE PHYSICALLY PRESENT AT DEPOSITIONS

Rule 15(c) of the Federal Rules of Criminal Procedure states the following:

**(1) Defendant in Custody.** The officer who has custody of the defendant *must* produce the defendant at the deposition and keep the defendant *in the witness's presence* during the examination….

Fed. R. Crim. P. 15(c)(1)(emphasis added). However, beyond the plain language of Rule 15, *Crawford*'s return to the full historical context of the Sixth Amendment requires the defendant to be confronted, face-to-face, with the witnesses against him.

In *Maryland v. Craig*, the United States Supreme Court, in a 5-4 decision, upheld a statutory procedure that permitted courts to receive, by one-way closed circuit television, the testimony of a child witness. *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)  However, since this decision, the United States Supreme Court has altered its Confrontation Clause analysis.

In *Crawford*, the Court held that the Confrontation Clause required cross-examination and unavailability before testimonial hearsay could be admitted into evidence. *Crawford* at 69, 124 S.Ct. at 1374; *see also Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 2274-77, 165 L.Ed.2d 224 (2006). The *Crawford* decision radically altered the Court's jurisprudence involving the Sixth Amendment. At its core, *Crawford* is about the scope of the Confrontation Clause, not just the application of the Clause to the out-of-court statements at issue in that case. The Court held in *Crawford* that the Sixth Amendment was subject only to those exceptions established at

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 7
CR06-157MJP

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777

Fax: (360) 678-0323

the time of its ratification in 1791. *Crawford*, at 54, 124 S.Ct. at 1366 (citing *Mattox*, 156 U.S. 237, 243, 15 S.Ct. 337, 39 L.Ed. 409 (1895)); *see Mattox, supra*.

In 1791, the Framers could not have imagined confrontation and cross-examination in a Canadian Court where the defendant will attend via video conferencing as the Government suggests. (Dkt. No. 79 at 2). The judicially created exceptions to the Sixth Amendment announced in *Craig* for the first time 200 years after the ratification of the Sixth Amendment are untenable in light of *Crawford*.

*Crawford* considered whether and how testimonial hearsay statements made by witnesses who did not testify at trial were admissible in light of the Confrontation Clause. *See Crawford* at 68-69, 124 S.Ct. at 1374. Although *Crawford* did not specifically address the issue of face-to-face confrontation at trial, deposition, or otherwise, *Crawford* fully considered the historical context within which the Confrontation Clause was drafted and the evils at which it was aimed. *Id*. at 43-51, 124 S.Ct. at 1359-1364. Moreover, *Crawford* did hold that testimonial hearsay statements were inadmissible absent the right to confrontation. *Id*. at 68-69, 124 S.Ct. at 1374.

The *Crawford* opinion also contains statements that are impossible to reconcile with certain other statements in the *Craig* opinion. *Compare, e.g.*, *Craig* at 849, 110 S.Ct. at 3165("a literal reading of the Confrontation Clause would 'abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme'"(citing *Ohio v. Roberts*, 448 U.S. 56, 63 100 S.Ct. 2531, 253 (1980)), and *Craig* at 845, 110 S.Ct. at 3163("any exception to the right 'would surely be allowed only when necessary to further an important public policy'"(citing *Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803 (1988)), with *Crawford*, at 51, 124 S.Ct. at 1364("[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices"), *id.* at 54, 124 S.Ct. at 1365("[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts"), and *id.* at 61, 124 S.Ct. 1370("[a]dmitting statements deemed reliable by a judge is fundamentally at odds with the right to confrontation"). Moreover, *Crawford* explicitly rejected the rationale of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Crawford* at 63-66, 124 S.Ct. at 1371-1372. *Roberts* held that admitting the preliminary hearing testimony of an unavailable witness did not violate the Confrontation Clause of the Sixth Amendment by reasoning that reliability

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 8
CR06-157MJP

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

could be "inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Roberts*, at 66, 100 S.Ct. at 2539.  The *Roberts* court reached this conclusion by reasoning that "hearsay rules and the Confrontation Clause are generally designed to protect similar values." *Id*. at 66, 100 S.Ct. at 2539(citing *California v. Green*, 399 U.S. 149, 155, 90 S.Ct 1930, 1933(1970)).  In *Craig*, the Court relied heavily on the *Roberts* decision.  Thus, *Crawford* overruled *Craig* sub silentio and by implication because it undermined the foundations upon which *Craig* rested.

> *Crawford*'s return to the full historical context of the Sixth Amendment requires this Court to permit Mr. Rosenau to be confronted, face-to-face, with the witnesses against him. More importantly, this is the appropriate approach based on the plain language of the Sixth Amendment.  The Defense respectfully requests, pursuant to the Sixth Amendment and *Crawford*, that this Court permit Mr. Rosenau to be confronted, face-to-face, with the witnesses against him if this Court issues an order granting the Government leave to take the depositions of witnesses.

