Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY ROSENAU, )<br>)<br>Defendant. )<br>) | NO. CR06-157MJP<br><br>GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO RENOTED MOTION FOR AUTHORIZATION TO DEPOSE FOREIGN WITNESSES<br><br>Noted: March 16, 2012 |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, and files this Reply to the Defendant's Opposition to the Renoted Motion for Authorization to Depose Foreign Witnesses.

A defendant's rights under the Confrontation Clause are powerful but not absolute. "A defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Maryland v. Craig*, 497 U.S. 836, 850 (1990). The general rule that a defendant may attend the deposition is not absolute. *See, United States v. Ali*, 528 F.3d 210, 238-41 (4th Cir. 2008); *United States v. Medjuck*, 156 F. 3d 916 (9th Cir. 1998). In *Medjuck*, the Court approved of the deposition of a Canadian witness, when the

GOVERNMENT'S REPLY TO OPPOSITION TO
RENOTED MOTION FOR WITNESS DEPOSITION/ ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

defendant was in custody in the United States and present at the deposition only electronically. The *Medjuck* Court held that the "Confrontation Clause preference for face-to-face confrontation may be avoided by resort to telephonic participation," after the government attempted unsuccessfully to secure the defendant's actual, physical presence at the deposition, *citing Christian v. Rhode*, 41 F. 3d 461 (9th Cir. 1994). Addressing the use of such a deposition at trial, the *Medjuck* Court, at 920, stated "[w]here the government is unable to secure a witness's presence at trial, Rule 15 is not violated by the admission of videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings"); *United States v. McKeeve*, 131 F.3d 1, 7-8 (1st Cir. 1997); *United States v. Gifford*, 892 F.2d 263-265 (3d Cir. 1989); *United States v. Kelly*, 892 F.2d 255, 261 (3rd Cir. 1990); *United States v. Salim*, 855 F.2d 944 (2nd Cir. 1988).

Most recently and *post-Crawford*, this line of cases was followed in *United States v. Sapse*, 2011 WL 1576898 (D. Nevada April 2011).

### *Appropriateness of Videoconferencing*

In-custody defendant Rosenau is not able to attend depositions in Canada. The Canadian government has declined to extend permission for Mr. Rosenau to attend the proposed depositions in Canada. *See*, Exhibit 1, p. 1, ultimate paragraph. The United States government attempted to secure Mr. Rosenau's physical presence at the depositions but, based on his prior actions, his pretrial release has been revoked and he remains in custody in the United States. Even if Canada allowed Mr. Rosenau to attend physically, there remains significant questions as to whether the United States Marshal Service could retain custody of a prisoner in a foreign country.[1]

---

[1] The government has requested information on this issue from the USMS which is consulting with its National Office in Washington, D.C. The government has not yet received a response and ask the Court's permission to file additional information, if necessary.

GOVERNMENT'S REPLY TO OPPOSITION TO
RENOTED MOTION FOR WITNESS DEPOSITION/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*Unavailability of Foreign Witnesses*

It is appropriate for the Court to allow the deposition of Zachary Miraback as an otherwise unavailable and uncooperative government witness. Mr. Miraback's expected testimony was central to the United States' original Record of the Case for Extradition. However, in April 2009, Mr. Miraback was detained by Calgary Police in an incident involving unlawful firearms. *See*, Exhibit 2, Calgary Police Report. In May 2009, forensic testing revealed his DNA on gloves, and DNA consistent with his DNA on a balaclava, seized at the scene. *See*, Exhibit 3, Synopsis, p. 3-4.

In late 2009, ICE Special Agent Jesse Miller, together with Calgary Police, met with Mr. Miraback to discuss Mr. Miraback's ongoing obligation to cooperate. Mr. Miraback refused to cooperate with either Canadian or U.S. law enforcement and the United States was forced to file a Supplemental Record of the Case for Extradition of Henry Rosenau, acknowledging Mr. Miraback's abandonment of cooperation. *See*, Exhibit 4, Affidavit of SA Miller and letter.

Since that time, Mr. Miraback has been identified as a suspect in an ongoing assault investigation in Calgary, has violated his Court imposed terms, and remains antagonistic to police. *See*, Exhibit 5, Email of Detective Ken Carriere and Calgary Police Report. At this time, there is no basis for believing that Mr. Miraback is a cooperative witness for the United States government or that he would voluntarily appear before this Court.

This Court previously has received a copy of the Order in *Rosenau v. Whelpley*, Quesnal Registry 14781, which prevents Mr. Whelpley "from leaving Canada for the purposes of entering the United States." Such prohibition renders him legally unavailable.

**STATUS OF MR. BOTTING**

The government takes no position on whether Mr. Botting physically may attend the deposition hearings in Canada and, in fact, the government forwarded the information of Mr. Botting's continued representation in post-extradition matters to Crown Counsel.

GOVERNMENT'S REPLY TO OPPOSITION TO
RENOTED MOTION FOR WITNESS DEPOSITION/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  The government asks for clarification of his role during any deposition.  That is, is he
2  allowed to act as a criminal defense attorney, *e.g.* cross-examining witnesses or making
3  objections, during the criminal proceedings.

4  **CONCLUSION**

5  The government requests the Court order the requested depositions as there exists
6  a clear legal basis for each and that the Court find that Mr. Rosenau's attendance at the
7  depositions shall be by videoconference, in light of his in-custody status and the foreign
8  government's refusal to admit him for the depositions.

9  DATED this 15th day of March, 2012.

10                                    Respectfully submitted,

11                                    JENNY A. DURKAN
12                                    United States Attorney

13                                    *s/Susan M. Roe*
                                      SUSAN M. ROE
14                                    Assistant United States Attorney
                                      United States Attorney's Office
15                                    700 Stewart Street, Suite 5220
16                                    Seattle, WA 98101-1271
                                      Telephone:  (206) 553-1077
17                                    Fax:  (206) 553-0755
                                      E-mail:  susan.roe@usdoj.gov
18

19                                     *s/Marc A. Perez*
                                      Marc A. Perez
20                                    United States Attorney's Office
                                      1201 Pacific Avenue, Suite 700
21                                    Tacoma, Washington 98402
                                      Telephone: (253) 428-3822
22                                    Fax: (253) 428-3826
                                      Email: Marc.Perez@usdoj.gov
23

24
25
26
27
28

GOVERNMENT'S REPLY TO OPPOSITION TO
RENOTED MOTION FOR  WITNESS DEPOSITION/ ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

<u>CERTIFICATE OF SERVICE</u>

1. I hereby certify that on March 15, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant.

*s/ Kathleen M. McElroy*
KATHLEEN M. McELROY
Paralegal Specialist
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:   206-553-0755
E-mail: Katie.McElroy@usdoj.gov

GOVERNMENT'S REPLY TO OPPOSITION TO
RENOTED MOTION FOR WITNESS DEPOSITION/ ROSENAU- 5
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970