Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HENRY ROSENAU, <br><br> Defendant. | NO. CR06-157MJP <br><br> [PROPOSED ALTERNATIVE] ORDER GRANTING GOVERNMENT'S RENOTED MOTION FOR ORDER TO TAKE FOREIGN DEPOSITIONS <br><br> NOTED: March 16, 2012 |

This matter having come before the Court on the Government's Renoted Motion for Order to Take Foreign Depositions pursuant to the provisions of Rule 15, Federal Rules of Criminal Procedure, the Court finds

1. Defendant Rosenau has a right to take an active role in the depositions and to confront the witnesses against him;

2. The government has made diligent efforts to secure the defendant's physical presence at depositions but security issues for Canada and with the United States Marshal Service prevent the defendant from being present in Canada for the depositions;

3. The defendant may actively participate in the depositions via videoconferencing;

4. The Canadian witnesses, Kip J. Whelpley and Zachary Miraback, are beyond the Court's subpoena power and are legally unavailable for trial in the United States.

ORDER AUTHORIZING
WITNESS DEPOSITIONS - 1
ROSENAU/CR06-157MJP

1    Therefore it is hereby ORDERED that the motion is GRANTED.  It is further
2 ORDERED
3    1.    that on or by April 10, 2012, or another date set by the Court, the depositions
4 of Zachary Miraback, of Alberta, Canada, and of Kip J. Whelpley, of British Columbia,
5 Canada, shall be taken and preserved for potential use in the trial of this case pursuant to
6 Rule 15 of the Federal Rules of Criminal Procedure; it is further ORDERED
7    2.    that the United States government shall continue to take such reasonable
8 steps as are available to it under the Mutual Legal Assistance Treaty ("MLAT") to request
9 that Canadian authorities permit the taking of such depositions; it is further ORDERED
10    3.    that the deposition be governed by the Federal Rules of Evidence and
11 Criminal Procedure to the extent that the Canadian authorities permit; it is further
12 ORDERED
13    4.    that, to the extent permitted by Canadian authorities, each witness shall be
14 examined by government counsel, then cross-examined by counsel for the defendant, then
15 questioned by government counsel on re-direct examination, and the parties may conduct
16 any further examination if appropriate; it is further ORDERED
17    5.    that a verbatim record of the proceedings will be made and that the testifying
18 witnesses will be videotaped (including audio), and that the government shall take all
19 reasonable steps to secure permission from Canadian authorities to obtain copies of said
20 videotapes, audio recordings, and verbatim transcripts as are produced.  The United States
21 shall make available any such copies to defense counsel.  The United States shall make
22 available any such copies to the Court upon request.  The United States will bear the costs
23 of any stenographic recording and transcripts of the proceeding; it is further ORDERED
24    6.    that all evidentiary objections under United States law made during the
25 proceedings will be noted and preserved for the Court as provided in Rule 15(f) of the
26 Federal Rules of Criminal Procedure and Rule 30(c) of the Federal Rules of Civil
27 Procedure; and it is further ORDERED
28

ORDER AUTHORIZING
WITNESS DEPOSITIONS - 2
ROSENAU/CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

7. that the government counsel shall take such reasonable steps to permit the defendant to observe the proceedings and assist defense counsel by providing facilities by which defendant (a) can observe the deposition audiovisually and (b) can communicate during the course of such deposition with defense counsel; it is further ORDERED

8. pursuant to Rule 15(d) of the Federal Rules of Criminal Procedure that the reasonable expenses of travel and subsistence for the defense attorney for attendance at the proceedings shall be borne by the United States, although certain costs may be assessed later against the defendant; it is further ORDERED

9. that any objection to the execution of this order, made to the authorities in Canada by or at the instance of the defendant, will be filed in this Court and served on the United States on or before the date it is presented to the Canadian authorities; it is further ORDERED

10. that any attempt by the defendant to prevent the execution of a request to the Canadian authorities, or to otherwise interrupt the orderly taking of the deposition, in furtherance of the Court's order will be considered as a *post hoc ex parte* attempt to frustrate the Court's order, and will constitute a waiver by the defendant of his right to speedy trial effective from the date of the attempt until the completion of the depositions.

SO ORDERED this _____ day of March, 2012.

MARSHA J. PECHMAN
Chief Judge, United States District Court

ORDER AUTHORIZING
WITNESS DEPOSITIONS - 3
ROSENAU/CR06-157MJP