Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HENRY C. ROSENAU,<br><br>　　　　　　　　　Defendant. | NO. CR06-157MJP<br><br>MOTION FOR RECONSIDERATION<br><br>Noted: April 20, 2012 |

　　　The DEFENDANT, by and through his counsel of record, Craig Platt, hereby files this Motion for Reconsideration Pursuant to Local Rule CrR 12(11). The Defendant respectfully objects to the admission of any and all live broadcast testimony of Kip Whelpley in Canada on the grounds that such testimony will violate his Sixth Amendment right to be confronted by his accuser. This Motion for Reconsideration is appropriate pursuant to Local Rule CrR 12(11) due to manifest error and the fact that additional legal authority could not have been brought to the Court's attention earlier with reasonable diligence because the issue only briefly arose during oral argument on a Motion for Deposition.

MOTION FOR RECONSIDERATION
/ ROSENAU- 1
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

**BACKGROUND**

On the March 23, 2012 this Court issued an Order on the Government's Motion for Authorization to Depose Foreign Witnesses. (Dkt. No. 89). This Court determined that due to "exceptional circumstances" the government is authorized to secure live broadcast testimony of Kip Whelpley in Canada. The Order states that Defense counsel shall travel to Canada to conduct cross-examination of Mr. Whelpley. The Order further states that a direct communication link between Defense counsel and the Defendant shall be provided, and opportunities for the Defendant to communicate with Defense Counsel will be set up. (*Id.* at 2). The Court's Order was in response to the Government's Renoted Motion for Authorization to Depose Foreign Witnesses filed on March 2, 2012. (Dkt. No. 79).

The Defense's Brief in Opposition to Government's Renoted Motion for Authorization to Depose Foreign Witnesses focused primarily on the taking of depositions pursuant to Rule 15. (Dkt. No. 81). The Defense now shifts its focus as a result of this Court's Order granting the government authorization to secure live broadcast testimony. This shift in focus is necessary as the legal standard for Rule 15 depositions are different from the legal standards required for testimony taken via live broadcast.

The Defense hereby respectfully objects to the testimony of Kip Whelpley via live broadcast testimony and moves this Court for reconsideration. The Defense further respectfully preserves any and all errors for appeal based on the Sixth Amendment of the United States Constitution and any and all other applicable law.

**INTRODUCTION—**
**SPECIFIC MATTERS OVERLOOKED OR MISAPPREHENDED—**
**AND NEW MATTERS**

The Court erred by applying the Rule 15 exceptional circumstances standard to justify the authorization of video testimony. Furthermore, the Sixth Amendment requires physical face-to-face confrontation. The exception carved out in *Craig v. Maryland* is no longer good law in light of *Crawford*. Nevertheless, even if it is assumed that *Craig* remains as good law, the *Craig* exception to physical face-to-face confrontation does not apply in the instant case. No sufficiently important public policy exists that outweighs Mr. Rosenau's right to physically

MOTION FOR RECONSIDERATION / ROSENAU- 2
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

confront Mr. Whelpley face-to-face. Finally, the proper procedures for admitting live broadcast testimony have not been complied with and the reliability of Kip Whelpley's testimony has not been adequately assured.

**LAW AND ARGUMENT**

**I.    THE DISTRICT COURT ERRED WHEN IT APPLIED THE RULE 15 EXCEPTIONAL CIRCUMSTANCES STANDARD FOR AUTHORIZATION OF VIDEO TESTIMONY**

Federal Rule of Criminal Procedure 15 provides "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). In criminal cases depositions are proper only in the very limited circumstances prescribed by Federal Rule of Criminal Procedure 15. *United States v. Rich*, 580 F.2d 929, 934 (9th Cir. 1978)(emphasis added). The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Kelley*, 36 F.2d 1118 (D.C. Cir. 1994)(citing *United States v. Ismaili*, 828 F.2d 152, 159 (3d Cir. 1987), cert. denied, 485 U.S. 935, 108 S.Ct. 1110 (1988)); *accord United States v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993). The District Court should consider the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied. United States v. *Omene*, 143 F.3d 1167, 1170(9th Cir. 1998)(citing *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

The Confrontation Clause "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1026, 108 S.Ct. 2798, 2801 (1988)(emphasis added). In *Maryland v. Craig*, the Supreme Court carved out an exception to this guarantee when it upheld a statutory procedure that permitted courts to receive, by one-way closed circuit television, the testimony of a child witness. *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157 (1990). Nevertheless, in *Craig*, the Supreme Court still acknowledged that "[t]he Confrontation Clause reflects a preference for face-to-face confrontation at trial…." *Craig*, 497 U.S. at 849, 110 S.Ct. at 3165. The exception in *Craig* provides that "…a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-

MOTION FOR RECONSIDERATION
/ ROSENAU- 3
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Craig*, 497 U.S. at 850, 110 S.Ct. at 3166.

