Chief Judge Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>HENRY C. ROSENAU<br><br>      Defendant. | NO. CR06-157MJP<br><br>MOTION FOR PRESERVATION OF EVIDENCE AND TO COMPEL DISCOVERY |

THE DEFENDANT, Henry C. Rosenau, by and through his counsel of record, hereby respectfully moves this Court for an order compelling the government to preserve evidence and compel production pursuant to Fed. R. Crim. P. 16, Local Rule 16, and the Constitution of the United States of America.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE CrR 16

I, Craig Platt, hereby certify to the following:

1. The parties have engaged in a discovery conference and have discussed the subject matter of this motion and have been unable to reach an agreement.

2. The parties have met on several occasions to review and discuss the production of Discovery including but not limited to May 13, 2011; May 18, 2011; May 26, 2011; July 13, 2011; and August 25, 2011.

MOTION TO DISMISS:
/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

3. The parties who attended the discovery conferences included the AUSA, Susan Roe, Defense Counsel, and Mr. Daniel Fortmann at least on one occasion.
4. The parties have remained in contact via email concerning discovery and have discussed the issues set forth below.
5. The matters set forth below are in dispute and require the determination of the court.

<u>s/Craig Platt</u>
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

## I.     MLAT MATERIALS

Federal Rule of Criminal Procedure 16(a)(1)(E) provides "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense…." Fed. R. Crim. P. 16(a)(1)(E). Furthermore, Local Rule 16 provides that the government shall "[p]ermit defendant's attorney to inspect and copy or photograph books, papers, documents…which are in the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense…." Local Rules W.D. Wash. CrR 16 (a)(1)(D).

The government has refused to provide Defense Counsel with any and all MLAT materials. This has impeded Defense Counsel's ability to fully prepare a defense under the Speedy Trial Act. The Speedy Trial Act provides "…an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by *due diligence* or he resists appearing at or being returned for trial." 18 U.S.C. 3161(h)(3)(B). The government bears to burden of showing that the unavailable essential witness exclusion

MOTION TO DISMISS:                                              PLATT & BUESCHER
/ROSENAU-2                                                         Attorneys at Law
No. CR06-157MJP                                                    P.O. Box 727
                                                                   Coupeville, WA 98239
                                                                   Phone: (360) 678-6777
                                                                   Fax: (360) 678-0323

applies. 18 U.S.C. §3162(a)(2). The Speedy Trial Act also provides, "[a]ny period of delay…ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined under section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears or reasonably appeared at the time the request was made, that such evidence is, or was, in such a foreign county" shall be excluded in computing the time within which the trial of any such offense must commence. 18 U.S.C. 3161(h)(8). The defense's ability to prepare a defense concerning the government's violation of the Speedy Trial Act and the inapplicability of these exclusions has been impeded due to the government's unwillingness to produce MLAT materials. MLAT materials are essential for the proper defense of Mr. Rosenau and will likely lend further support to the Defense's motion to dismiss for failure to comply with the Speedy Trial Act.

## II. ZACHARY MIRABACK

The government must produce all evidence favorable to a defendant pursuant to the Constitution of the United States, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Brady*'s progeny. Additionally, under *Giglio v. United States*, 405 U.S. 1050 (1972), the government also has a duty to disclose to the defense all information casting a shadow on a government informant-witness' credibility, including the witness' status as a paid informant, prior criminal convictions, drug or alcohol use, benefits received by the witness in exchange for cooperation, personal assets, and tax liability. *See, e.g. United States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir. 1993). A defendant is also entitled to impeachment evidence regarding any government agent who testifies at trial. *See United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). This duty requires the Government's attorneys to disclose all exculpatory evidence known to the police agencies that participated in the investigation of the case. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("individual prosecutor has duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *Banks v. Dredke*, 540 U.S. 668,696 (2004) ("A rule . . . declaring that prosecutor may hide, defendant must seek is not tenable in a system constitutionally bound to accord defendants due process"); *Tennison v. City and County of San Francisco*, 548 F.3d 1293, 1301 (9th Cir. 2008) (confirming that *Brady*

MOTION TO DISMISS:
/ROSENAU-3
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

violation occurs when the Government fails to turn over evidence that is "known only to the police investigators and not to the prosecutor").

On or about April 16, 2012, the Court reviewed documents relating the Zachary Miraback Bates stamped 1829-1907. The Defense contends that these materials should be preserved and/or produced as they may provide evidence that the defendant is entitled to pursuant to the law provided above.

Respectfully submitted this 17th day of April, 2012.

           Respectfully submitted,
           PLATT & BUESCHER


           *s/Craig Platt*_____
           Craig Platt
           Attorney for Defendant
           WSBA #12396
           P.O. Box 727
           Coupeville, Washington 98239-0727
           Telephone: (360) 678-6777
           Fax: (360) 678-0323
           Email: craig@plattbuescher.com

MOTION TO DISMISS:
/ROSENAU-4
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 4/17/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the government.

*s/Jill Ogren*_____
Jill Ogren
Platt & Buescher, Legal Assistant
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: reception@plattbuescher.com

MOTION TO DISMISS:
/ROSENAU-5
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323