Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

HENRY ROSENAU

            Defendant.

No. CR06-157MJP

DEFENDANT'S TRIAL BRIEF

COMES NOW, HENRY ROSENAU, by and through Counsel, Craig A. Platt, and respectfully submits this Trial Brief for the trial scheduled to begin on April 23, 2012 at 9:00am.

## TRIAL MEMORANDUM

## I.    BACKGROUND AND POSITION OF DEFENSE

The Government alleges that within the five years before September 21, 2005, and continuing through on or about September 21, 2005, within the Western District of Washington, and elsewhere, that the Defendant, Henry C. Rosenau (hereinafter "Mr. Rosenau"), did knowing and intentionally conspire with others to import marijuana (one thousand kilograms or more) into

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-1
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

the United States from Canada in violation of Title 21, United States Code, Sections 952, 960(a)(1), 960(b)(1)(G), and 963.  The government further alleges that within the same time frame and geographical scope indicated above, that Mr. Rosenau did knowingly and intentionally conspire with others to distribute marijuana (one thousand kilograms or more) in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.  The government further alleges that on or about September 21, 2005 within the same geographical scope indicated above, that Mr. Rosenau knowingly and intentionally aided, abetted, induced, and willfully caused the possession with intent to distribute marijuana (100 kilograms or more) in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

Mr. Rosenau has entered a plea of not guilty to all charges, thereby requiring the government to prove each element of all charges beyond a reasonable doubt to the unanimous satisfaction of the jury.  Mr. Rosenau will defend against the above conspiracy charges by alleging mere presence, lack of privy to any agreement to import or distribute marijuana, lack of knowledge of such an agreement, and lack of intent to accomplish the purpose of any such agreement.  In the alternative, Mr. Rosenau may assert that he was a mere knowing spectator. Mr. Rosenau will also defend against the possession charge by alleging lack of actual and constructive possession.  Mr. Rosenau may further contend that he is merely in the business of selling and/or leasing helicopters and that Kip Whelpley and/or other witnesses are biased against him and have personal interest in the outcome of this matter.

## II.    CHARGES AND ELEMENTS

Henry Rosenau is charged with conspiracy to import marijuana in Count I in violation of 21 U.S.C. §§ 952, 960(a)(1), 960(b)(1)(G), and 963; conspiracy to distribute marijuana in Count II in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 846; and possession of marijuana in Count III in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), and 18 U.S.C. §2.  Pursuant to 21 U.S.C. §812 marihuana (or marijuana) is a schedule I drug.  21 U.S.C. §812.

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-2
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

### a.   Count I—Conspiracy to Import Marijuana

21 U.S.C §952 reads as follows:

…It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I….

21 U.S.C. §952(a).  21 U.S.C. 960(a)(1) reads as follows:

(a)  Unlawful acts
Any person who—
   (1) Contrary to section 952, 953, or 957 of this title, knowingly or intentionally
       imports or exports a controlled substance…
shall be punished as provided in subsection (b) of this section.

21 U.S.C. §960(a)(1).  21 U.S.C. 960(b)(1)(G) reads as follows:

(b)  Penalties
(1)  In the case of a violation of subsection (a) of this section involving— …
  (G) 1000 kilograms or more of a mixture or substances containing a detectable amount
of marihuana…

the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than 20 years and not more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $20,000,000 if the defendant is an individual or $75,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph. No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein.

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

21 U.S.C. §960(b)(1)(G).  21 U.S.C. §963 reads as follows:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. §963.

The elements of the charged offense of conspiracy to import marijuana are as follows:

> (1) That beginning at a time unknown, but within the 5 years before and continuing through on or about September 21, 2005;

> (2) Within the Western District of Washington;

> (3) There was an agreement between two or more persons;

> (4) To import at least 1000 kilograms of marijuana into the United States;

> (5) Mr. Rosenau joined in the agreement knowing of its purpose; and

> (6) Mr. Rosenau intended to help accomplish that purpose;

*See* Ninth Circuit Model Jury Instructions 9.10.

### b.  Count II—Conspiracy to Distribute Marijuana

21 U.S.C. §841(a)(1) reads as follows:

(a) Unlawful acts
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance….

