Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HENRY ROSENAU, <br><br> Defendant. | NO. CR06-157MJP <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF LIVE VIDEO TESTIMONY <br><br> Noted: April 20, 20102 |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, files this Response to the Defendant's Motion for Reconsideration of the Court Order directing the live video testimony of government witness Kip Whelpley. The Court's Order was the result of prior government motions for authority to depose the witness in Canada to preserve his testimony for trial. The Court should deny the motion for reconsideration and allow the live testimony as ordered.

The government asks the Court to make a finding that the witness is unavailable as a direct result of the defendant's actions and that the defendant's actions were undertaken specifically to render the witness unavailable.

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*FACTS RELEVANT TO THE MOTION FOR RECONSIDERATION*

Canada will not allow the defendant entry into Canada at this time. *See,* Attachment 1.

An essential government witness, Canadian Kip J. Whelpley, is unavailable to testify in person at trial solely because of the defendant's actions. The defendant, specifically designed to prevent Whelpley from testifying in *United States v. Rosenau,* CR06-157MJP, filed suit in Canada against Whelpley. On March 7, 2011, a default judgment was entered in No. 14781 Quesnel Registry, Rosenau's remote hometown, which orders that "Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America until further order of this Court...." The Order in *Henry Carl Rosenau, plaintiff and Kip John Whelpley defendant,* also granted general, punitive, and specific damages in amounts to be assessed against Whelpley. *See,* Attachment 2, *Rosenau v. Whelpley*, Registry #14781.

To insure that witness Whelpley understood the import of the lawsuit and order, Rosenau's agent sent him the following email shortly before the original U.S. trial date.

**From:** Padraig Mac Roibeaird

**pmacroibeaird@gmail.com**
**Date:** 20 October, 2011 1:26:35 PM PDT
**To:** Kip Whelpley <kidwhisperers@gmail.com>
**Subject: Re: Address for service**

"Mr. Whelpley,

> Please confirm that this remains the correct address for service for documents in the civil matter between yourself and Mr. Henry Rosenau in the Supreme Court of British Columbia.
>
> 1501 33rd Street, Vernon, B.C. V1T 5P5
>
> There is a document to be served which you may already have, but for which you have not acknowledged receipt of service. It is the order of the Court made March 7th, 2011 reflecting Default Judgment and four Orders made. Two orders are in respect of general and punitive damages to be assessed, and for specific damages. These Orders are not presently being pursued, but there is a further Order in the nature of a prohibition which reads as follows:
>
> "THIS COURT FURTHER ORDERS THAT Kip John Whelpley be prohibited from leaving Canada for the purpose of entering the United States of America

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  until further order of this Court, with the form of the Order to be approved by the Court on application."

2  I have previously forwarded a copy of the Order of default judgment to you at this email and have had no response. **The concern which now arises comes from information originating in the United States to the effect you may be considering defying the order of the Supreme Court of British Columbia and travelling to the United States in contravention of the Order.**

**I accept that this information may be provided falsely and maliciously by the US government, however it makes it necessary that I, as Mr. Rosenau's agent in this matter, either confirm your acknowledgment of receipt of the Order of March 7th, 2011 and your acknowledgment that you intend to abide by the terms of the Order, or that I take steps to serve the order on you and have independent confirmation of service in order that Mr. Rosenau may have legal recourse in the event you violate the terms of the Order.**

I enclose again a scanned copy of the Order. Please acknowledge receipt of the Order here, and acknowledge your intent to comply with the terms of the prohibition section of the Order.

If I have not had acknowledgment by 9am tomorrow, Friday, October 21, 2011 I will forward the Order to the Sheriffs at Vernon courthouse and have them personally serve it on you. The fourth Order made by the Court is an order for costs, and the costs of service, if necessary, will be charged to you under this Order.

I can be contacted at this email if you intend to acknowledge service and compliance with the Order.

Regards

Padraig Mac Roibeaird *(Emphasis added)*

In October 2012, defendant Rosenau's PreTrial Release was revoked on the basis of this undisputed contact with the witness. After revocation and in a recorded jail call on October 31, 2011, Rosenau discussed the effect of the Order on the witness' ability to testify with his agent, Padraig Mac Roibeaird. It was the "whole purpose of why I got an order against him." *See*, Attachment 3, ROI of SA Hinckley.

The Whelpley vexatious lawsuit is but one example of the defendant's ongoing attempts to prevent government witnesses from testifying in his criminal trial. He also filed suit in Canada to prevent the several witnesses from the Royal Canadian Mounted

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Police from attending. *Regina v. Henry Carl Rosenau #2502, Vancouver*. Although the lawsuit was dismissed at the initial hearing, it was effective at the time of the scheduled trial. *See*, Attachment 4, Letter of Les Rose.

## LAW RELEVANT TO MOTION

As previously argued, a defendant's rights under the Confrontation Clause are powerful but not absolute. "A defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Maryland v. Craig*, 497 U.S. 836, 850 (1990).

Courts have limited a defendant's right to confront, carefully but clearly in certain instances. This has been through the use of depositions as more fully noted below and, particularly relevant in this instance, in cases in which the defendant's own actions prevent the witness from testifying. Referred to as the "forfeiture by wrongdoing" exception to the Confrontation Clause, courts - both common law and current - hold the confrontation right waived when a defendant acts in such a manner as to prevent the witness from testifying. *Ponce v. Felker*, 606 F.3d 596 (9th Cir. 2010). "[H]earsay exception or not, the Confrontation Clause generally requires an opportunity for confrontation. But this right may be forfeited by a defendant's wrongdoing." *Ponce*, at 599, citing *Crawford v. Washington*, 541 U.S. 36, 62 (2004).

