Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR06-157MJP |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF |
| v. | |
| HENRY CARL ROSENAU, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, files this supplemental brief in anticipation of the trial scheduled to begin Monday, April 23, 3012.

*The Defendant Should Not be Allowed to Question Regarding Mental Health History.*

At least two government witnesses are known to have suffered at times from depression, anxiety or similar common mental health issues. A mental health history should not be admissible absent a showing that it directly affects a person's qualification to be a witness. Without such showing, the evidence could confuse this issues, mislead the jury and unfairly prejudice the relevance of the testimony. As such, it should be excluded. Federal Rule of Evidence 403.

GOVERNMENT'S TRIAL BRIEF/ ROSENAU- 1
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*The Defendant Should Not be Allowed to Argue For Jury Nullification*

  The defendant twice during hearings in this matter, both before the District Court and before the Magistrate Judge, has raised arguments suggestive of encouraging nullification of federal marijuana laws. Holding newspaper headlines and quoting a former United States Attorney, the defendant has asserted that prosecution of marijuana smuggling and distribution should end and that public opinion opposes prosecutions such as this. This is a pure nullification argument and, although it may argued it to a court, it should be not be permitted to be argued to the jury.

  Because nullification is a power of the jury rather than a right of the defendant, a defendant is not entitled to argue jury nullification. *See United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1992) (holding that courts have no duty to provide instructions on jury nullification); *United States v. Simpson*, 460 F.2d 515, 519-20 (9th Cir. 1972) (instruction on jury nullification would be a "departure from our established law"); *see also United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("[N]either the court nor counsel should encourage jurors to violate their oath [to follow the law]. We therefore join with those courts which hold that defense counsel may not argue jury nullification") (listing cases). Although jurors have the *power* to nullify a verdict, they do not have the *right* to do so; courts "do not have a duty to ensure the jury's free exercise of this power." *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005). In a discussion of jury nullification, the Ninth Circuit pointed out that "it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence." *Id*. (quoting *Sparf v. United States*, 156 U.S. 51, 102 (1895)).

  Therefore, consistent with the Ninth Circuit's "established law," *Simpson*, 460 F.2d at 519-20, this Court should exclude the defense from arguing jury nullification or otherwise encouraging jurors to engage in nullification.

GOVERNMENT'S TRIAL BRIEF/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*The Defendant Should Not be Allowed to Mention or Suggest the Punishment for Drug Trafficking Crimes*

The defendant faces a ten year minimum mandatory term if convicted of Count 1 or Count 2. Neither that fact nor any fact regarding possible length of sentence should be allowed during trial. "[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). Unless the jury has a role in sentencing or is required by statute, *id*., "it should be admonished to 'reach its verdict without regard to what sentence might be imposed,'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Because information concerning a defendant's potential sentence is "irrelevant to the jury's task," *id*., neither counsel argument nor jury instructions should inform the jury of the consequences of a conviction, *Frank*, 956 F.2d at 880-81 (district court did not err in refusing to instruct the jury of the consequences of their verdict); *see Evalt v. United States*, 359 F.2d 534 (9th Cir. 1966) (district court erred in permitting counsel to argue about the effect of finding not guilty by reason of insanity).

DATED this 19th day of April, 2012.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/Susan M. Roe*
SUSAN M. ROE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

 *s/Marc A. Perez*
Marc A. Perez
United States Attorney's Office
1201 Pacific Avenue
Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3822

GOVERNMENT'S TRIAL BRIEF/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Fax: (253) 428-3826
Email: Marc.Perez@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Aril 19, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/SUSAN M. ROE
SUSAN M. ROE
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone:206-553-1077
FAX:   206-553-0755
E-mail: susan.roe@usdoj.gov