1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    UNITED STATES OF AMERICA,          CASE NO. CR06-157MJP

11                    Plaintiff,          ORDER ON DISCOVERY
                                          REGARDING MLAT MATERIALS
12          v.

13    HENRY C. ROSENAU,

14                    Defendant.

15

16          This matter comes before the Court on Defendant Henry Rosenau's motion for

17    preservation of evidence and to compel discovery. (Dkt. No. 102.)

18          In his motion, Defendant Rosenau asserted that the Government's refusal to provide

19    Defense Counsel with "any and all MLAT materials . . . has impeded Defense Counsel's ability

20    to fully prepare a defense under the Speedy Trial Act." (Id. at 2.) Defendant's motion expressly

21    stated "[t]here is no claim that the requested materials would be discoverable pursuant to Jencks,

22    Brady or Giglio matters." (Id.  at 2, n.1.) The Government responded by arguing that, except as

23    Rule 16(a)(1) provides, Rule 16(a)(2) protects it from turning over most internal government

24    documents made in connection with the investigation or prosecution of the case. (Fed. R. Crim.

1  P. 16(a)(1-2); Dkt. No. 116 at 2.) It also argued that both the U.S. and Canadian governments

2  "view MLAT requests as confidential and protected sovereign speech and not open to individual

3  claims or causes of action." (Id.)

4      After reviewing the motion and the Government's response, the Court determined that,

5  while the Government has a valid interest in protecting internal legal documents, including the

6  substance of negotiations with the Canadian government, "certain elements of the MLAT

7  materials, including the dates of communications with the Canadian government, may be

8  relevant for the Defendant's ability to prepare a defense concerning the Speedy Trial Act." (Dkt.

9  No. 126 at 1-2.) The Court therefore ordered the Government to turn over MLAT materials to the

10  Court for in camera review by April 24, 2012. (Id. at 2.)

11      Pursuant to the Court's order, the Government turned over materials related to its MLAT

12  request to the Court for in camera review on April 24, 2012. The Court reviewed these materials,

13  and on April 26, 2012, ordered the government to prepare a revised set of materials redacting

14  "the specific advice and/or information received or sent," but leaving "the date each MLAT-

15  related communication was initiated, the sender and recipient of each communication, and

16  enough material to identify the subject of each communication and that each communication

17  related to Mr. Rosenau." (Dkt. No. 136 at 1-2.) The Government submitted these redacted

18  materials to the Court for in camera review on the afternoon of April 27, 2012.

19      After reviewing these materials, the Court believes that the Government's most recent

20  submission satisfies its Constitutional duties to turn over information material to the Defendant's

21  speedy trial argument, while respecting the Government's interest in not providing internal legal

22  documents to the defense.

23

24

1    The Court hereby ORDERS that the Government turn over the latest redacted version of

2  the MLAT materials to the Defendant by 12:00 p.m. on Monday, April 30, 2012.

3    The clerk is ordered to provide copies of this order to all counsel.

4    Dated this 27th day of April, 2012.

5

6

7    _____
     Marsha J. Pechman

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DISCOVERY REGARDING MLAT
MATERIALS- 3