# Attachment A

## DECLARATION OF JEFFREY M. OLSON

I, Jeffrey M. Olson, pursuant to Title 28, United States Code, Section 1746 (pertaining to declarations under penalty of perjury), hereby declare and say as follows:

1. I am an Associate Director with the Office of International Affairs, Criminal Division, United States Department of Justice (hereinafter "OIA"). I have been employed with OIA since July 2001: first, as a Trial Attorney, and, second, as Associate Director since March 2010. My duties include supervising a team of attorneys and paralegals that handle matters of extradition and mutual legal assistance to and from Canada. In this capacity, the members of my team, including me, communicate with and assist prosecutors from around the United States in these matters, and maintain close contact with officials of the Government of Canada, and in particular with officials of the Canadian Department of Justice, International Assistance Group ("IAG"), OIA's counterpart office in Ottawa, Ontario, Canada.

2. As a former Trial Attorney and now supervisor of the team that handles matters with Canada, I am familiar with the efforts to extradite and to seek mutual legal assistance from Canada in the case of *United States v. Henry C. Rosenau*, Case No. CR06-157MJP. I worked with the U.S. Attorney's Office for the Western District of Washington on the extradition of Mr. Rosenau, starting in or about 2006. In or about 2010, following my appointment as supervisor, I transferred the file to one of the attorneys on my team, Mr. Roman M. Chaban. In the fall of 2011, the Assistant U.S. Attorney handling this matter, Susan Roe ("AUSA Roe"), contacted Mr. Chaban and me about the possibility of making a request for assistance to Canada pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters ("MLAT"). Upon receiving a draft of the MLAT request from AUSA Roe in or about December 2011, I assigned the request to Mr.

Chaban to handle. I have consulted the file in this matter and my personal notes and electronic communications. I have also consulted with Mr. Chaban, and now provide this Declaration to the Court.

3. Normally, Canadian and U.S. officials consider the actual communications between the U.S. Department of Justice and the Canadian Department of Justice to be confidential because they typically concern sensitive law enforcement matters involving both countries. In addition, it is believed that assuring confidentiality of the actual communications promotes fuller and more candid exchanges between their law enforcement officials. We respectfully request that the Court allow us to preserve that confidentially as much as possible in this matter while providing the Court and defense the information pertinent to the Speedy Trial Act issue contemplated by the defendant. To that end, we respectfully provide the Court a summary of the contents of communications between the U.S. and Canadian Departments of Justice relevant to the timing and forwarding of the mutual legal assistance request to Canada in this matter, and assure the Court that we have maintained copies of these communications.

4. According to an electronic communication ("email"), dated April 28, 2011, from a paralegal at IAG to Mr. Chaban, the Government of Canada extradited Mr. Rosenau to the United States at the Peace Arch in Blaine, Washington, on that day. On October 21, 2011, AUSA Roe contacted me, seeking assistance from my office concerning an "'Order' putatively signed by a Canadian Court restraining [Witness Kip] Whelpley from coming to [the] US and from testifying." (See Attachment A) On that same day, I forwarded my email with AUSA Roe to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and indicated that AUSA Roe was planning to interview Whelpley the following week, explained that Rosenau had

2

obtained a restraining order against Whelpley to prevent him from testifying, and asked her if the order required that we file an MLAT request to obtain the testimony. Coincidentally, I was in Ottawa at IAG for treaty consultations on extradition and MLAT matters; my recollection is that I discussed the issue with ▓▓▓▓ briefly and she promised to look into the matter further.

5.  Upon my return to Washington, DC, the following week, I forwarded to ▓▓▓▓ an email chain sent to me by AUSA Roe to which an Order, filed in the Supreme Court of British Columbia, dated March 7, 2011, was attached. The Order directed that Mr. Whelpley was prohibited from leaving Canada for the United States until the Court otherwise ordered. In my forwarding email to ▓▓▓▓ I asked her whether the Order prevented the United States from seeking the testimony of Mr. Whelpley by deposition through an MLAT request. ▓▓▓▓

6.  On October 26, 2011, AUSA Roe advised me that another civilian witness contacted the Royal Canadian Mounted Police ("RCMP") and advised them that, on the advice of his lawyer, he would not meet with them or AUSA Roe for an interview. (See Attachment B) Later that day, AUSA Roe copied me on an email to a Canadian Crown prosecutor in British Columbia and advised him that she understood that Mr. Rosenau had filed a "legal document attempting to prohibit the RCMP from testifying and cooperating in the US prosecution" of Mr. Rosenau. On that same day, I forwarded the email to ▓▓▓▓

