UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>HENRY C. ROSENAU,<br><br>                         Defendant. | NO. CR06-157MJP<br><br>COURT'S FINAL INSTRUCTIONS<br>TO THE JURY |

Dated: May 2, 2012

_____

Marsha J. Pechman
United States District Judge

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult. Remember that it is this final set of instructions which will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I am giving it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the Court may say or do what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

STATEMENT OF THE CASE

The government has alleged that the Defendant, Henry Rosenau, is part of a group of people who brought marijuana from Canada into the United States starting in 2004 and continuing through September 21, 2005.  The government alleged the marijuana was packaged in 50 pound hockey bags and flown across the border on helicopters. Some group members allegedly loaded the marijuana onto the helicopters in Canada, while other group members, who were in the United States, allegedly took the marijuana off of the helicopters and delivered it to other people.  The government alleged that the defendant is one of the pilots who flew helicopters with marijuana loads from Canada into the United States.

The government has charged the Defendant with three counts of criminal activity. The first count is conspiracy to import marijuana into the United States. The second count is conspiracy to distribute marijuana. The third count is possession of marijuana with intent to distribute.

The Defendant has denied all of these claims and that is why you have been called here as jurors to decide the facts. Remember that these are only allegations and that the Defendant is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence.  A reasonable doubt is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence.

INSTRUCTION NO. 3

The trial has proceeded in several phases.  First, each side made an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government then presented evidence and counsel for the defendant cross-examined. Then, the defendant presented evidence and counsel for the government cross-examined.

I am now giving you the final set of instructions on the law that applies to this case. After I give you these instructions, the attorneys will then make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. 4

The evidence from which you are to decide what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which were received into evidence; and

3.      any facts to which all the lawyers agreed or stipulated.  A stipulation is an

agreement between the parties that certain facts are true.

INSTRUCTION NO. 5

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected.  If I overruled the objection, the question could be answered or the exhibit received.  If I sustained the objection, the question could not be answered, or the exhibit was not received.

Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

INSTRUCTION NO. 8

From time to time during the trial, it became necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We did what we could to keep the number and length of these conferences to a minimum. I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 9

In deciding the facts in this case, you have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 10

During the trial, certain live testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

INSTRUCTION NO. 11

During the trial, certain charts and summaries were received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 12

You are here only to determine whether the defendant is guilty or not guilty of the charges. Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

INSTRUCTION NO. 13

You have heard testimony from witnesses who:

1.   Received favorable treatment or the promise of favorable treatment from the

government in connection with this case.

2.   Admitted being an accomplice to the crime charged.  An accomplice is one who

voluntarily and intentionally joins with another person in committing a crime.

3.   Pleaded guilty to a crime arising out of the same events for which the defendant is

on trial. This guilty plea is not evidence against the defendant, and you may

consider it only in determining this witness's believability.

For any of these reasons that apply, in evaluating a witness's testimony, you should

consider the extent to which or whether the witness's testimony may have been influenced by

any of these factors.  In addition, you should examine the witness's testimony with greater

caution than that of other witnesses.

INSTRUCTION NO. 14

You have heard testimony that a witness has been convicted of a felony on a prior

occasion.  You may consider this evidence, along with other pertinent evidence, in deciding

whether or not to believe this witness and how much weight to give to the testimony of that

witness.

INSTRUCTION NO. 15

Some witnesses, because of their education or experience, were permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 16

The defendant is presumed to be innocent unless and until the government proves the

defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 17

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 18

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 19

The defendant is charged in Count 1 with conspiracy to import marijuana into the United States.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a time unknown, but within the 5 years before and continuing through on or about September 21, 2005, there was an agreement between two or more persons to import marijuana into the United States from a place outside the United States; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The term "import" means, with respect to any article, any bringing in or introduction of such article into any area.

INSTRUCTION NO. 20

Marijuana, also known as marihuana, is a controlled substance.

INSTRUCTION NO. 21

The defendant is charged in Count 2 with conspiracy to distribute marijuana.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a time unknown, but within the 5 years before and continuing through on or about September 21, 2005, there was an agreement between two or more persons to distribute marijuana; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of marijuana to another person, with or without any financial interest in that transaction.

INSTRUCTION NO. 22

Counts 1 and 2 both charge a conspiracy.

A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 23

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTINON NO. 24

The defendant is charged in Count 3 with possession of marijuana with intent to distribute.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed marijuana; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of marijuana.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of marijuana.

It does not matter whether the defendant knew that the substance was marijuana.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 25

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 26

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 27

The defendant may be found guilty of possession of marijuana with intent to distribute, as charged in Count 3, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, possession of marijuana with intent to distribute, as charged in Count 3, was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of possession of marijuana with intent to distribute; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession of marijuana with intent to distribute.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 28

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of conspiracy to import marijuana, conspiracy to distribute marijuana, or possession of marijuana with intent to distribute. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. 29

If you find the defendant guilty of the charges in Count 1 and 2, you are then to determine whether the government proved beyond a reasonable doubt that the amount of marijuana equaled or exceeded 1,000 kilograms.

If you find the defendant guilty of the charge in Count 3, you are then to determine whether the government proved beyond a reasonable doubt that the amount of marijuana equaled or exceeded 100 kilograms.

Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of marijuana.

INSTRUCTION NO. 30

One kilogram is equivalent to approximately 2.20 pounds.

INSTRUCTION NO. 31

The punishment provided by law for crimes is for the Judge to decide.  You may not consider punishment in deciding whether the government has proved its case against any defendant beyond a reasonable doubt.

INSTRUCTION NO. 32

At the end of the trial you have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.

INSTRUCTION NO. 33

You may have taken notes to help you remember what witnesses said.  No one will look at your notes, and after your deliberations are complete they will be destroyed.

If you did take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  When you leave, your notes should be left in the jury room in the notebook with your name on it.

Whether or not you took notes, you should rely on your own memory.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Clerk, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 35

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

INSTRUCTION NO. 36

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, large screen monitor, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the Clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover

that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

INSTRUCTION NO. 37

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 38

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

After you have completed your deliberation you must notify the Clerk, who will bring you into the courtroom to announce your verdict.  You will then receive further instructions from the Court.