UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY C. ROSENAU,<br><br>Defendant. | CASE NO. CR06-157MJP<br><br>ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION |

This matters comes before the Court on Defendant Henry Rosenau's motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3162. (Dkt. No. 101.) Having reviewed the motion, the Government's response (Dkt. No. 117), and the remaining record, the Court finds that seventy non-excludable days have not passed under the Speedy Trial Act and therefore DENIES Defendant's motion.

**Background**

Defendant Henry Rosenau was indicted on May 11, 2006, for three charges related to smuggling marijuana across the U.S.-Canadian border. (Dkt. No. 1.) Rosenau challenged his

extradition, and he was not arraigned in the United States until April 28, 2011. (Dkt. No. 11.) Rosenau's trial was initially scheduled for June 27, 2011.

On May 20, 2011, Defendant and the Government filed a joint motion to continue the trial date to a date in November 2011 convenient for the Court. (Dkt. No. 17 at 1.) Defendant filed a waiver of speedy trial rights through December 1, 2011. (Dkt. No. 18 at 1.) The Court issued an order on the joint motion on May 24, 2011, continuing the trial date until Nov. 7, 2011. (Dkt. No. 20.) In that order, the Court held that: (1) because discovery was substantial, Defense Counsel would benefit from additional time to review materials and conduct investigation; (2) a failure to grant the continuance would deny counsel reasonable time necessary for effective preparation, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv), and considering the need to obtain foreign evidence; (3) the ends of justice would be served by continuing the trial date, within the meaning of 18 U.S.C. § 3161(h)(7)(A); and (4) the Defendant had knowingly and voluntarily waived his right to a speedy trial. (Dkt. No. 20 at 2.) For these reasons, the Court held that "[t]he period of time from the current trial date of June 27, 2011, up to and including the new trial date of November 7, 2011, shall be excludable time pursuant to the Speedy Trial Act." (Id.)

In the intervening months, the Government learned that the Defendant had filed a number of lawsuits in Canada seeking to prevent Canadian witnesses from coming to the United States to testify against him. (Dkt. No. 54.) On October 31, 2011, the Government filed a motion to continue trial, asserting that "the necessary foreign witnesses and evidence will not be available for some months" because of Defendant's lawsuits. (Dkt. No. 54 at 13.) On November 2, 2011, the Court heard oral argument on the motion, at the conclusion of which it struck the November trial date and continued the motions hearing to November 9, 2011. (Dkt. No. 58.)

On November 14, 2011, the Court issued an order granting the Government's motion to continue the trial, and it set a new trial date of March 19, 2012. (Dkt. No. 69 at 2.) In that order, the Court held that the unavailability of essential witnesses constituted good cause for trial continuance as set forth in 18 U.S.C. § 3161(h)(3)(A). (Dkt. No. 69 at 1.) The Court also held that the Government had made a request pursuant to a Mutual Legal Assistance Treaty, as required in 18 U.S.C. § 3292, for evidence from a foreign country, and that the period of time necessary for processing under the treaty was excludable, up to one year, pursuant to 18 U.S.C. § 3161(h)(8). (Dkt. No. 69 at 2.)

On February 27, 2012, after considering a status report on the MLAT request, the Court ordered the trial continued from March 19 to April 23, 2012. (Dkt. No. 78.) The Court held that "[e]ssential witnesses continue to be unavailable to testify in the trial as currently scheduled," but that the witnesses likely would be available within 30 days of the scheduled trial date. (Id. at 1-2.) The Court found that, like the prior continuance, the time between March 19 and April 23, 2012, was excludable from the speedy trial calculation under the Speedy Trial Act and was within the one-year time limit. (Id. at 2.) The trial began on April 23, 2012.

