Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR06-157MJP |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SECOND |
| | ) | SUPPLEMENTAL TRIAL BRIEF |
| v. | ) | |
| | ) | |
| HENRY CARL ROSENAU, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc A. Perez, Assistant United States Attorneys for said District, files this second supplemental brief in anticipation of the retrial scheduled to begin Wednesday, July 11, 3012.  The retrial brings a few new legal issues before the court.

**1.**  ***Inculpatory Prior Testimony of the Defendant is Admissible in the Government's Case-in-Chief***

A defendant's statements are admissible under Federal Rule of Evidence 801(d)(2)(A), which provides that statements by a party-opponent are not hearsay if offered against that party.  *See also United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996).  The rule provides that a statement of a "party-opponent" is not hearsay and therefore admissible at trial when, "the statement is offered against a party and is the

1  party's own statement in either an individual or representative capacity."  At trial, the

2  government may seek to admit portions of the defendant's prior testimony.

3       A defendant's prior trial testimony is admissible in evidence against him.

4  *Harrison v. United States*, 392 U.S. 219, 88 S. Ct. 2008 (1968).  The defendant's

5  testimony may be used against him in subsequent legal proceedings.  *United States v.*

6  *Baker*, 850 F.2d 136 (9th Cir. 1988) (*defendant's testimony was basis for new charge in*

7  *superseding indictment.*)

8       Another rule, Federal Rule of Evidence 801(d)(3), provides an exception to the

9  hearsay rule only where a statement is offered against the party that made the statement,

10  not when it is offered on the declarant's behalf.  *See United States v. Ortega*, 203 F.3d

11  675, 682 (9th Cir. 2000); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988).

12  The hearsay rule precludes a party from placing his or her exculpatory statements before

13  the jury without being subjected to cross-examination.  *Ortega*, 203 F.3d at 682.  The

14  admission of a party's own statement should not be confused with the admission of

15  statements against interest as outlined in Fed. R. of Evid 804(b)(3).  Unlike a declaration

16  against interest, a party's own statement is admissible even if it was not against interest

17  when made.  *People of Guam v. Ojeda*, 758 F.2d 403, 408 (9th Cir. 1985).

18       As the Ninth Circuit has repeatedly stated, the rule of completeness does not

19  apply to compel the admission of otherwise inadmissible hearsay.  *See Ortega*, 203 F.3d

20  682 ("Even if the rule of completeness did apply, exclusion of Ortega's exculpatory

21  statements was proper because these statements would still have constituted inadmissible

22  hearsay.").  *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 19096) (Rule 106 does

23  not compel the admission of statements that do not otherwise fall within the scope of an

24  exception to the hearsay rule.)  *See also United States v. Ramos-Caraballo*, 375 F.3d

25  797, 803 (8th Cir. 2004) (same).  As such, should the government not admit portions of

26  the defendant's prior testimony that are exculpatory or purely self-serving (*i.e., "Have*

27  *you ever been involved in drug smuggling, flying marijuana from Canada into the*

28  *United States?  No." and his personal history statements, e.g., "I was born in Kamloops,*

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 2
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   *B.C. . . . I used to ride on a bus to school about two hours a day, two hours home."),* the

2   defendant may not seek to admit these statements as part of cross-examination of the

3   agents, or on direct examination of the defendant.

4

5   **2.      *Prior Trial Testimony of an Unavailable Witness is Admissible in the Government's Case-in-Chief*.**

6        Rule 804 sets forth exceptions to the prohibition hearsay when the declarant is

7   unavailable as a witness.  Under 804(a), a witness is considered to be unavailable if "he

8   is absent from the trial or hearing and the statement's proponent has not been able, by

9   process or other reasonable means, to procure his attendance at trial."  ER 804 (a)(5).  In

10  such an instance, the witness' trial testimony is admissible if the opposing party "had an

11  opportunity and similar motive to develop it by direct, cross-, or redirect examination."

12  (ER 804(b)(1).

13       A witness is considered unavailable for purposes of the Confrontation Clause if

14  the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.

15  *United States v. Matus-Zayas*, 655 F.3d 1092 (9th Cir. 2011).

16       On October 17, 2006, Canadian citizen and resident Dustin Haugen was indicted

17  in the Eastern District of Washington on two counts relating to possession with intent to

18  distribute and conspiracy to import 100 kilograms or more of marijuana.  The

19  United States requested his extradition, he opposed the request, and was released on

20  home confinement on March 19, 2008, in Canada pending the final extradition order.

21       Mr. Haugen was ordered extradited to the United States and transferred into U.S.

22  custody on May 6, 2011, and was detained in the Eastern District of Washington during

23  the pendency of his criminal case.  He entered a guilty plea on July 29, 2011, proffered

24  twice to the government regarding his criminal conduct, and was sentenced on April 28,

25  2012.  Although his guideline range was calculated to be 46 to 57 months and the parties

26  had negotiated an agreed range of 12 to 28 months, Judge Fremming Neilsen sentenced

27

28

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 3
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   Mr. Haugen to credit for time served.  Mr. Haugen returned to Canada within a few days
2   but was served with a subpoena to testify at Rosenau's trial at the border before he left
3   the United States.

