Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HENRY C. ROSENAU,<br><br>    Defendant. | NO. CR06-157MJP<br><br>DEFENDANT'S OBJECTION RE: ADMISSIBILITY OF PRIOR TRIAL TESTIMONY OF DUSTIN HAUGEN |

The DEFENDANT, by and through his counsel of record, Craig Platt, hereby files this Objection Re: Prior Trial Testimony of Dustin Haugen.

**BACKGROUND**

On June 5, 2012 the government filed its Second Supplemental Trial Brief. Therein the government contends that Mr. Haugen is unavailable for purposes of FRE 804. Moreover, the government claims that Mr. Rosenau's confrontational rights are secure. The Defense objects.

**I.    MR. HAUGEN IS NOT UNAVAILABLE UNDER FRE 804 OR FOR PURPOSES OF THE SIXTH AMENDMENT**

FRE 804 provides the following:

**(a) Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant…
   (2) is absent from the trial or hearing and the statement's proponent has not been able,

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 1
CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

>   by process or other *reasonable means*, to procure:
>   (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1)…
> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>   (1) **Former Testimony.** Testimony that:
>   (A) Was given as a witness at a trial….

Fed. R. Evid. 804 (emphasis added). The reasonable means must be "genuine and bona fide." *United States v. Yida*, 498 F.3d 945, 952 (9th Cir. 2007) (citing *Gov't of the Virgin Is. v. Aquino*, 378 F.2d 540, 552 (3d Cir.1967); *United States v. Lynch,* 499 F.2d 1011, 1023-24 (D.C.Cir.1974); *Phillips v. Wyrick,* 558 F.2d 489, 494 (8th Cir.1977) (a good faith effort must be made as a component of the Sixth Amendment right to confrontation)). Prosecutors must not only act in good faith but also operate in a competent manner; a prosecutor cannot claim that a witness is unavailable because the prosecutor has acted in an "empty-head pure-heart" way. *Yida*, 498 F.3d at 952. The Ninth Circuit has further recognized that the "Supreme Court has never extended the concept of unavailability to the point where the government seeks to extend it…to find a witness unavailable when the government itself shares some of the responsibility for its inability to produce the witness at trial." *Id*. at 956. Moreover, "[t]he constitutional requirement that a witness be unavailable before his prior testimony is admissible stands on separate footing that is independent of and in addition to the requirement of a prior opportunity for cross-examination." *United States v. Matus-Zayas*, 655 F.3d 1092, 1101 (9th Cir. 2011) (quoting *Yida,* 498 F.3d at 950). The government typically should bear the burden of proving the material witness' "unavailability" as predicate to the admission of the material witness' prior testimony. See *Matus-Zayas*, 655 F.3d at 1101.

"…[I]mplicit ... in the duty to use reasonable means to procure the presence of an absent witness is the duty to *use reasonable means to prevent a present witness from becoming absent*…." *Id.* at 955 (emphasis added) (quoting *United States v. Mann*, 590 F.2d 361, 368 (1st Cir. 1978)). "The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken *prior to trial* to locate and present that witness." *Yida*, 498 F.3d at 956 (emphasis theirs) (quoting *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S. Ct. 2531, 2543 (1980)). "Efforts undertaken prior to trial" include the government's actions during the time between the

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL TESTIMONY OF DUSTIN HAUGEN / ROSENAU- 2
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

declaration of a mistrial and the commencement of a retrial. *Yida*, 498 F.3d at 956. This is particularly true "where…the proponent of the witness's statement is in control of both the witness…and its own decision to re-try the case." *Id*. Ultimately, "[t]he defendant should not suffer the injury from the government's choice." *Id.* at 955 (citing *Mann*, 590 F.2d at 368).

In *United States v. Yida*, the defendant and a co-conspirators allegedly participated in an ecstasy smuggling operation. The co-conspirator pled guilty and served his sentence. Thereafter, the co-conspirator remained in custody due to a material witness warrant. *Yida*, 498 F.3d at 947. The co-conspirator's cooperation and testimony at the defendant's trial was a condition of his plea agreement. Id. at 958.

