Chief Judge Marsha J. Pechman

06-CR-00157-BOND

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY C. ROSENAU,<br><br>    Defendant. | No. CR06-157MJP<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Susan M. Roe and Marc Perez, Assistant United States Attorneys for said District, and Defendant, Henry C. Rosenau, and his attorney, Craig Platt, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1.     The Charges.** The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to Count 1 as contained in the Superseding Indictment, that is, to Conspiracy to Import Marijuana, but to a lesser quantity of at least 100 kg of marijuana, in violation of Title 21, United States Code, Sections 952, 960(a)(1) and (b)(2) and 963. By entering this plea of guilty, the defendant hereby waives all objections to the form of the charging document. He further understands that before entering his

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

plea of guilty, he will be placed under oath. Any statement given by the defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of Conspiracy to Import Marijuana, as charged in Count 1, in violation of Title 21, United States Code, Sections 952, 960(a)(1) and (b)(2) and 963 are:

(1) That there was an agreement between two or more people to commit the acts that constitute a crime, that is, to import marijuana from Canada into the United States; and,

(2) That the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

3. **The Penalties.** The defendant understands that the statutory penalties for the offense are imprisonment of not less than five (5) years and not more than forty (40) years, a fine of up to five million dollars ($5,000,000), a period of supervision following release from prison of at least four (4) years, and a special assessment of one hundred dollars ($100). The defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant further understands that, in order to invoke the statutory sentence set forth above, the United States must prove beyond a reasonable doubt that the offense involved 100 kilograms or more of marijuana. Defendant waives Defendant's right to require the United States to make this proof at trial and stipulates that this plea of guilty includes Defendant's acknowledgment that the offense involved 100 kilograms or more of marijuana.

The defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. The defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in him serving a total term of imprisonment greater than the statutory maximum stated above.

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil, judicial, or administrative process.

The defendant understands that, as a non-citizen of the United States, entering a guilty plea may have consequences regarding his immigration status. Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject the him to automatic deportation and removal from the United States. *See* 8 U.S.C. § 1227(a)(2). The defendant affirms that he has been advised of the potential immigration consequences that may result from the entry of the guilty plea contemplated by this agreement and is prepared to proceed with his guilty plea regardless of any immigration consequences that may result from guilty plea, even if such consequences include automatic deportation and removal from the United States.

The defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** The defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a jury of his peers;
   c. The right to the effective assistance of counsel at trial, and, if he could not afford an attorney, the right to have the Court appoint an attorney for him;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against him at trial;
   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

      g.    The right to testify or to remain silent at trial and his silence could not be used against him at trial; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

**5.**    **United States Sentencing Guidelines.** The defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, he understands and acknowledges that:

      a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

      b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.    The defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

6. **Ultimate Sentence.** The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts.** The parties agree on the following facts. The defendant admits he is guilty of the charged offense.

In the five years leading up to and including September 21, 2005, Henry C. Rosenau was involved with other Canadian marijuana growers, dealers and transporters in bringing marijuana into the United States for distribution here. Rosenau was important because he was an experienced helicopter pilot who could fly people and marijuana across the United States - Canadian border. Rosenau owned, possessed, controlled or flew different helicopters during this time period, including a Robinson R-44 helicopter, tail identifier C-FRKM, a Bell 206 Jet Ranger, tail identifier C-FALQ, and a Robinson R-44, tail identifier CF-NMM.

During his dozens of flights, Rosenau flew thousands of pounds of marijuana from Canada into the United States, delivering hockey bags, full of marijuana, to loading sites in Central and Eastern Washington, Idaho and Montana. During some flights the hockey bags were slung by long line below the helicopter; on other flights the hockey bags were strapped to the helicopter skids. A fraction of the marijuana loads smuggled by this group was seized by United States law enforcement, including a 485 pound load on June 9, 2005, a 500 pound load on August 4, 2005 and a 1,100 pound load on September 21, 2005.

As Rosenau landed the helicopter at the conclusion of his September 21, 2005 flight, R.C.M.P. officers contacted him. In the helicopter cockpit, Rosenau had a loaded handgun, night vision goggles, two satellite telephones, and a GPS device with known landing sites used by the marijuana traffickers.

