# ATTACHMENT 6

**Roe, Susan (USANAC)**

| | |
|---|---|
| **From:** | Roe, Susan (USAWAW) |
| **Sent:** | Tuesday, August 07, 2012 7:30 PM |
| **To:** | Craig Platt |
| **Subject:** | RE: Rosenau |

Craig,

I am concerned that Mr. Rosenau does not understand the basics of a 5K proffer. He is promised nothing before or during the proffer *(please see paragraph 3, Letter of August 7th)*. I'm sure you understand that I can neither undermine our written agreement, memorialized in the August 7th letter, nor mislead him with an illusory promise to consider a sentence recommendation.

Without a basis for assessing real danger to Mr. Rosenau, we acknowledge that fear is something cooperating defendants face. It is a defendant's decision whether to cooperate and sometimes we learn that a perception of danger overrides a desire to cooperate.

I will let you know when I have a date, time and location confirmed.

Susan


**From:** Craig Platt
**Sent:** Tuesday, August 07, 2012 9:16 AM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: Rosenau

1. Haugen

Mr. Rosenau feels that the sentence Mr. Haugen received, which included credit for time he was on release in Canada and credit for all time he served in the U.S. is appropriate for his case and has asked me to ask you if you would consider such a recommendation if he provides decent information to you.

2. Danger

Mr. Rosenau's fear is based on his prior knowledge of these individuals, including the testimony Whelpley gave regarding having a gun held to his head. This is the basis for his concern.

3. Proffer

I am meeting with Mr. Rosenau to review the proffer procedure again tomorrow. Please let me know if you have any additional input on these or other issues. I assume we will not be meeting in the main visitor area, which we appreciate and which will facilitate the process. In addition, the language you added on perjury is acceptable as it addresses what I was concerned about.

With respect to extradition issues, I am familiar with the Rule of Specialty and we did file a motion on that last fall, but wanted to make sure where we stood on that.

Thank you once again for your assistance with this matter. Please let me know when it will be convenient to meet with Mr. Rosenau next week.

1

**Roe, Susan (USANAC)**

| | |
|---|---|
| **From:** | Roe, Susan (USAWAW) |
| **Sent:** | Monday, August 06, 2012 2:52 PM |
| **To:** | Craig Platt |
| **Subject:** | RE: Rosenau |
| **Attachments:** | 5K Proffer Aug 7 Letter.pdf |

I will add that the government will not use his proffer in a prosecution for perjury. (see new sentence in paragraph 4). I can't say "in any further prosecution of defendant" because we have reserved the right to pursue leads and investigate other crimes. Craig, your client may have some protection under the terms of his extradition, since he was extradited for prosecution only on that Indictment. Often the US is prohibited from adding new charges or prosecuting extradites on additional criminal conduct **unless**, of course, the new crime occurs after the extradition. This new sentence would give him immunity from perjury (which occurred after he arrived in US). Presumably his other criminal conduct occurred while he was still in Canada.

If he still wishes to attempt a 5K, I will try to arrange a proffer at the courthouse. Are you available early next week? Let me know.

---

**From:** Craig Platt
**Sent:** Friday, August 03, 2012 8:53 AM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: Rosenau

Sorry, I meant to delete that language, but I was in a bit of a rush to get something out. Look, the bottom line is that I need something saying that you won't prosecute him for perjury if he comes clean and gives you information. He has solid info, relating to two people who are senior to him. I just don't want him to set himself up for perjury charge by cooperating. That's it. This is an unusual situation, obviously, so some latitude would be much appreciated and I don't feel it would violate the sacred rules on never doing anything that isn't boiler plate. It is a *small* modification.

If we simply include the language below in Paragraph Four, it should suffice:

> *The government agrees that it will not make use of any statements made by defendant during the period of post-plea cooperation in any further prosecution of defendant, subject to the terms contained herein.*

Since Mr. Westinghouse is involved in this process somewhat, please run this by him. I suspect he wouldn't have a problem with this language.

Thanks very much and have a nice weekend. Let me know the status of when and where we are going to do this as I need some advance notice.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

1

Craig Platt
Attorney at Law
**PLATT & BUESCHER**
P.O. Box 727
Coupeville, WA 98239
360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Aug 3, 2012, at 8:43 PM, Roe, Susan (USAWAW) wrote:

I am puzzled by his reference to Mr. Haugen.

