ATTACHMENT 7

| | |
|---|---|
| **From:** | Roe, Susan (USAWAW) |
| **Sent:** | Wednesday, September 19, 2012 9:25 PM |
| **To:** | Craig Platt (craig@craigplatt.com); Craig Platt (craig@plattbuescher.com) |
| **Cc:** | Perez, Marc (USAWAW); jennifer.hinckley@dhs.gov; Jesse.Miller@dhs.gov |
| **Subject:** | Mr. Rosenau's renewed intereset in Proffering |

Craig,

Today you called and relayed that Mr. Rosenau suggested he has changed his mind and now would consider making a proffer to the government in hopes of substantially assisting us in the prosecution or investigation of other criminals, pursuant to USSG Section 5K1.1. You also said that he had information about two people previously discussed as well as two others.

1. The government previously said that it would not consider using Mr. Rosenau as a witness. That has not changed based on his lying trial testimony. He is valueless as an actual witness; additionally the government will view all of his claims with a jaundiced eye.

2. Since he cannot be a witness, his only route to substantial assistance would be to "timely" provide truthful, complete and reliable information. As to Timeliness: The government has had serious concerns that any of Mr. Rosenau's information could significantly assist the investigating authorities based on the age and staleness of his information. It appears likely that his information would be beyond the statute of limitations. Mr. Rosenau had several opportunities over the years to provide timely information and he elected not to take advantage of those. As to Truthful, Complete and Reliable: Mr. Rosenau has an impossible task to convince the government he could be truthful, complete or reliable. To be believed, he would have to provide specific and concrete facts with convincing accompanying independent corroboration.

3. The two new names were Joe Curry and Colin Martin. As is public information, Joe Curry was extradited from Canada and currently is serving a lengthy federal sentence in the United States. Curry already has been prosecuted on the crimes for which he was extradited, so obviously Mr. Rosenau's information could not be significant or useful in the investigation or prosecution of Joe Curry. As has been well-publicized in Canada, Colin Martin was arrested and currently is facing a request from the United States for his extradition here. The extradition pleadings are complete at this time and Mr. Rosenau's information would not be useful or significant as the U.S. does not wish to interrupt the extradition process by amending the request, if the conduct was within the statute of limitations.

4. You mentioned that Mr. Rosenau wanted assurances regarding his safety if he were to proffer or cooperate. Cooperators must expect that their cooperation will become public. While some witnesses do experience retaliation for their assistance -- as he knows from harassing witnesses in this case --other witnesses do not. We cannot give any such assurances.

5. Lastly, we have gone down this road before with Mr. Rosenau. You have posed and we have answered many of these same questions in several emails. We made arrangements to interview Mr. Rosenau at the FDC and he objected. We then made arrangements to bring Mr. Rosenau to the courthouse for the interview and, shortly before, he cancelled it. We are unconvinced that the circumstances have changed.

Absent a clear showing that Mr. Rosenau is serious, that his information is truthful, complete and reliable, that it is recent enough to be useful, that it is regarding people and conduct yet uncharged, that it is independently corroborated, and that Mr. Rosenau is willing to assume the risk of being a cooperator, the government will not make arrangements to listen to his proffer.

Thank you
Susan