## III.   RESPONSE TO REQUEST FOR ORDER ASSESSING COSTS ASSOCIATED WITH WHELPLEY DEPOSITION TO THE DEFENDANT

> Rule 15(d) of the Federal Rules of Criminal Procedure states the following:

> **(d) Expenses**.  If the deposition was requested by the government, the court may—or if the defendant is unable to bear the deposition expenses, the court must—order the government to pay:
> > **(1)** any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and
> > **(2)** the costs of the deposition transcript.

Fed. R. Crim. P. 15(d).   The Government has requested the depositions of Whelpley and Rosenau.  The Defendant is unable to bear the deposition expenses.

> Moreover, as discussed above, the Government filed a Motion for Authorization of Witness Deposition on 8/11/2011. (Dkt. No. 27).  AUSA Susan Roe emailed Defense Counsel stating, "[j]ust filed a motion to take dep [sic] in Canada.  Surely you won't object, will you?  It's a free trip for everyone." (*See* exhibit 1).  This Court denied this motion on 9/7/2011 and invited the Government to refile, stating "[t]he denial is without prejudice and the government is free to resubmit the request, accompanied by sufficient corroborating facts to satisfy the "exceptional

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

circumstances" requirement." (Dkt. No. 34 at 2).  The Government chose to not to renew their motion for authorization to depose foreign witness until 10/31/2011.  (Dkt. No. 55).  Thereafter, this Court found good cause for trial continuance due to the unavailability of essential witnesses and stated "[i]t appears that the unavailability of the witnesses may be cured within a reasonable period of time through the use of the Mutual Legal Assistance Treaty between Canada and the United States."  (Dkt. No 69 at 2).  The Government, citing no law, claims that the costs of its requested depositions "…will only be incurred as a result of his harassment of a witness.  These are not usual and appropriate costs associated with the government preparing or presenting its case and the taxpayers should not absorb the cost."  (Dkt. No. 79 at 6).  However, on *May 17, 2011*, AUSA Susan Roe emailed defense counsel explaining that she was seeking evidence "from Canada which may require an MLAT."  (*See* exhibit 2)  Despite the Government's recognition that an MLAT would likely be needed, the Government failed to take affirmative steps to secure evidence through an MLAT until relatively recently.

Therefore, for the above reasons, the Defense respectfully request that this Court apply Rule 15(d) and order the government to pay reasonable and subsistence expenses of the defendant and the defense counsel to attend the deposition and the costs of the deposition transcript.  The Government would not have incurred additional costs associated with this matter but for its undue delay.

## IV.    RESPONSE TO EMERGENCY REQUEST FOR RULING REGARDING PROCEDURE AT DEPOSITIONS

The Government, in its Emergency Request for Ruling Regarding Procedure at Depositions, stated to this Court, "[t]he government asks clarification because defense counsel has not answered the question of whether he will attend in person or be with his client at the FDC during the deposition.  Rather than answering, he advised the government that Gary Botting continues to represent the defendant in Canadian matters."  (Dkt. No. 80 at 2).  The Government attached one email from Defense in support of this claim.  (Dkt. No. 80-1).  Unfortunately, the Government chose to make a deliberate misrepresentation.  The Government intentionally failed to include other emails from March 3rd and 5th (*see* exhibit 3).  These emails reveal that Defense counsel remained available, cooperative, and provided the Government with good faith timely responses to the Government's premature requests to arrange depositions which have yet to be

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 10
CR06-157MJP

**PLATT & BUESCHER**

Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

authorized by this Court.  Defense counsel made the good faith efforts described above despite Defense counsel's Notice of Unavailability from 2/27/12 to 3/9/12 (Dkt. No. 72). [2]

## CONCLUSION

Rule 15(a) requires that the trial court find that *due to exceptional circumstances* it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial.  Fed. R. Crim. P. 15(a)(1); *Omene*, at 1170.  The Government has failed to show exceptional circumstances that justify the deposition of Zachary Miraback.

Furthermore, countervailing factors exist that weigh against a deposition of Whelpley. The Defense respectfully requests that this Court follow the policy favoring expansive witness cross-examination in criminal trials.  Moreover, the Defense respectfully requests that the Government be prohibited from using the MLAT selectively to circumvent the Sixth Amendment and the policy favoring in court testimony before the eyes of the jury.

Moreover, the Defense respectfully requests that the Defendant be permitted to be confronted, face-to-face, with the witnesses against him if this Court grants the depositions requested by the Government.  *Crawford*'s return to the full historical context of the Sixth Amendment requires such confrontation.

Finally, the Defense objects to the Government's request for an order assessing the costs associated with Whelpley's deposition to the defendant.  The Defense respectfully requests that this court apply the Rule 15(d) under the circumstances described above.

DATED this 8th day of March, 2012.

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

[2] What is also of concern is the Government's constant maneuvering during Defense Counsel's unavailability (e.g. Government's Renoted Motion for Authorization to Depose Foreign Witnesses filed on 3/2/2012).

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 11
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 3/8/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the Government.

*s/Craig Platt*
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

DEFENDANT'S BRIEF IN OPPOSITION
 TO GOVERNMENT'S RENOTED MOTION
FOR WITNESS DEPOSITION/ ROSENAU- 12
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323