In *United States v. Yates*, the government argued that two-way video testimony should be admissible whenever Rule 15 deposition testimony would be admissible. *United States v. Yates*, 438 F.3d 1307, 1312 (11th Cir. 2006). However, Rule 15 requires the government to, "produce the defendant at the deposition and keep the defendant in the witness's presence during the examination…." Fed R. Crim. P. 15(c)(1). The *Yates* court recognized that "Rule 15 gives the defendant the opportunity to be present at the deposition and thus an opportunity for physical face-to-face confrontation." *Yates*, 438 F.3d at 1314. The *Yates* court further stated that "the carefully-crafted provisions of Rule 15…were designed to protect defendants' rights to physical face-to-face confrontation…." *Id. at* 1315. The *Yates* court further recognized that the Federal Rules of Criminal Procedure do not authorize two-way video testimony. *Id*. at 1314. More importantly, the *Yates* court acknowledged the following:

> In 2002, the Advisory Committee on the Criminal Rules suggested a revision to Federal Rule of Criminal Procedure 26 that would have allowed testimony by means of two-way video conferencing. Thereafter, the Supreme Court transmitted to Congress proposed amendments to the Federal Rules of Criminal Procedure. The Court declined to transmit the proposed revision to Rule 26 that would have allowed testimony by two-way video conference. Justice Scalia filed a statement explaining that he shared "the majority's view that the Judicial Conference's proposed Fed. Rule Crim. Proc. 26(b) is of dubious validity under the Confrontation Clause of the Sixth Amendment to the United States Constitution….

*Id*. at 1314-1315(citing *Order of the Supreme Court,* 207 F.R.D. 89, 93 (2002)). As a result, the *Yates* court, while sitting *en banc*, rejected the government's argument that two-way video testimony should be admissible whenever Rule 15 deposition testimony would be admissible. *Yates*, 438 F.3d at 1312, 1314. Therefore, the exceptional circumstances standard for Rule 15 depositions is not the appropriate standard for determining the admissibility of live video broadcast testimony in trial.

On the March 23, 2012 this Court issued an Order on Government's Motion for Authorization to Depose Foreign Witnesses. (Dkt. No. 89). This Court stated that "because, exceptional circumstances exist, the government is AUTHORIZED to secure the live broadcast

MOTION FOR RECONSIDERATION
/ ROSENAU- 4
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

testimony in Canada of Kip Whelpley." (Dkt. No. 89 at 2). This Court did not apply the standard set forth in *Craig*. [1] The Defense respectfully contends that the application of the exceptional circumstances standard for the taking live broadcast testimony was a manifest error. The Defense respectfully preserves this error for appeal.

## II. THE SIXTH AMENDMENT REQUIRES PHYSICAL FACE-TO-FACE CONFRONTATION

"In all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause "*guarantees the defendant a face-to-face meeting with witnesses* appearing before the trier of fact." *Coy*, 487 U.S. at 1026, 108 S.Ct. at 2801(emphasis added). The Confrontation Clause also includes the right to effective cross examination. *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110 (1974); *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007).

### A. Effective Cross Examination Requires Physical Face-to-Face Confrontation

In addition to cross-examination, Confrontation also "means…being allowed to confront the witness *physically*…." *Davis*, 415 U.S. at 315, 94 S.Ct. at 1110(emphasis added). The Ninth Circuit and the Supreme Court have "emphasized the policy favoring expansive witness cross-examination in criminal trials." *Larson*, 495 F.3d at 1102(quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000)). Effective cross examination is critical to a fair trial because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id*. at 1102 (quoting *Davis*, 415 U.S. at 317, 94 S.Ct. at 1110).