21 U.S.C. §841(a)(1).  21 U.S.C. §841(b)(1)(A) reads as follows:

(b) Penalties
> (1)(A) In the case of a violation of subsection (a) of this section involving—…
> (vii) 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight…

> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $20,000,000 if the defendant is an individual or $75,000,000 if the defendant is other than an individual, or both. If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence. Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

21 U.S.C. §841(b)(1)(A).  21 U.S.C. §846 reads as follows:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. §846.

The elements of the charged offense of conspiracy to distribute marijuana are as follows:

(1) That beginning at a time unknown, but within the 5 years before and continuing through on or about September 21, 2005;

(2) Within the Western District of Washington;

(3) There was an agreement between two or more persons;

(4) To distribute at least 1000 kilograms of marijuana into the United States;

(5) Mr. Rosenau joined in the agreement knowing of its purpose; and

(6) Mr. Rosenau intended to help accomplish that purpose;

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

*See* Ninth Circuit Model Criminal Jury Instructions 9.19.

### c.   Count III—Possession of Marijuana

21 U.S.C. §841(a)(1) reads as follows:

(a) Unlawful acts
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
  (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance….

21 U.S.C. §841(a)(1).   21 U.S.C. 841(b)(1)(B) reads as follows:

(b) Penalties
  (B) In the case of a violation of subsection (a) of this section involving—…
    (vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight…

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $5,000,000 if the defendant is an individual or $25,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $8,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

21 U.S.C. 841(b)(1)(B).   18 U.S.C. §2 reads as follows:

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The elements of the charged offense of possession of marijuana with intent to distribute are:

(1) That on or about September 21, 2005;

(2) Within the Western District of Washington;

(3) Mr. Rosenau knowingly possessed at least 100 kilograms of marijuana;

(4) With the intent to distribute it to another person;

OR;

(1) That on or about September 21, 2005;

(2) Within the Western District of Washington;

(3) Possession of marijuana with intent to distribute was committed by someone;

(4) Mr. Rosenau knowingly; and

(5) Intentionally;

(6) Aided, counseled, commanded, induced or procured that person to commit each element of possession of marijuana with intent to distribute; and

(7) Mr. Rosenau acted before the crime was committed.

*See* Ninth Circuit Model Criminal Jury Instructions 9.15 and 5.1.

## III.    EVIDENTIARY ISSUES

### a.   Government's Intent to Offer 404(b) Evidence:

The Government has notified the Defense of its intent to offer 404(b) evidence concerning Mr. Rosenau's alleged illegal entry into the United States's with "another pilot."

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-7
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

(Dkt. No. 43).   The defense objects to the admission of this evidence, or, in the alternative requests a limiting instruction based on the following:

>   ### i.   *Inextricably Intertwined:*

Evidence is not considered to relate to "other crimes" if it is "inextricably intertwined" with, and "part of the same transaction" as, the crime for which the defendant was charged. *United States v. Santiago*, 46 F.3d 885, 889, 46 F.3d 885 (C.A.9 (Cal.),1995)(citing *United States v. Mundi,* 892 F.2d 817, 820 (9th Cir.1989), *cert. denied,* 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991); *United States v. Soliman,* 813 F.2d 277, 278 (9th Cir.1987)).

In *Santiago*, the prosecution elicited testimony that revealed Santiago was seen carving the initials of the Mexican Mafia into cell bars and that Santiago made statements that he needed to kill someone to join a gang.   *Santiago*, 46 F.3d 885, 888-889, 46 F.3d 885 (9th Cir. 1995). The Ninth Circuit reasoned that such evidence did not relate to "other crimes" because the record revealed "no evidence of any specific, wrongful acts by either the Mexican Mafia or Santiago that were unrelated to the murder…."   Therefore, the testimony did not constitute "other crimes" evidence subject to Rule 404(b).   *Id.* at 889, 46 F.3d at 885.   In *Easter*, the prosecution offered evidence of gang-affiliation for purposes of identity.   *United States v. Easter*, 66 F.3d 1018, 1021 -1022, 66 F.3d 1018 (9th Cir. 1995).   The Ninth Circuit reasoned that, "as in *Santiago,* the Government did not forward "evidence of any specific, wrongful acts by either the [gang at issue] or [the defendants] that are unrelated to [the crime charged]." *Id.*