> The Constitution does not guarantee an accused person against the legitimate consequences of his own wrongful acts. It grants him the privilege of being confronted with the witnesses against him; *but if he voluntarily keeps the witnesses away*, he cannot insist on his privilege. If, therefore, *when absent by his procurement,* their evidence is supplied in some lawful way, he is in no condition to assert that his constitutional rights have been violated.

*Ponce* at 601 (*emphasis in original*), *citing Reynolds v. United States*, 98 U.S. 145, 160 (2008).

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  The Supreme Court in *Davis v. Washington*, 547 U.S. 814, 833 (2006) addressed the
2  exception, writing that when "defendants seek to undermine the judicial process by
3  procuring or coercing silence from witnesses and victims, the Sixth Amendment does not
4  require courts to acquiesce." Even more recently, the forfeiture by wrongdoing exception
5  was specifically recognized by the United States Supreme Court with a limitation
6  imposed that it applied only when the defendant's conduct was "designed" to prevent
7  testimony. *Giles v. California*, 128 S. Ct. 2678, 2688 (2008) (J. Scalia opinion).

8  Forfeiture by wrongdoing is most often seen in cases dealing with witnesses murdered
9  by the defendants. The decedents are, of course, completely unavailable to testify and
10 this exception allows their prior statements to be offered against the defendant without
11 any confrontation at all.

12 Fortunately in the instant case, neither the wrongdoing nor the remedy is as severe as
13 is allowed. The witness is not dead, but unable by law to come into the United States.
14 His inability to attend the trial in person is the result of the defendant's actions which
15 were intended to prevent the testimony. The witness's prior statements, including
16 proffers and sworn Grand Jury testimony, will not be offered without confrontation.
17 Rather, the witness will testify live, be viewed while doing so by the defendant, be cross-
18 examined by defense counsel and all while the jury hears and sees it in the context of the
19 trial. This modest limitation on the confrontation right is appropriate and necessary.

20 Moreover, the Court's current directive of live, albeit remote, testimony during the
21 course of the actual criminal trial is advantageous for the defendant when compared to a
22 deposition. Pre-trial testimony by deposition may be unnaturally stilted, with the
23 defendant's cross-examination limited to what is known prior to trial and not responsive
24 to the actual flow of trial. This Court knows that every trial yields differences in actual
25 witness testimony, even if subtle, from the expected or anticipated substance reflected in
26 pretrial discovery. Allowing live videotaped testimony, rather than a pretrial videotaped

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 5
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

deposition, allows the defendant a more meaningful exercise of his right to confront the witness.

There is a long line of cases approving depositions even if the defendant cannot attend it in person. The general rule that a defendant may attend the deposition is not absolute. *See, United States v. Ali*, 528 F.3d 210, 238-41 (4th Cir. 2008); *United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998). In *Medjuck*, the Court approved of the deposition of a Canadian witness, when the defendant was in custody in the United States and present at the deposition only electronically. The *Medjuck* Court held that the "Confrontation Clause preference for face-to-face confrontation may be avoided by resort to telephonic participation," after the government attempted unsuccessfully to secure the defendant's actual, physical presence at the deposition, *citing*, *Christian v. Rhode*, 41 F.3d 461 (9th Cir. 1994). Addressing the use of such a deposition at trial, the *Medjuck* Court, at 920, stated "[w]here the government is unable to secure a witness's presence at trial, Rule 15 is not violated by the admission of videotaped testimony so long as the government makes diligent efforts to secure the defendant's physical presence at the deposition and, failing this, employs procedures that are adequate to allow the defendant to take an active role in the deposition proceedings"); *United States v. McKeeve*, 131 F.3d 1, 7-8 (1st Cir. 1997); *United States v. Gifford*, 892 F.2d 263-265 (3d Cir. 1989); *United States v. Kelly*, 892 F.2d 255, 261 (3d Cir. 1990); *United States v. Salim*, 855 F.2d 944 (2nd Cir. 1988).

Most recently and *post-Crawford*, this line of cases has been followed in *United States v. Sapse*, 2011 WL 1576898 (D. Nevada April 2011). The defense relies heavily on *United States v. Yates*, 438 F.3d 1307 (11th Cir. 2006). The case is both without precedential value and without comparison to this case at bar. In *Yates,* a witness lived in Australia and the trial was held in Alabama. The witness preferred not to come to the United States and the video-testimony was done as a **convenience** to the witness. There was no showing of an inability to attend, no legal impediment or issues of threats or

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 6
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

coercion. Moreover there is nothing to show that the defendant had any influence on the witness' willingness to attend. *Yates* has no relation to the situation before the court.

***CONCLUSION***

The government urges the Court to deny the motion for reconsideration and to making findings that the witness' physical unavailability at trial in the United States is a result of the defendant's actions which were designed to render the witness unavailable. The current Order is a moderate response to the defendant's attempts to manipulate the criminal justice system in the United States.

DATED this 19th day of April, 2012.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/Susan M. Roe*
SUSAN M. ROE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:  (206) 553-1077
Fax:  (206) 553-0755
E-mail:  susan.roe@usdoj.gov

*s/Marc A. Perez*
Marc A. Perez
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3822
Fax: (253) 428-3826
Email: Marc.Perez@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 7
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*s/ Kathleen M. McElroy*
KATHLEEN M. McELROY
Paralegal Specialist
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:      206-553-0755
E-mail: Katie.McElroy@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENSE
MOTION FOR RECONSIDERATION OF ORDER
FOR LIVE VIDEO TESTIMONY/ ROSENAU- 8
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970