7.  On October 26, 2011, AUSA Roe forwarded me a copy of a "Notice of

3

Application" by Mr. Rosenau, dated October 25, 2011, seeking Orders that would, among other things, "prohibiting the [RCMP] officers from leaving Canada for the purposes" of testifying at the trial of Mr. Rosenau. ███████████████████████████

8. On October 27, 2011, AUSA Roe forwarded without comment an email she sent to ███████████████████ In the email to ██████ she said her notes of their conversation said that ████████████████████████████████████████████████

9. On October 31, 2011, AUSA Roe advised me by email that she had filed an emergency motion to continue the trial so she could get testimony and evidence via the MLAT. She then asked me for sample request. (See Attachment C) On November 1, 2011, I advised AUSA Roe that we no longer request the voluntary testimony of RCMP officers via the MLAT as of a few years ago, but that "given the [Canadian] court order," it was appropriate to seek it here. (See Attachment D) She agreed that she needed to make an MLAT request for the RCMP officers' testimony but that she would include the request for the testimony of the civilian witnesses too. (See Attachment E) I then provided her a sample MLAT request seeking a deposition in Canada.

10. On November 8, 2011, AUSA Roe asked me how much time an MLAT would take to be executed in Canada. I responded that if she was seeking depositions, I recommended seeking 90 days given the upcoming holidays. (See Attachment F) In my experience, Canada usually requests 45-60 days in advance of a deposition in order for Canada to arrange the logistics, including obtaining a Court order compelling the witness to appear for the deposition.

4

On November 10, 2011, AUSA Roe advised me that the Rosenau trial was continued until March 19, 2012, with a status report due in January, to allow for the MLAT process to proceed. She also advised that she expected to send the draft MLAT request to my team in the following week. (See Attachment G) On December 19, 2011, AUSA Rose sent me the draft MLAT request seeking the testimony at trial or depositions in Canada for several witnesses. On December 20, 2011, I advised her that Mr. Chaban would help her with the request.



13.  On February 8, 2012, Mr. Chaban submitted the MLAT request to me for review and approval. I approved the MLAT request that day and it was submitted to ▮▮▮ ▮▮▮ for ▮▮ review and signature. On February 9, 2012, ▮▮▮ signed the MLAT request, and ▮▮▮ transmitted the request to IAG via email the next day, February 10, 2012.



5

[redacted]

15. On February 27, 2012, AUSA Roe emailed Mr. Chaban that Mr. Rosenau's trial was continued to April 23, 2012, to allow more time for the MLAT request to be executed in Canada. Mr. Chaban then notified [redacted] of this continuance that same day.

16. Between March 6, 2012, and March 23, 2012, Mr. Chaban exchanged a number of emails and spoke on the telephone with [redacted], as well as AUSA Roe. The purpose of these exchanges was to schedule and otherwise organize the logistics for the depositions of the witnesses, and to secure physical evidence, including certified records from the Canada Border Services Agency ("CBSA").

17. On March 23, 2012, AUSA Roe emailed Mr. Chaban that the Court ordered that, in lieu of a deposition of Mr. Whelpley, live testimony at trial via videolink. AUSA Roe also advised Mr. Chaban that she would withdraw the request to depose Mr. Zachary Miraback. [redacted]

18. Between April 10, 2012, and April 19, 2012, Mr. Chaban exchanged a number of emails and spoke on the telephone with [redacted] as well as AUSA Roe. The purpose of these exchanges was to schedule and otherwise organize the logistics of the live testimony of Mr. Whelpley via videolink and the live testimony of the Canadian government witnesses, including several RCMP officers.

I declare under penalty of perjury that the foregoing is true and correct to my personal knowledge, information, and belief.

Executed in Washington, DC, on April 24, 2012.

Jefffey M. Olson

# Attachments to the Declaration of Jeffrey M. Olson

# Attachments A-G

**Attachment A**

### Olson, Jeffrey

**From:** Olson, Jeffrey
**Sent:** Friday, October 21, 2011 12:26 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: Whelpley ███████████████████████

And you were planning to go to Canada to interview or depose Whelpley, right?

----- Original Message -----
From: Roe, Susan (USAWAW) ███████████
To: Olson, Jeffrey
Sent: Fri Oct 21 12:20:31 2011
Subject: Re: Whelpley ████████████████████████.

Necessary witness-Rosenau seems to have filed defamation lawsuit against my witness and gotten TRO to prevent him from testifying.

----- Original Message -----
From: Olson, Jeffrey ████████████████
Sent: Friday, October 21, 2011 12:13 PM
To: Roe, Susan (USAWAW)
Subject: Re: Whelpley ████████████████████████.