**Discussion**

A. Legal Standard

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, sets specific time limits in which federal criminal cases are to be charged and tried. "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Section 3161(h)(1-7) of the Speedy Trial Act sets forth seven specific events which may cause delay that is excludable in computing the time interval, and Section 3161(h)(8) is a general provision which permits exclusion of delay resulting from a continuance granted to further the ends of justice. Section 3161(h)(3) provides that any period during which the defendant or an essential witness is absent or unavailable is excludable. Under 18 U.S.C. § 3161(h)(3)(B), a witness is unavailable when his whereabouts are known but he resists appearing or his presence cannot be obtained by due diligence. 18 U.S.C. § 1361(h)(3)(B); <u>United States v. Fielding</u>, 645 F.2d 719, 722-23 (9th Cir. 1981). "Due diligence" does not require maximum feasible diligence, only "due" or "reasonable diligence. <u>United States v. Patterson</u>, 277 F.3d 709 (4th Cir. 2002).

B. <u>Initial Continuance</u>

In the present case, the seventy-day statutory period was triggered by Mr. Rosenau's arraignment on April 28, 2011. (Dkt. No. 101 at 3.) Twenty-one days elapsed from April 29, 2011 through and including May 19, 2011. The speedy trial clock, however, was stopped on May 20, 2012, when the parties filed their joint motion for a continuance. 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . ." shall be excluded). The clock remained stopped until May 24, 2012 when the Court issued its order continuing the trial date. (Dkt. No. 20.) The Court's May 24, 2011 order stopped the speedy trial clock from June 27 through November 7, 2011, for the reasons outlined in that order. (Dkt. No. 20 at 2-3.) A total of fifty-six non-excludable days passed between April 28 and November 7, 2011.

C. <u>Later Continuances</u>

No further non-excludable days have passed since November 7, 2011, because all delays were excluded by the exceptions described in 18 U.S.C. § 3161(h). The next delay, from

November 7 to November 14, 2011, resulted because a pretrial motion was before the Court during that time. Specifically, on October 31, 2011, the Government filed a motion to continue the trial (Dkt. No. 54), which the Court ruled upon on November 14. This time is excluded because the delay "result[ed] from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

The next period of delay, from November 14, 2011, to March 19, 2012, is excludable because the delay resulted from the unavailability of essential witnesses and because evidence was in a foreign country. (Dkt. No. 69 at 1-2, citing 18 U.S.C. § 3161(h)(3)(A) and § 3161(h)(8).) Defendant's argument that this delay was not excludable because the witnesses were not "essential" and also were not "unavailable" misses the mark. (Dkt. No. 101 at 5-10.) While it is true that many American witnesses remained available to testify, the Government's case against Mr. Rosenau centered on proving his participation in a cross-border conspiracy to smuggle marijuana by helicopter, so cutting out witnesses in Canada essentially removed half the Government's case. (Id. at 6-7.) Additionally, by showing that default judgments had been entered against certain Canadian witnesses preventing from traveling to the United States to testify, the Government met its burden of establishing that a witness's presence could not be secured through reasonable efforts. See United States v. Patterson, 277 F.3d 709 (4th Cir. 2002). The Government therefore met its burden of showing unavailability of essential witnesses under 18 U.S.C. § 3161(h)(3)(A).

The last period of delay, from March 19 to April 23, 2012, is excludable because this delay was required for the Government to obtain evidence pursuant to the Mutual Legal Assistance Treaty with Canada. (Dkt. No. 78.) Title 18, Section 3161(h)(8) allows the time

period necessary for the processing of a Mutual Legal Assistance Treaty to be excluded from the seventy days permitted by the Speedy Trial Act, up to one year. In its order of February 27, 2012, after considering information regarding the status of the MLAT request, the Court found by a preponderance of the evidence that an official request was made for evidence pursuant to the MLAT, and that the unavailability of witnesses and evidence was likely to be cured within a reasonable period of time. (Dkt. No. 78 at 1-2.) Contrary to Defendant's argument that the government has not followed "proper MLAT procedures" (Dkt. No. 101 at 11), the Court finds that the Government submitted a timely MLAT request and that the delay in the trial date was reasonably necessary to allow the Canadian authorities to produce the relevant evidence and witnesses. (See Dkt. No. 139.)

**Conclusion**

Because fewer than seventy non-excludable days have passed, as defined by the Speedy Trial Act, the Court DENIES Defendant's motion to dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of May, 2012.

Marsha J. Pechman
United States District Judge