4      Through the combined efforts of people in the Eastern District and the Western
5   District USAOs working with Mr. Haugen's attorney, Frank Citovic, Mr. Haugen was
6   persuaded to return to the United States to testify in the first trial, *United States v.*
7   *Rosenau.*  Mr. Haugen returned to Canada the same day he testified and has not been
8   back in the United States to the best of the government's knowledge.

9      The day the Court declared a mistrial, the government notified Frank Citovic of
10  the outcome, the new trial date, and the request that Mr. Haugen return to testify.
11  Government counsel, both from EDWA and WDWA, have contacted defense counsel
12  via email and telephone calls since, emphasizing the need for Mr. Haugen to return to
13  testify at the retrial.  The government has explained the benefits of testifying again,
14  offered to make travel and border parole arrangements, has already notified the border
15  Ports of Entry to insure his easy entry into the United States, and has suggested several
16  possible dates for his testimony in order to make it as convenient as possible.

17     Within the past few weeks, Mr. Citovic has indicated that Mr. Haugen is
18  disinclined to return.  The government continues to urge Mr. Haugen to return but has no
19  method for compelling his attendance.

20     If Dustin Haugen does not return to the United States in spite of the government's
21  best efforts, he should be declared unavailable as a witness within the meaning of
22  Federal Rule of Evidence Rule 804, and his prior trial testimony should be admitted in
23  the government's case-in-chief.

24     Use of prior trial testimony has been approved when a witness was unavailable
25  because he was deported to a foreign country, *United States v. Rodriguez* (unpublished)
26  2008 WL4080005 (9th Cir. 2008), based on medical issues, *United States v. McGuire*,
27  307 F.3d 1192 (9th Cir. 2002), where the government made good-faith effort to locate
28  witness and made arrangements with witness to appear at trial, and, after attempts to

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 4
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   contact witness were unsuccessful, contacted witness's parole officer, had a bench

2   warrant issued for witness's arrest, and assigned criminal investigator to locate witness,

3   *Windham v. Merkle,* 163 F.3d 1092 (9th Cir. 1998); the witness was deported and the

4   government arranged visa and airplane tickets, which the witness subsequently refused to

5   use, and made several attempts to contact the witness by telephone, *United States v.*

6   *Mejia*, 376 F. Supp.2d 460 (S.D.N.Y.2005); where the government made good faith

7   effort to obtain witness' attendance but the trial court determined that witness was

8   elderly, dying, living with his son out of state, and had previously expressed that he

9   would not comply with a subpoena, that he would go to jail before he would testify, and

10   that he refused to return to state.  *Thomas v. Budge*, 291 Fed. Appx. 28 (9th Cir. 2008).

11       In this case, Dustin Haugen is a citizen and resident of a foreign country.  He is

12   not subject to the subpoena powers of this Court.  The government immediately acted to

13   secure his presence upon declaration of the mistrial and continues to work to secure his

14   presence by alerting him early to the retrial, by urging continued cooperation via his

15   defense counsel, by enlisting the assistance of the EDWA prosecutor and by making all

16   possible travel and border arrangements.  The government's efforts may be successful,

17   but if Mr. Haugen simply does not appear, his probative prior testimony should be

18   *///*

19   *///*

20   *///*

21

22

23

24

25

26

27

28

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 5
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    allowed in the government's case in chief.  Mr. Haugen was cross-examined by defense

2    counsel, who had both opportunity and motive to do so, at the prior trial.  The

3    defendant's confrontation rights are secure.

4           DATED this 5th day of July, 2012.

5                                             Respectfully submitted,

6                                             JENNY A. DURKAN
                                              United States Attorney
7

8                                             _s/Susan M. Roe_____
                                              SUSAN M. ROE
9                                             Assistant United States Attorney
                                              United States Attorney's Office
10                                            700 Stewart Street, Suite 5220
                                              Seattle, WA 98101-1271
11

12                                             _s/Marc A. Perez_____
                                              Marc A. Perez
13                                            United States Attorney's Office
                                              1201 Pacific Avenue, Suite 700
14                                            Tacoma, Washington 98402
                                              Telephone: (253) 428-3822
15                                            Fax: (253) 428-3826
                                              Email: Marc.Perez@usdoj.gov
16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 6
CR06-157MJP

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant.

s/ Kathleen M. McElroy
KATHLEEN M. McELROY
Paralegal Specialist
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone:          206-553-7970
Fax:             206-553-0755
E-mail:          Katie.McElroy@usdoj.gov

GOVERNMENT'S TRIAL BRIEF
FOR RETRIAL/ ROSENAU- 7
CR06-157MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970