At the defendant's trial, the co-conspirator testified that he conspired with the defendant to import ecstasy into the United States on multiple occasions. *Id*. The government claimed that the co-conspirator was a critical witness because he corroborated other witness' testimony, presented substantial first-hand information about the defendant's role in the conspiracy that no other witnesses could provide, and testified about the origins of the conspiracy and described in detail how smuggling operations were conducted. *Id*. The co-conspirator was "thoroughly cross-examined at trial" by defense counsel. *Id*. Thereafter the jury was unable to reach a verdict and the district court declared a mistrial. *Id*. Subsequently, the government permitted the co-conspirator to be deported after it received assurances from the co-conspirator and his attorney that the co-conspirator would return to testify. *Id*. Moreover, the government also agreed to pay for the co-conspirator's airfare, hotel, food, and incidental expenses if called to testify at the retrial. *Id*. Following this the co-conspirator was deported back to his own country based on his wishes. However, the government did not notify the district court or defense counsel about the co-conspirator's release and deportation. *Id*. at 948. Thereafter the co-conspirator refused to return to the United States to testify at the defendant's trial. This refusal was despite the AUSA's efforts which included an offer to pay all expenses related to the trip and an additional offer to provide medical care. *Id*. at 948-949.

Thereafter the government filed a motion in limine seeking to admit the co-conspirator's testimony from the defendant's first trial pursuant to FRE 804(b)(1). *Id*. at 949. The government argued that the co-conspirator was unavailable under 804(a)(5) and 804(a)(4). *Id*.

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 3
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Thereafter, the district court, "in a well-reasoned memorandum and order, denied the government's motion in limine." *Id*. The district court reasoned that the dispositive issue "is not whether the Government's efforts to convince a since deported witness to return to testify were reasonable" but instead "whether the Government's decision to permit [the co-conspirator] to be deported in the *first place*, while in the custody of the Government, was a 'reasonable means' to 'procure the declarant's testimony.'" *Id*. Ultimately, regardless of the fact that the government acted in good faith when it allowed the co-conspirator to be deported, the court concluded that the government did not act reasonably. *Id*. Therefore, the district court held that the co-conspirator's testimony could not be admitted under either FRE 804(a)(4) or 804(a)(5). The government appealed.

On appeal the Ninth Circuit affirmed the district court and held that the government failed to show that the co-conspirator was "unavailable" under FRE 804(a). The Ninth Circuit reasoned that the "appropriate time frame should not be limited to the government's efforts to procure [the co-conspirator's testimony] *after* it let him be deported, but should instead include an assessment of the government's affirmative conduct which allowed [the co-conspirator] to be deported…in the first instance…." *Id* at 955-956 (emphasis theirs). The Ninth Circuit further reasoned that the government could have confiscated the co-conspirator's passport, limited his travel, and could have required him to remain in the United States until he testified at retrial. *Id*. at 959. Additionally, the court also reasoned that the government failed to exercise another option—the taking of a video recorded deposition. *Id*. The Ninth Circuit explained that a video recorded deposition would have likely been deemed reasonable for purposes of FRE 804(a) because the jury would be able to observe the co-conspirator's demeanor and avoid the possibility of the government using the transcript. *Id*. The court further found that reliance on the co-conspirator's cooperation before and during the first trial was "misplaced and unavailing." *Id*. at 958.

In *Yida*, the Ninth Circuit expressly adopted the First Circuit's approach articulated in *United States v. Mann*, for assessing the actions of the government "both before and after" a material witness is released and whether such actions complied with the reasonableness requirement of FRE 804(a)(5). *Id.* at 957. The Ninth Circuit determined that *Mann* was "strikingly similar" to the facts in *Yida*. *Id*. at 955. In *Mann*, the key witness against the

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 4
CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

defendant was an Australian citizen who was arrested while carrying cocaine with the defendant. *Id*. The defendant was charged with importing and possessing with intent to distribute. *Id*. Charges against the witness were dismissed and the prosecution took the witness's deposition. *Id*. Thereafter, the prosecution gave the witness her airplane tickets and her passport. *Id*. The witness left the county for Australia and refused to return despite the issuance of a subpoena and the State Department's efforts to secure her return. *Id*.

The trial court admitted the witness's deposition after the government assured the court that it offered to pay for the witness's travel expenses. *Id*. On appeal, the First Circuit held that the government "failed to demonstrate that the witness was unavailable" after she refused to return to testify and set aside the defendant's conviction. *Id*. The First Circuit reasoned that the inquiry into the government's efforts to produce a witness need not be limited to the narrow time frame before the trail but after the witness left the United States. *Id*. The First Circuit further reasoned that "[i]mplicit…in the duty to use reasonable means to procure the presence of an absent witness is the duty to use reasonable means to prevent a present witness from becoming absent." *Id*. The court went on to explain that where the government was able to retain the witness's passport and plane tickets to prevent the witness's departure "[t]he defendant should not suffer the injury from the government's choice." *Id*.