Rosenau flew several people from Canada into the United States so that they could perform work for the marijuana conspiracy. The workers crossed the border without inspection and stayed in the United States for extended periods of time. They were paid to receive the marijuana deliveries, off-load the bags from the helicopters at remote or rural locations, and drive the marijuana loads to Seattle, Tacoma, and other cities near interstate freeways. Rosenau

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  also assisted by flying some of the workers back into Canada as the need arose. The workers
2  Rosenau flew across the international border include convicted co-conspirators Braydon
3  Miraback, Zachary Miraback, Kip Whelpley, Brian Fews, ~~Trevor Schouten~~ and Schouten, Dustin Haugen,
4  ~~Birgis Brooks, Jonathan Senecal, Alexander Swanson, John Sanders, Stacy Hinckley and~~ David
5  ~~Mendoza~~.

6  Many of the marijuana loads were brought by the conspirators into the Western District of
7  Washington for distribution. The seized loads were analyzed and confirmed to be marijuana.

8. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of at least Level 30, corresponding to at least 945 kg of marijuana that was seized as discussed above, pursuant to USSG § 2D1.1(c), but the parties each reserve the right to argue for or against additional relevant conduct as defined in USSG 1B1.3 that, if found by the Court, could result in an increase in the defendant's base offense level; and

   b. A two-level reduction for Acceptance of Responsibility, if Defendant fulfills his obligations as set forth in USSG § 3E1.1(a), as outlined below.

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. In so doing, the parties are not limited to just the facts included in this Plea Agreement. Defendant understands that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

Defendant agrees to dismiss, and agrees not to file at a later time, any lawsuit(s) in courts in Canada or the United States against law enforcement officers or prosecutors stemming from this case and his extradition. Defendant agrees such suits are frivolous, and agrees to take all steps necessary and ensure that all such suits that already have been filed are finally dismissed prior to sentencing on this matter.

The United States agrees to take no position with regard to any request by Defendant for a treaty transfer made pursuant to a valid treaty with Canada.

10. **Acceptance of Responsibility.** The United States acknowledges that if the defendant qualifies for an acceptance of responsibility adjustment by clearly demonstrating his acceptance of responsibility for his offense, his total offense level should be decreased by two (2) levels, pursuant to USSG § 3E1.1(a).

11. **Breach, Waiver, and Post-Plea Conduct.** The defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and that the defendant may be prosecuted for all offenses for which the United States has evidence. The defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. The defendant also agrees that if he is in breach of this Plea Agreement, the defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

The defendant further understands that if, after the date of this Agreement, he should engage in illegal conduct, or conduct that is in violation of his conditions of confinement or

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against the defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

**12. Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, the defendant waives to the full extent of the law:

    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b.    any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude the defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If the defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute him for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**13. Voluntariness of Plea.** The defendant agrees that the defendant has entered into

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  this Plea Agreement freely and voluntarily and that no threats or promises, other than the
2  promises contained in this Plea Agreement, were made to induce him to enter of guilty.

3  **14. Statute of Limitations.** In the event this Agreement is not accepted by the Court
4  for any reason, or if the defendant has breached any of the terms of this Plea Agreement, the
5  statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:
6  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or
7  (2) thirty (30) days following the date on which a breach of the Plea Agreement by the defendant
8  is discovered by the United States Attorney's Office.

9  **15. Completeness of Agreement.** The United States and the defendant acknowledge
10 that these terms constitute the entire Plea Agreement between the parties. This Agreement binds
11 only the United States Attorney's Office for the Western District of Washington. It does not
12 bind any other United States Attorney's Office or any other office or agency of the
13 United States, or any state or local prosecutor.

14 Dated this 11th day of July, 2012.

HENRY C. ROSENAU
Defendant

CRAIG PLATT
Attorney for the Defendant

SARAH Y. VOGEL
Assistant United States Attorney

SUSAN M. ROE
Assistant United States Attorney

MARC PEREZ
Assistant United States Attorney

PLEA AGREEMENT/ROSENAU
CR06-109MJP - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970