I have insufficient information regarding danger. I note it is a factor defendants often tell us they weigh when they decide whether to proffer.

**From:** Craig Platt
**Sent:** Friday, August 03, 2012 01:06 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Re: Rosenau

I have spoken further with Mr. Rosenau and he has instructed me to tell you that he is interested in obtaining a resolution similar to the one obtained by Dustin Haugen. In addition he has indicated that he will need protection from the individuals he will be telling you about during the proffer, as he fears that they would try to kill him for cooperating.

Please let me know your response to his concerns.

Thanks very much.

Craig Platt
Attorney at Law
**PLATT & BUESCHER**
P.O. Box 727
Coupeville, WA 98239
360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Aug 2, 2012, at 4:08 PM, Roe, Susan (USAWAW) wrote:

Well, cooperation is not in your client's plea agreement so this is not in compliance with it.
Perhaps you can tell me where this came from and I can look at that document. But please know that we are unlikely to modify the letter.

**From:** Craig Platt
**Sent:** Thursday, August 02, 2012 04:00 PM
**To:** Roe, Susan (USAWAW)
**Cc:** 'Jennifer.Hinckley                              'Jesse.Miller
**Subject:** Re: Rosenau

That's fine. When are you back in town? I had a question about the proffer statement too. I know you don't normally modify those, but I would like something more in there about not using it for a future charge.

Maybe something like this:

*The government agrees that, if defendant fully complies with this plea agreement, it will not make use of any statements made by defendant during the period of post-plea cooperation in any further prosecution of defendant for any offense, or in defendant's sentencing as provided in U.S.S.G. § 1B1.8. If defendant does not fully comply with this plea agreement, all statements made by defendant before, during and after this plea agreement, and any leads or evidence derived from such statements can be used against defendant and are admissible in court.*

I just don't want him to help you out with information and have that turn into a perjury charge.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

P.O. Box 727

Coupeville, WA 98239

360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Aug 2, 2012, at 6:04 AM, Roe, Susan (USAWAW) wrote:

I am looking at whether it can be held elsewhere but it will entail changing the day.

3

**From:** Craig Platt
**Sent:** Wednesday, August 01, 2012 12:21 PM
**To:** Roe, Susan (USAWAW)
**Cc:** 'Jennifer.Hinckley  'Jesse.Miller
**Subject:** Re: Rosenau

Thank you. Is this the only location where we can meet? The timing is not a problem, but if there is any way to meet where all the other inmates won't be able to watch us that would be helpful for a variety of reasons. I am sure you can understand. The proffers I have done in the past have always been conducted in offices, etc, away from prying eyes.

Thanks very much.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

P.O. Box 727

Coupeville, WA 98239

360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Aug 1, 2012, at 5:13 AM, Roe, Susan (USAWAW) wrote:

Craig,
    Although I am able to access email I am having some difficulty accessing my documents, including the proffer letter. I hope to have it to you today.
    Let's start this early Thursday before the visiting room gets too crowded. Craig, sometimes defense attorneys arrive early (9 or before) so that the client is brought down and they have staked out a room. That way, we can start promptly when we arrive. Agents, can you be at the FDC by 9:30 on Thursday? I will meet you there anytime 9:20 and after. Since there will be 5 of us, the end room or the children's room is preferable.
    Mr. Rosenau should be ready to talk freely about any ongoing activity, as well as the activities during the past few years. One aim is to determine whether there is any investigation or prosecution in which he can assist. He should also be prepared to disgorge his own activities, since he hopes to be a government witness & we have to have a full picture of his conduct.
I expect we will have pictures to show him.
    Thank you.
Susan

**From:** Craig Platt
**Sent:** Tuesday, July 31, 2012 4:06 PM
**To:** Hinckley, Jennifer E
**Cc:** Roe, Susan (USAWAW); 'Jennifer.Hinckley  'Jesse.Miller
**Subject:** Re: Rosenau

4

We checked, and the family visiting day is Friday. Therefore, Thursday, August 9th appears to be the best option. Please let me know the arrangements, where we need to meet, and whether you have any input, suggestions or requests regarding topics we discuss beforehand.