The Supreme Court of the United States has explained that the *primary objective* of the Confrontation clause is:

> …to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a *personal examination and cross-examination of the witness*, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to *stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.*

---

[1] The Defense maintains that Craig is no longer good law. *See infra*.

MOTION FOR RECONSIDERATION / ROSENAU- 5
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

*Mattox v. United States*, 156 U.S. 237, 242-243, 15 S.Ct. 337, 340 (1895)(emphasis added).

The Supreme Court has also "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Davis*, 415 U.S. at 317, 94 S.Ct. at 1110(citing *Greene v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959))(emphasis added). Ultimately, "[J]urors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [a witness'] testimony." *Larson*, 495 F.3d at 1102 (quoting *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111).

"<u>*The simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation*</u>"—"<u>*the two are not constitutionally equivalent*</u>." *Yates*, 438 F.3d at 1315(emphasis added); *see also United States v. Bordeaux*, 400 F.3d 548, 554-555 (8th Cir. 2005)(finding that "'confrontation' via a two-way closed circuit television is not constitutionally equivalent to a face-to-face confrontation."). Ultimately, "[t]he phrase still persists, 'Look me in the eye and say that.' Given these human feelings of what is necessary for fairness, the right of confrontation 'contributes to the establishment of a system of criminal justice in which the perception as well as the reality of fairness prevails.'" *Coy*, 487 U.S. at 1019, 108 S.Ct. at 2802(citing *Lee v. Illinois,* 476 U.S. 530, 540, 106 S.Ct. 2056, 2062, (1986)).

**B. Live Broadcast Testimony is Insufficient and Violates the Sixth Amendment Right to Confrontation**

The *Yates* court, while sitting *en banc*, considered whether witness testimony presented on a television monitor at a criminal trial by live two-way video violates a defendant's Sixth Amendment right to confront witnesses. *United States v. Yates*, 438 F.3d 1307, 1309 (11th Cir. 2006). The defendants in *Yates* contended that the admission of testimony via two-way video would violate their Sixth Amendment rights. Despite the defense's objection, the district court permitted testimony via two-way video because two-way video would allow the defendants to see the witnesses and vice-versa. *Yates*, 438 F.3d at 1310. Moreover, the defendants, jury, and the judge could see the testifying witnesses on a television monitor and the witnesses could see the courtroom. *Id*. Additionally, defense counsel was able to cross examine the witnesses via two-way video. *Id*. However, the testifying witnesses remained physically present in Australia while the Defendants remained in Alabama. *Id*. at 1312.

MOTION FOR RECONSIDERATION
/ ROSENAU- 6
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

On appeal, the Eleventh Circuit reviewed de novo the Defendants' claim that their Sixth Amendment rights had been violated. *Id*. at 1309. The government claimed that testimony via two-way video conference was sufficient under the Sixth Amendment. [2] However, ultimately the *Yates* court, while sitting *en banc*, held that the two-way video conference testimony violated the defendants' rights under the Sixth Amendment, vacated the Defendants' convictions, and remanded the case for a new trial. *Id.* at 1309. The court reasoned that "[t]he simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation"— "the two are not constitutionally equivalent." *Yates*, 438 F.3d at 1315; *see also Bordeaux*, at 554-555(finding that "'confrontation' via a two-way closed circuit television is not constitutionally equivalent to a face-to-face confrontation.").

Here, like the defendants in *Yates*, Mr. Rosenau will be denied the Sixth Amendment guarantee to physically confront Kip Whelpley face-to-face. The jury will also be denied the opportunity to stand face-to-face with Kip Whelpley "in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Mattox*, 156 U.S. at 242-243, 15 S.Ct. at 340. Ultimately, live broadcast testimony of Kip Whelpley will be unconstitutional under the Sixth Amendment.

## III. THE *CRAIG* EXCEPTION TO PHYSICAL FACE-TO-FACE CONFRONTATION IS NO LONGER GOOD LAW IN LIGHT OF *CRAWFORD*

In *Maryland v. Craig*, the United States Supreme Court, in a 5-4 decision, upheld a statutory procedure that permitted courts to receive, by one-way closed circuit television, the testimony of a child witness. *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157 (1990). However, since this decision, the Supreme Court has altered its Confrontation Clause analysis.