Mr. Rosenau has been charged with drug crimes under Title 21 of the United States Code.   Unlike the evidence that did not relate to "other crimes" in *Santiago* and *Easter*, the government now intends to offer evidence of a specific wrongful act concerning Mr. Rosenau's purported illegal entry into the United States with "another pilot."  (Dkt. No. 43).  This evidence concerns (i) a specific crime or wrongful act and (ii) is not inextricably intertwined nor part of the same transaction concerning the crimes of which Mr. Rosenau is charged.   Therefore, this evidence is subject to Rule 404 and its limitations.

>   ### ii.   *Other Crimes*

Rule 404(a) precludes the admission of prior bad act evidence offered to show criminal propensity.   *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).   Fed.R. Evid. 404(b)

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

provides that evidence of prior crimes, acts or wrongs is not admissible to prove the character of an accused in order to show action in conformity with that character. However, Rule 404(b) sets forth an exception to the prohibition of propensity evidence which allows the admission of prior conduct for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time. *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994). Before admission the Government is required to establish how the evidence is relevant to one or more issues in the case: "it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). Once relevance is established the district court must also weigh the potential prejudice of the evidence. *See United States v. Boise*, 916 F.2d 497, 502-3 (9th Cir. 1990); *United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 1999). The Government has the burden of proving that the proposed Rule 404(b) evidence meets all requirements for admission. *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985).

The probative value of Mr. Rosenau's purported illegal entry into the United States in 2004 with "another pilot" is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. If the jury is permitted to hear evidence of an illegal entry into the United States via helicopter with "another pilot," the jury will be misled into believing—once a trafficker always a trafficker (classic propensity evidence).

Therefore, the defense respectfully requests that this evidence be deemed inadmissible as the risk of prejudice substantially outweighs its probative value and it will be used by the government to show criminal propensity and conformity on a particular occasion. Alternatively, the defense requests that the Court place restrictions on the government's use of this prior bad act evidence in its case in chief. The defense respectfully requests a limiting instruction and that the government be required to lay the proper foundation.

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-9
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

**b. Co-Conspirator Statements:**

On September 21, 2005 Zachary and Braydon Miraback were arrested. (Bates 111). Subsequently, on December 13, 2005, Zachary and Braydon Miraback allegedly made statements during a proffer hearing whereby they allegedly made incriminating statements and purportedly identified Mr. Rosenau as the pilot of a helicopter engaged in smuggling activities. (Bates 110). The Mirabacks likely made additional statements aside from those at this proffer hearing following their arrest. The Mirabacks are not expected to testify at trial. The Government may attempt to offer other statements made by other co-conspirators. The defense respectfully requests that any and all statements made by the Mirabacks be deemed inadmissible. The defense respectfully requests that any and all statements made by other co-conspirators not in the course or in furtherance of the conspiracy. The defense makes the above requests based on the following:

### i.    *Federal Rule of Evidence 801(d)(2)(E)*

Hearsay is defined as a "statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "A statement is not hearsay if…(2) *Admission by party-opponent*. The statement is offered against a party and is…(E) a statement by the coconspirator of a party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E).

A trial court may admit an alleged coconspirator statement under Rule 801(d)(2)(E) only after finding by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the person against whom the declaration is offered were members of this conspiracy; (3) the statement was made during the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy. *See United States v. Bourjaily*, 483 U.S. 171, 175-176, 107 S. Ct. 2775 (1987). "A coconspirator statement is made 'during the course' of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved." *United States v. Owens*, 70 F.3d 118, 1126 (1st Cir. 2002). "If the court, [at the close of evidence]…concludes that the provisionally admitted evidence does not satisfy the applicable standard, it must give a cautionary instruction to the jury, or upon an appropriate motion, declare a mistrial if the

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

instruction will not suffice to sure any prejudice." *United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002).