████████████████████████

----- Original Message -----
From: Roe, Susan (USAWAW) ███████████████
To: Olson, Jeffrey
Sent: Fri Oct 21 12:10:15 2011
Subject: Whelpley ██████████████████████████.

Jeff- we'll forward what we get, but can you help me navigate the Canadian courts? Should I contact ███████ in BC? ████████████████████████████
████████
We're headed to Canada on Monday on this Rosenau case.
████████████████████████████████
Susie Roe

----- Original Message -----
From: Roe, Susan (USAWAW)
Sent: Friday, October 21, 2011 12:04 PM
To: Perez, Marc (USAWAW); ████████████████
████████████████████████████████████
Subject: Whelpley ████████████

███████████ will forward w/in the hour an "Order" putatively signed by a Canadian Court restraining Whelpley from coming to US and from testifying. It will need to be forwarded to Canada desk at OIA, too. Kip and his lawyer continue to cooperate w/us.

1

**Olson, Jeffrey**

| | |
|---|---|
| **From:** | Roe, Susan (USAWAW) |
| **Sent:** | Wednesday, October 26, 2011 3:34 PM |
| **To:** | Olson, Jeffrey |
| **Subject:** | Rosenau |

Jeff,

Please read   Yesterday, another civilian Canadian witness called RCMP (while we were w/RCMP) and cancelled our apptmt for today. He said his "lawyer" advised him not to testify, said he couldn't remember his lawyer's name and then just said he wouldn't be a witness.   It was a short call from a formerly very cooperative witness.

█████

Susie

---

**From:** ██████████ [mailto:██████████@rcmp-grc.gc.ca]
**Sent:** Wednesday, October 26, 2011 12:29 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Could you give me a call when you have a chance.

Susie,

I just received a call from our DOJ lawyer who dealt with the extradition.  He has received an application to prevent RCMP from testifying.

█████

1

**Olson, Jeffrey**

| | |
|---|---|
| From: | Roe, Susan (USAWAW) |
| Sent: | Monday, October 31, 2011 10:28 PM |
| To: | Olson, Jeffrey |
| Subject: | Rosenau |

1. I've filed an Emergency Motion to continue the trial (due to start Monday, Nov 7th) so I can get the testimony and evidence via MLAT. RCMP counsel said they would honor that if it was approved by Justice. So, are Letters Rogatory the proper application for testimony and is typical MLAT only for records/evidence? *If so, can you send me a Letters Rogatory so I can copy it?*\*   I have a pretty good list of Canadian witnesses, their contact info, and a paragraph as to the substance of their testimony. Does that suffice? I am working off another MLAT for records and evidence.
2. Do you have any avenue for obtaining Canadian court documents? I'd like to get a copy of the court file in the Rosenau v. Whelpley, filed in Quesnel, B.C. but don't know who to contact/how to go about that.

Thanks – as always. And you can send me to someone else if you want.
Susie

\*really my most pressing need

**Attachment D**

**Olson, Jeffrey**

| | |
|---|---|
| From: | Olson, Jeffrey |
| Sent: | Tuesday, November 01, 2011 12:03 PM |
| To: | Roe, Susan (USAWAW) |
| Subject: | RE: Rosenau ▮ |

1. MLAT is all you need. The problem is that we stopped using MLATs for RCMP testimony a few years ago; letters to the officers usually work. I suppose in this instance the MLAT would be appropriate given the court order (assuming it's valid). What other evidence do you need from them?
2. The FBI Assistant Legat in Vancouver could help you with the court documents. His name is ▮, ▮ Tell him I sent you because we don't want to use the MLAT for it. Otherwise, the MLAT will get it for you too.

▮

Jeffrey Olson

DOJ/OIA

▮

---

**From:** Roe, Susan (USAWAW) ▮
**Sent:** Monday, October 31, 2011 10:28 PM
**To:** Olson, Jeffrey
**Subject:** Rosenau ▮

1. I've filed an Emergency Motion to continue the trial (due to start Monday, Nov 7th) so I can get the testimony and evidence via MLAT. RCMP counsel said they would honor that if it was approved by Justice. So, are Letters Rogatory the proper application for testimony and is typical MLAT only for records/evidence? *If so, can you send me a Letters Rogatory so I can copy it?* * I have a pretty good list of Canadian witnesses, their contact info, and a paragraph as to the substance of their testimony. Does that suffice? I am working off another MLAT for records and evidence.
2. Do you have any avenue for obtaining Canadian court documents? I'd like to get a copy of the court file in the Rosenau v. Whelpley, filed in Quesnel, B.C. but don't know who to contact/how to go about that.