Here, the government claims that a witness is unavailable if the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. (Dkt. 167 at 3). This clearly is not the proper standard in light of that provided above. The fact that the government has offered to pay for travel expenses and/or has made a few phone calls is insufficient. As in *Yida* and *Mann*, Dustin Haugen was in custody before trial and the terms of his plea agreement required him to cooperate and testify against Mr. Rosenau. [1] However, later the government simply permitted Dustin Haugen to return to Canada. (Dkt. 167 at 4). [2] The trial was not over. The government knew that Mr. Haugen was a citizen and resident of a foreign county beyond the subpoena

---

[1] The government previously claimed at trial that Mr. Haugen's testimony was completely voluntary and that he could not make it to the United States for Mr. Rosenau's trial on particular days due to family issues.
[2] The government cannot claim due process concerns. See *Yida*, at 958.

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 5
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

powers of the court. (Dkt. 167 at 5). Moreover, like in the cases above, the government could have taken action, but simply chose not to. As in *Yida* and *Mann*, the government permitted Mr. Haugen's return to Canada. The government did this despite uncertainties concerning the outcome of trial.

Additionally, the government never sought to obtain a rule 15 deposition since the time a mistrial was declared. Furthermore, the government has taken no action to secure live testimony via video broadcast. The government did not issue a material witness warrant to defense counsel's knowledge. The government took no steps to limit Mr. Haugen's travel. The government had the ability to secure Mr. Haugen's presence, but chose not to. The government only now, about a week before trial, has brought this issue to the court and defense counsel's attention.[3] This failure was not "genuine and bona-fide." Moreover, any government's reliance on Mr. Haugen's cooperation was "misplaced and unavailing." This is true especially in light of the fact that Mr. Haugen has been convicted of crimes indicative of untruthful character (e.g. extortion). The government has opted for this course of action as opposed taking realistic actions to secure Mr. Haugen's presence, whether live, or via video broadcast.[4] Admission of Mr. Haugen's testimony via transcript will substantially prejudice Mr. Rosenau and have a devastating impact his right to a fair trial. See *infra*. Admission of declarations from mere transcripts is not in the interests of justice and will diminish the search for truth. Mr. Rosenau must "not suffer the injury from the government's choice." Dustin Haugen is not "unavailable" because the government chose to not act reasonably as is required pursuant to FRE 804(a) and Ninth Circuit precedent.

---

[3] This further shows that the government's course of action was a bad-faith tactic. Had defense counsel known that Dustin Haugen was not going to appear, this issue could have been addressed previously and alternative arrangements could have been explored in order to permit this evidence to be presented before the eyes of the jury. This problem was never timely communicated to defense counsel or the court in an effort to have this issue addressed in a good-faith manner.

[4] The government claims that live broadcast testimony is sufficient for constitutional purposes and has been a proponent of using such means to secure witness testimony. However, here, the government has opted to not seek such avenues to secure Dustin Haugen's testimony before the eyes of the jury. Defense counsel believes that Dustin Haugen's posture, demeanor, and evasive answers in the previous trial were critical for the jury's evaluation of his testimony. The government now seeks to avoid such evidence from being presented before the eyes of the jury.

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 6
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

## II. DUSTIN HAUGEN'S PRIOR TESTIMONY IS INADMISSIBLE PURSUANT TO THE SIXTH AMENDMENT

The Sixth Amendment of the U.S. Constitution guarantees an accused the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. It is well-established that "[t]he Sixth Amendment of the U.S. Constitution guarantees an accused the right to be confronted with the witnesses against him." *United States v. Matus-Zayas*, 655 F.3d 1092, 1101 (9th Cir. 2011) (citing *United States v. Norwood,* 603 F.3d 1063, 1068 (9th Cir.2010), *as amended* (citation and internal quotation marks omitted), *cert. denied,* ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 225, 178 L.Ed.2d 250 (2010)). Indeed, the Confrontation Clause "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1026, 108 S.Ct. 2798, 2801 (1988).