Thanks very much.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

P.O. Box 727

Coupeville, WA 98239

360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Jul 31, 2012, at 7:28 AM, Hinckley, Jennifer E wrote:

I am good with either day. Thanks.
Jenni

**From:** Roe, Susan (USAWAW)
**Sent:** Tuesday, July 31, 2012 07:37 AM
**To:** 'craig⬛⬛⬛' <craig⬛⬛⬛ 'Jennifer.Hinckley⬛⬛⬛ <Jesse.Miller⬛⬛⬛
**Subject:** Re: Rosenau

Yes. I am out of town this week but will send you a proffer letter by end of today.
I suggest next Thursday or Friday morning, whichever is NOT a family visit day. Will that be acceptable to all of you?if so, please confirm which day.
Susan

**From:** Craig Platt
**Sent:** Monday, July 30, 2012 06:32 PM
**To:** Roe, Susan (USAWAW)
**Cc:** Jesse.Miller⬛⬛⬛  jennifer.hinckley⬛⬛⬛
**Subject:** Re: Rosenau

I wanted to follow up on when we can arrange to meet with Mr. Rosenau. Please let me know good dates that you can meet next week. Also, if you have a proffer letter for me to review with him in advance that would be much appreciated.

5

Thanks very much.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

P.O. Box 727

Coupeville, WA 98239

360-678-6777

This is a private and confidential communication for the sole viewing and use of the intended recipient. It is intended to constitute an electronic communication within the meaning of the Electronic Communications Act, 18 USC 2510. Any review or distribution to other recipients is not intended and does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution to other recipients is strictly prohibited. If you are not the intended recipient of this communication please contact the sender by return electronic mail and delete and destroy all copies of this communication.

On Jul 23, 2012, at 12:02 PM, Roe, Susan (USAWAW) wrote:

Craig,

I understand Mr. Rosenau wishes to proffer in hopes of benefitting from a 5K (Substantial Assistance Motion).  Is he ready now or do you think more time would be helpful to prepare him?

Please suggest some dates convenient to you and I will coordinate with the agents.  This likely will take place at the FDC.

Susan

**Roe, Susan (USANAC)**

**From:** Roe, Susan (USAWAW)
**Sent:** Wednesday, August 15, 2012 12:21 PM
**To:** Craig Platt
**Subject:** RE: Proffer

Hello

1. I have forwarded your prior message to RCMP for consideration re: what assurances they will give your client. I cannot bind RCMP.
2. Mr. Rosenau should expect to talk about everyone, anyone and everything. He may not pick and choose. The failure to fully disclose on any issue or person negates the possibility of a 5K motion.
3. No. The only other room at FDC is (1) rarely available, (2) too small, and (3) also known to inmates. I continue to be puzzled that Mr. Rosenau's concern that his proffer becomes public. A 5K Substantial Assistance Motion anticipates not only a full and helpful proffer which is produced to other defendants, but his GJ and trial testimony. As he might realize from Mr. Whelpley's experience, 5K assistance becomes well-known among criminals and co-defendants. He should assume it will become known both in the U.S. and in Canada.
4. I don't know if the sentencing date needs to be continued. The Court generally frowns on such.

Please let me know if Mr. Rosenau really wants to try a 5K proffer. I understand if he chooses not to but would appreciate advance notice if possible.

Thank you.

**From:** Craig Platt
**Sent:** Tuesday, August 14, 2012 1:00 PM
**To:** Roe, Susan (USAWAW)
**Subject:** Proffer

Two things:

1. Henry Rosenau is freaking out that people in FDC will know that he is going to proffer if he goes up to the Courthouse on Tuesday. Is it possible to do it at FDC, but not in the regular visiting room?

2. Does it make sense to attempt to continue the sentencing date, given the logistics? I know the PSR writer would be fine with that. He is jammed up. Obviously it is not guaranteed that the request would be granted but it might be worth a try. Please let me know your thoughts on that.

Thanks again.

Craig Platt

Attorney at Law

**PLATT & BUESCHER**

P.O. Box 727

Coupeville, WA 98239

360-678-6777

1