In *Crawford*, the Court held that the Confrontation Clause required cross-examination and unavailability before testimonial hearsay could be admitted into evidence. *Crawford v. Washington,* 541 U.S. 36, 69, 124 S.Ct. 1354, 1374 (2004); *see also Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 2274-77 (2006). The *Crawford* decision radically altered the Court's jurisprudence involving the Sixth Amendment. At its core, *Crawford* is about the scope of the

---

[2] *See supra* (discussing the rejection of the government's argument that two-way video testimony should be admissible whenever Rule 15 deposition testimony would be admissible).

MOTION FOR RECONSIDERATION / ROSENAU- 7
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Confrontation Clause, not just the application of the Clause to the out-of-court statements at issue in that case.

The Supreme Court held in *Crawford* that the Sixth Amendment was subject only to those exceptions established at the time of its ratification in 1791. *Crawford*, 541 U.S. at 54, 124 S.Ct. at 1366 (citing *Mattox*, 156 U.S. 237, 243, 15 S.Ct. 337, 39 L.Ed. 409 (1895)). In 1791, the Framers could not have imagined confrontation and cross-examination in a Canadian Court where the defendant would attend via video broadcast as this Court has authorized. The judicially created exceptions to the Sixth Amendment announced in *Craig* for the first time 200 years after the ratification of the Sixth Amendment are indefensible in light of *Crawford*.

*Crawford* considered whether and how testimonial hearsay statements made by witnesses who did not testify at trial were admissible in light of the Confrontation Clause. *See Crawford,* 541 U.S. at 68-69, 124 S.Ct. at 1374. Although *Crawford* did not specifically address the issue of face-to-face confrontation at trial or deposition, *Crawford* fully considered the historical context within which the Confrontation Clause was drafted and the evils at which it was aimed. *Id.* at 43-51, 124 S.Ct. at 1359-1364. Moreover, *Crawford* did hold that testimonial hearsay statements were inadmissible absent the right to confrontation. *Id*. at 68-69, 124 S.Ct. at 1374.

The *Crawford* opinion also contains statements that are impossible to reconcile with other statements in the *Craig* opinion. *Compare, e.g.*, *Craig*, 497 U.S. at 849, 110 S.Ct. at 3165("a literal reading of the Confrontation Clause would 'abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme'"(citing *Ohio v. Roberts*, 448 U.S. 56, 63 100 S.Ct. 2531, 253 (1980)), and *Craig*, 497 U.S. at 845, 110 S.Ct. at 3163("any exception to the right 'would surely be allowed only when necessary to further an important public policy'"(citing *Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803 (1988)), with *Crawford*, 541 U.S. at 51, 124 S.Ct. at 1364("[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices"), *id.* at 54, 124 S.Ct. at 1365("[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts"), and *id.* at 61, 124 S.Ct. 1370("[a]dmitting statements deemed reliable by a judge is fundamentally at odds with the right to confrontation").

MOTION FOR RECONSIDERATION / ROSENAU- 8
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

More importantly, *Crawford* explicitly rejected the rationale of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531 (1980). *Crawford*, 541 U.S. at 63-66, 124 S.Ct. at 1371-1372. *Roberts* held that admitting the preliminary hearing testimony of an unavailable witness did not violate the Confrontation Clause of the Sixth Amendment by reasoning that reliability could be "inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Roberts*, at 66, 100 S.Ct. at 2539. The *Roberts* court reached this conclusion by reasoning that "hearsay rules and the Confrontation Clause are generally designed to protect similar values." *Id*. at 66, 100 S.Ct. at 2539(citing *California v. Green*, 399 U.S. 149, 155, 90 S.Ct 1930, 1933(1970)). In *Craig*, the Court relied heavily on the *Roberts* decision. *Crawford* overruled *Roberts*. *Roberts* is no longer good law. Thus, *Crawford* overruled *Craig* sub silentio and by implication because it undermined the foundations upon which *Craig* rested.