In the present case, the government alleges that the conspiracy lasted through on or about September 21, 2005. (Dkt. No. 4). Alleged coconspirators Zachary and Braydon Miraback were arrested on September 21, 2005. (Bates 111). As a result, the alleged conspiracy was terminated. Therefore, any alleged coconspirator statements made by the Mirabacks or other alleged co-conspirators were made after the alleged objective had been achieved and were therefore not made 'during the course' of the conspiracy. The language of the rule is precise. Statements made by the Miraback brothers or other co-conspirators not made during the course of the conspiracy are inadmissible. Fed. R. Evid. 801(d)(2)(E). Without a conspiracy—it cannot be furthered. Moreover, statements to law enforcement do no further the conspiracy. The Miraback or other co-conspirators' post-arrest statements are hearsay and must be excluded as such.

  *ii.*  **Sixth Amendment Right to Confrontation—*Crawford v. Washington*, 541 U.S. 36 (2004)**

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be Confronted with the witnesses against him," thereby precluding the government from introducing otherwise admissible hearsay. *See* U.S. Const. Amend. VI. In *Crawford*, the U.S. Supreme Court held that the Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Testimonial statements include pretrial statements that declarants would reasonably expect to be used prosecutorially and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," *Crawford*, 541 U.S. at 51-52, 124 S.Ct. at 1364. Ultimately, the Sixth Amendment right to confrontation presents a broad prohibition against the introduction of testimonial evidence unless the witness is available or the defendant had a prior opportunity to cross-examine the witness.

The Mirabacks are not expected to testify at trial. Mr. Rosenau had no prior opportunity to cross-examine either of the Miraback brothers. Therefore, any and all testimonial statements

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-11
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

made by the Mirabacks, regardless of whether they are admissible pursuant to the Federal Rules of Evidence, are inadmissible pursuant to the Sixth Amendment of the United States Constitution.

The defense objects to any and all testimonial hearsay evidence offered concerning matters and/or witnesses of which the Defense has not had the prior opportunity to cross-examine.

### c.   Mere Presence/Mere Association:

The fact that a defendant was present at the scene of the crime and had knowledge that a crime was being committed or that he or she associated with conspirators is not necessarily sufficient to show a conspiracy existed. *See United States v.Cooper*, 567 F.2d 252, 255 (3d Cir. 1977) ("One may not be convicted of conspiracy solely for keeping bad company"); *United States v. Lee*, 991 F.2d 343, 348 (6th Cir. 1993) (one cannot be convicted of conspiracy merely by guilty association); *United States v. Quintana*, 508 F.2d 867, 880 (7th Cir. 1975) (same); *United States v Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995).  In these cases, the jury may be instructed that the defendant is not liable for acts he performed where he had no knowledge that those acts advanced a criminal activity.  *See Dennis v. United States*, 302 F.2d 5, 12-13 (10th Cir. 1962)(judgment of acquittal should have been granted where defendant acted without knowledge that his acts furthered conspiracy)(reversed on other grounds); *United States v. Benz*, 740 F.2d 903, 910-911 (11th Cir. 1984)(court did not err when it instructed jury that "a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator").

On or about September 21, 2005 Mr. Rosenau was on properties located in Yale, Canada that were owned by another Canadian citizen, Glen Stewart.  At this time Mr. Rosenau was merely leasing such premises, had occupational rights, and had an option to purchase the property.  Mr. Rosenau was also in the business of selling and leasing helicopters.  Therefore, the Defense respectfully requests that the court give the appropriate limiting instruction concerning mere presence at the scene of a crime or mere knowledge that a crime is being committed as promulgated in Ninth Circuit Model Criminal Jury Instructions 6.10.

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-12
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

**d.  Multiple Conspiracies**

A multiple conspiracy exists where there are separate unlawful agreements to achieve separate purposes.  A multiple conspiracy instruction is given when the indictment charges a single (overall) conspiracy but the evidence at trial suggests separate conspiracies and not the overall conspiracy.  *See United States v. Brandon*, 17 F.3d 409, 449 (1st Cir. 1994)("A trial court should grant a defendant's request for multiple conspiracy instruction if, "on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged"); *United States v. Stowell*, 947 F.2d 1251, 1258 (5th Cir. 1991)(same); *United States v. Bauer*, 84 F.3d 1549, 1560-61 (9th Cir. 1996)(same); *see also United States v. McDermott*, 245 F.3d 133 (2d Cir. 2001)(case reversed where there was a variance between conspiracy charged and proof at trial).   "Whether single or multiple conspiracies have been shown is usually a question of fact to be resolved by the jury."  *United States v. Segines*, 17 F.3d 847, 1086-87 (6th Cir. 1994); *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988)(same); *United States v. England*, 966 F.2d 403, 406 (8th Cir. 1992)(same); *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992).