▮

Thanks – as always. And you can send me to someone else if you want.
Susie

*really my most pressing need

1

**Olson, Jeffrey**

**From:** Roe, Susan (USAWAW) █████████
**Sent:** Tuesday, November 01, 2011 12:45 PM
**To:** Olson, Jeffrey
**Subject:** RE: Rosenau █████

[PDF icon] ████ Oct 31 Letter.pdf

    We need MLAT for RCMP at this time. (See attached letter). Will include civilian witness in MLAT. Do you have a MLAT for testimony? All of mine are for records. I just need to see how detailed we have to get about why we need each witness.

    This is an ICE case, so will try not to contact FBI. ███████████████████████████████
███████████████████████████████████████████████████████████████████

---

**From:** Olson, Jeffrey █████████████████████
**Sent:** Tuesday, November 01, 2011 9:03 AM
**To:** Roe, Susan (USAWAW)
**Subject:** RE: Rosenau █████

1. MLAT is all you need. The problem is that we stopped using MLATs for RCMP testimony a few years ago; letters to the officers usually work. I suppose in this instance the MLAT would be appropriate given the court order (assuming it's valid). What other evidence do you need from them?
2. The FBI Assistant Legat in Vancouver could help you with the court documents. His name is ██████████, ████████████████████████ Tell him I sent you because we don't want to use the MLAT for it. Otherwise, the MLAT will get it for you too.

█ ███████████████████████████

Jeffrey Olson

DOJ/OIA

████████████

---

**From:** Roe, Susan (USAWAW) █████████████
**Sent:** Monday, October 31, 2011 10:28 PM
**To:** Olson, Jeffrey
**Subject:** Rosenau █████

1. I've filed an Emergency Motion to continue the trial (due to start Monday, Nov 7th) so I can get the testimony and evidence via MLAT. RCMP counsel said they would honor that if it was approved by Justice. So, are Letters Rogatory the proper application for testimony and is typical MLAT only for records/evidence?

1

*If so, can you send me a Letters Rogatory so I can copy it?\** I have a pretty good list of Canadian witnesses, their contact info, and a paragraph as to the substance of their testimony. Does that suffice? I am working off another MLAT for records and evidence.
2. Do you have any avenue for obtaining Canadian court documents? I'd like to get a copy of the court file in the Rosenau v. Whelpley, filed in Quesnel, B.C. but don't know who to contact/how to go about that.

■ ████████████████████████████████████████████████████████████████

Thanks – as always. And you can send me to someone else if you want.
Susie

\*really my most pressing need

2

**Olson, Jeffrey**

**From:** Roe, Susan (USAWAW)
**Sent:** Tuesday, November 08, 2011 7:32 PM
**To:** Olson, Jeffrey
**Subject:** Re: how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

Works for me. Thanks

**From:** Olson, Jeffrey
**Sent:** Tuesday, November 08, 2011 07:28 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

if you need deps, I would ask for at least 90 days, esp w holidays coming up.

**From:** Roe, Susan (USAWAW)
**To:** Olson, Jeffrey
**Sent:** Tue Nov 08 19:25:13 2011
**Subject:** how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

The one preventing RCMP from attending (it was dismissed but he filed a Notice of Appeal) and the other still pending against witness Whelpley. Our MLAT is nearly done -

I need something to tell the Court tomorrow morning.

Thanks

**Olson, Jeffrey**

---

**From:** Roe, Susan (USAWAW)
**Sent:** Thursday, November 10, 2011 12:42 PM
**To:** Olson, Jeffrey
**Subject:** update

Rosenau trial continued until March 19, with status report due in January, to allow MLAT process. We will send our request to the Canada Desk for review next week. Custody was revisited and Def remains securely in custody.

Thanks for your help.
Susie

---

**From:** Olson, Jeffrey
**Sent:** Tuesday, November 08, 2011 5:24 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

Got a call from our civil div; sounds like you guys spoke to them too

---

**From:** Roe, Susan (USAWAW)
**To:** Olson, Jeffrey
**Sent:** Tue Nov 08 19:31:59 2011
**Subject:** Re: how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

Works for me. Thanks

---

**From:** Olson, Jeffrey
**Sent:** Tuesday, November 08, 2011 07:28 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

if you need deps, I would ask for at least 90 days, esp w holidays coming up.

---

**From:** Roe, Susan (USAWAW)
**To:** Olson, Jeffrey
**Sent:** Tue Nov 08 19:25:13 2011
**Subject:** how long for an MLAT to Canada? 45 to 60 days? Rosenau has two lawsuits back in play

The one preventing RCMP from attending (it was dismissed but he filed a Notice of Appeal) and the other still pending against witness Whelpley. Our MLAT is nearly done -

I need something to tell the Court tomorrow morning.

Thanks

1