The Confrontation Clause also includes the right to effective cross examination. *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110 (1974); *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007). The Defense maintains that effective cross examination requires the witness's presence before the jury. Indeed, the Supreme Court has "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110(1974) (citing *Greene v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959)). The Ninth Circuit has clearly recognized that:

> Underlying both the constitutional principles and the rules of evidence is a preference for live testimony. Live testimony gives the jury (or other trier of fact) the opportunity to observe the demeanor of the witness while testifying. William Blackstone long ago recognized this virtue of the right to confrontation, stressing that through live testimony, "and this [procedure] only, the persons who are to decide upon the evidence have an opportunity of observing the quality, age, education, understanding, behavior, and inclinations of the witness." Transcripts of a witness's prior testimony, even when subject to prior cross-examination, do not offer any such advantage, because "all persons must appear alike, when their [testimony] is reduced to writing."

*Yida*, 498 F.3d at 950 (internal citations omitted). Indeed, "…it goes without saying that a jury's ability to measure a witness's credibility, which directly implicates the Confrontation Clause rights of the accused, is significantly enhanced if the jury can actually see the witness testifying,

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 7
CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

as opposed to merely listening to testimony read cold by a neutral individual." *Id*. at 960. The Supreme Court has further declared:

> The Clause's *central purpose*, to ensure the reliability of the evidence against a defendant by subjecting it to rigorous testing in an adversary proceeding before the trier of fact, is served by the combined effects of the elements of confrontation: physical presence, oath, cross-examination, and observation of demeanor by the trier of fact.

*Maryland v. Craig*, 497 U.S. 836, 837, 110 S. Ct. 3157, 3159 (1990) (emphasis added). Ultimately, "[j]urors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [a witness'] testimony." *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (quoting *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111). The Ninth Circuit and the Supreme Court have "emphasized the policy favoring expansive witness cross-examination in criminal trials." *Larson*, 495 F.3d at 1102 (quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000)). Effective cross examination is critical to a fair trial because "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id*. at 1102 (quoting *Davis*, 415 U.S. at 317, 94 S.Ct. at 1110).

For the above reasons the Defense objects to the admissibility and/or reading of mere transcripts. The Defense maintains that live-testimony, in court, before the jury is constitutionally required and in the interests of justice and fairness. Moreover, as mentioned above the government has made no efforts to seek a deposition of Mr. Haugen nor has it sought to secure testimony via live broadcast. [5]

### III. THE RULE OF COMPLETENESS APPLIES IF THE COURT ADMITS MR. HAUGEN'S PRIOR TESTIMONY

Although Mr. Haugen's prior testimony is not admissible under these facts, if the court admits such testimony then it is subject the rule of completeness as set forth in FRE 106.

---

[5] Generally the Ninth Circuit reviews "claims of a violation of the Confrontation Clause de novo." *United States v. Matus-Zayas,* 655 F.3d 1092, 1098 (9th Cir. 2011) (citing *United States v. Nguyen,* 565 F.3d 668, 673 (9th Cir.2009)).

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL
TESTIMONY OF DUSTIN HAUGEN
/ ROSENAU- 8
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

Defense counsel hereby gives notice that it reserves the right to require the proponent of Mr. Haugen's testimony to read any other part or any other writing or recorded statement which in fairness must be considered contemporaneously with it.  Fed. R. Evid. 106.

FURTHER, the Defense hereby renews its objection to the admission of any and all live broadcast testimony of Kip Whelpley and preserves any and all issues concerning such testimony or the issues above for appeal.

DATED this 10th day of July, 2012

Respectfully submitted,
PLATT & BUESCHER

*s/Craig Platt*_____
Craig Platt
Attorney for Defendant
WSBA #12396
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL TESTIMONY OF DUSTIN HAUGEN / ROSENAU- 9
CR06-157MJP

PLATT & BUESCHER
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323

## CERTIFICATE OF SERVICE

I hereby certify that on 7/10/2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the Government.

*s/Connor Tasoff*
Connor Tasoff
Legal Secretary
P.O. Box 727
Coupeville, Washington 98239-0727
Telephone: (360) 678-6777
Fax: (360) 678-0323
Email: craig@plattbuescher.com

OBJECTION TO ADMISSIBILITY OF PRIOR TRIAL TESTIMONY OF DUSTIN HAUGEN / ROSENAU- 10
CR06-157MJP

**PLATT & BUESCHER**
Attorneys at Law
P.O. Box 727
Coupeville, WA 98239-0727
Phone: (360) 678-6777
Fax: (360) 678-0323