*Crawford*'s return to the full historical context of the Sixth Amendment requires this Court to permit Mr. Rosenau to be physically confronted, face-to-face, with the witnesses against him. Physical face-to-face confrontation is constitutionally required regardless of whether the *Craig* exception can conceivably apply. The Defense respectfully requests, pursuant to the Sixth Amendment and *Crawford*, that this Court require Mr. Rosenau to be confronted, face-to-face, with the witnesses against him. Further, the Defense respectfully preserves this issue and manifest error for appeal. The authorization of the live broadcast testimony of Kip Whelpley is unconstitutional in light of *Crawford*.

### IV. ADMISSION OF TESTIMONY FROM CANADA VIA LIVE BROADCAST IS NOT JUSTIFIED PURSUANT TO A SUFFICIENTLY IMPORTANT PUBLIC POLICY

"[A] defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy…." *Craig*, 497 U.S. at 850, 110 S.Ct. at 3166. The Defense maintains that *Craig* is no longer good law in light of *Crawford*. However, assuming arguendo that *Craig* remains as good law, a sufficiently important public policy does not exist that justifies the testimony of Kip Whelpley's from Canada via live broadcast.

In *Yates*, *supra*, the defendants were charged with mail fraud, conspiracy to defraud the United States, conspiracy to commit money laundering, and a variety of prescription drug related

MOTION FOR RECONSIDERATION / ROSENAU- 9
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

crimes. *Yates*, 438 F.3d at 1310. The government posited that several important public policies existed that supported video testimony of witnesses. The government asserted video testimony was justified by claiming an important public policy existed concerning "providing the fact-finder with crucial evidence," "expeditiously and justly resolving the case," and "ensuring that foreign witness can so testify." *Id.* at 1315-1316. The district court agreed that the Government asserted an important public policy. *Id*. at 1310.

However, on appeal, the Eleventh Circuit, sitting *en banc*, reasoned that "the prosecutor's need for the video conference testimony to make a case and to expeditiously resolve it are not the type of public policies that are important enough to outweigh the Defendants' rights to confront their accusers face-to-face." *Id*. at 1316. The court further reasoned, that "[a]ll criminal prosecutions include at least some evidence crucial to the Government's case," and "[t]here is no doubt that many criminal cases could be more expeditiously resolved were it unnecessary for witnesses to appear at trial." *Id*.

Unlike *Yates*, in *United States v. Ali*, [3] the court determined that an important public policy existed to justify testimony via two-way video link. *United States v. Ali*, 528 F.3d 210, 240 (4th Cir. 2008). The court reasoned that the case concerned international terrorism and a defendant charged with crimes targeting American civilians and the President of the United States. The court further reasoned that "[i]nsistence on face-to-face confrontation may in some circumstances limit the ability of the United States to further its fundamental interest in preventing terrorist attacks" and "this would jeopardize the government's ability to prosecute terrorists." *Ali*, 528 F.3d at 240. Therefore the court determined that an important public policy existed that justified testimony via two-way video as the "government has no more profound responsibility than the protection of Americans, both militarily and civilian, against unprovoked attack." *Id*. (citing *Hamdi v. Rumsfeld*, 296 F.3d 278, 283 (4th Cir. 2002).

Here, like the defendants in *Yates*, Mr. Rosenau has been charged with conspiracy and drug related crimes. Moreover, like the defendants in *Yates*, Mr. Rosenau will be denied his right to physical face-to-face confrontation of an accuser located in a foreign county. This Court has authorized testimony via live broadcast. However, "the [AUSA's] need for the video

---

[3] *Ali* is the only post *Crawford* appellate case cited by the government in its Reply to Defendant's Opposition to Renoted Motion for Authorization to Depose Foreign Witnesses. (Dkt. No. 85 at 1).

MOTION FOR RECONSIDERATION / ROSENAU- 10
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

conference testimony to make a case and to expeditiously resolve it are not the type of public policies that are important enough to outweigh [Mr. Rosenau's] rights to confront [his] accusers face-to-face." *Yates*, 438 F.3d at 1316. Furthermore, unlike the circumstances in *Ali*, Mr. Rosenau has not been accused of international terrorism and the government's ability to defend the county against unprovoked attack or prosecute terrorists is not in jeopardy. *Ali*, 528 F.3d at 240. Ultimately, here, as in *Yates*, a sufficiently important public policy does not exist that justifies the denial of Mr. Rosenau's Sixth Amendment right to physically confront Kip Whelpley face-to-face. [4]