The Defense will propose the appropriate jury instruction (Ninth Circuit Criminal Jury Instruction 8.22) regarding the possible existence of multiple conspiracies since the Government alleges that a single conspiracy existed within the five years before September 21, 2005, and continuing through on or about September 21, 2005.  The Multiple conspiracy instruction has been referred to the "rimless wheel" instruction as set forth in *United States v. Kotteakos*, 328 U.S. 750, 754-55, 773-74 (1946) and requires the jury to acquit all defendants changed in the single conspiracy if they find that a series of separate conspiracies existed rather than the lone conspiracy changed in the  indictment.  *See also United States v. Smith*, 82 F.3d 1261, 1271 (3rd Cir. 1996)(same); *United States v. Neal*, 27 F.3d 1035, 1052 (5th Cir. 1994)(same); *United States v. Bostic*, 480 F.2d 965, 968 (6th Cir. 1973)("Where one conspiracy is specifically charged, proof of different and disconnected ones will not sustain a conviction").

**e.  GPS Coordinates**

Hearsay is defined as a "statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

Fed. R. Evid. 801(c).  A "statement" includes an oral or written assertion.  Fed. R. Evid. 801(a). A "declarant" is a person who makes a statement.  Fed. R. Evid. 801(b).  Thus a statement may be hearsay when a person writes or types an oral or written assertion into a machine.  Raw data generated solely by a machine is not hearsay, but data entered into mechanical equipment is hearsay.  *See United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007)(raw data generated solely by a machine did not constitute "statements" as machines are not "declarants"); *compare United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010)(no dispute that standard form with identities and biographical information placed on form by person was hearsay admissible only as public record).

Here, Cpl. Kachur of the RCMP allegedly discovered a GPS, night vision goggles, and two satellite phones.  The GPS allegedly had latitude and longitude coordinates for a "Shop" and two "landing zones" located north of the U.S./Candian Border.  Cpl. Kachur further allegedly identified other GPS coordinates—one titled "Entrance" and another south of the U.S./Canadian border identified as a "landing zone" in the Lamb Butte area.  Several other GPS locations were also allegedly discovered.  Bates 000111.  Many of the alleged GPS coordinates were named. Such names included "Shop," "Coppercamp," "L2," "Entrance," "Gold Cabin," "001," "Dog Leg," "003," "Big Week," "Lower Tower," "Outhse Apr," "010," "D2," "Outhouse," "Tootsrkpit," "006," "005," and "Vernon."  Bates 001361.  Ultimately, these coordinates and names were entered into this machine by a person.  The coordinates and names were not generated solely by the GPS.  Therefore, the coordinates and names are hearsay.  The same would be true if the coordinates and names were typed in through use of Microsoft Word—only here they were typed in by the declarant on the GPS.  No exception exists for this hearsay. Therefore, the GPS coordinates and the names associated with such coordinates is inadmissible under the rules of evidence.

**f.  Live Broadcast Video Testimony**

The defense respectfully incorporates herein its Motion for Reconsideration. (Dkt. No. 97).

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

The Defense requests permission to supplement this Brief as issues arise.


Respectfully submitted this 18th day of April, 2012.

PLATT & BUESCHER


_s/Craig Platt_____
Craig Platt
**Attorney for Defendant**
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-15
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323

CERTIFICATE OF SERVICE

I hereby certify that on 4/18/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the plaintiff(s).

<u>s/Jill Ogren</u>
Legal Assistant
Platt & Buescher
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: reception@plattbuescher.com

DEFENDANT'S TRIAL BRIEF,
/ROSENAU-16
No. CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239
Phone: (360) 678-6777
Fax: (360) 678-0323