## V.   THE PROPER PROCEDURES FOR ADMITTING LIVE BROADCAST TESTIMONY HAVE NOT BEEN COMPLIED WITH AND THE RELIABILITY OF KIP WHELPLEY'S TESTIMONY HAS NOT BEEN ADAQUATELY ASSURED

"[A] defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial…only where the reliability of the testimony is otherwise assured." *Craig*, 497 U.S. at 850, 110 S.Ct. at 3166. "[W]here a defendant's right to confront a witness against him will be affected, the determination of whether a particular case requires a departure from usual procedures must be made, by the trial court, on a case-by-case basis." *Yates*, 438 F.3d at 1315(citing *Craig,* 497 U.S. at 854, 110 S.Ct. at 3169). "The court generally must: (1) hold an evidentiary hearing and (2) find: (a) that the denial of physical, face-to-face confrontation at trial is necessary to further an important public policy and (b) that the reliability of the testimony is otherwise assured. *Yates*, 438 F.3d at 1315(citing *Craig*, 497 U.S. at 850, 855, 110 S.Ct. at 31166, 3169). *Craig* also suggests that in order to separate the witness and defendant, the problem must be the physical presence of the defendant during the witness's testimony and not some other problem that can be remedied by a less intrusive solution. *See Craig*, 487 U.S. at 855, 110 S.Ct. at 3169; *Yates*, 439 F.3d 1315.

Here, no evidentiary hearing has been held in order to determine whether the government can show that a sufficiently important public policy exists that outweighs Mr. Rosenau's Sixth Amendment rights. The contrast between *Yates* and *Ali* reveals that a sufficient public policy

---

[4] The Defense respectfully preserves the issue concerning a sufficient public policy for appeal.

MOTION FOR RECONSIDERATION / ROSENAU- 11
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

does not exist in the instant case to deprive Mr. Rosenau of his Sixth Amendment rights. Moreover, a hearing has not been held to determine whether the reliability of Mr. Whelpley's testimony will be assured. It seems the government has taken no steps to remedy Kip Whelpley's absence or provide a less intrusive solution. Furthermore, Mr. Whelpley will be beyond sanctions for perjury as he will testify from a location in Canada. His reliability cannot and has not been adequately assured. Nevertheless, the necessary procedures required for the admission of live broadcast testimony have not been complied with. [5]

## CONCLUSION

The Court erred upon applying the Rule 15 exceptional circumstances standard to justify the authorization of video testimony. Furthermore, the Sixth Amendment requires physical face-to-face confrontation. The exception carved out in *Craig v. Maryland* is no longer good law in light of *Crawford*. Nevertheless, even if it is assumed that *Craig* remains as good law, the *Craig* exception to physical face-to-face confrontation does not apply in the instant case. No sufficiently important public policy exists that outweighs Mr. Rosenau's right to physically confront Mr. Whelpley face-to-face. Finally, the proper procedures for admitting live broadcast testimony have not been complied with and the reliability of Kip Whelpley's testimony has not been adequately assured. The Defense respectfully preserves any and all issues concerning the above issues for appeal.

## PARTICULAR MODIFICATION SOUGHT

The Defendant prays that this court will vacate its Order authorizing the testimony of Kip Whelpley via live broadcast and render such testimony inadmissible pursuant to the Sixth Amendment. The Defendant further prays that live, physical, face-to-face confrontation of his accuser, Kip Whelpley, as is guaranteed under the Sixth Amendment, be required.

---

[5] The Defense respectfully preserves the issue(s) for appeal concerning the lack of the required and appropriate procedures and the lack of assurances of reliable testimony.

MOTION FOR RECONSIDERATION / ROSENAU- 12
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

DATED this 13th day of April, 2012

          Respectfully submitted,
          PLATT & BUESCHER

          *s/Craig Platt*_____
          Craig Platt
          Attorney for Defendant
          WSBA #12396
          P.O. Box 727
          Coupeville, Washington 98239-0727
          Telephone: (360) 678-6777
          Fax: (360) 678-0323
          Email: craig@plattbuescher.com

MOTION FOR RECONSIDERATION / ROSENAU- 13
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

## CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the Government.

_s/Craig Platt_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

MOTION FOR RECONSIDERATION / ROSENAU- 14
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323